UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DARRIN YOUNG, Chief Warden SDDOC Prisons, individual and official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Mangaer MDSP, individual and official capacity; LT. MADDOX, Lieutenant MDSP, individual and official capacity; D. EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; JARED, CBM/SUMMIT SITE MANAGER MDSP, individual and official capacity; KELLY, CBM/SUMMIT FOOD SERVICES WORKER MDSP, individual and official capacity; MARLIN C. SEJONHA, JR., Summit President & CEO, individual and official capacity; JOHN TRIEWEILER, Summit District Manager, individual and official capacity; KEVIN TRIERWEILER, Site Manager Jameson, individual and official capacity; PAMELA THOMAS, Executive Chef, Summit | 4:20-CV-04083-LLP<br><br>1915A SCREENING ORDER |

| | |
|---|---|
| Corrections, individual and official capacity; NAOMI MCLAUGHLIN, Summit Director of Marketing, individual and official capacity; JEFF GREEN, Summit Business Development Director, individual and official capacity; UNNAMED SUMMIT LICENSED DIETITIAN(S), individual and official capacity; DIETARY ASSISTANTS, individual and official capacity; DIRECTORS OF OPERATIONS, individual and official capacity; DISTRICT MANAGERS, individual and official capacity; FOOD SERVICE DIRECTORS, individual and official capacity; ASSISTANT FOOD SERVICE DIRECTORS, individual and official capacity; FOOD SERVICE WORKERS, individual and official capacity; JUSTIN BARTHEL, Director of Dietary Summit, individual and official capacity; SHANE SEJNOHA, Summit VP of Operations, individual and official capacity; SHARON REIMANN, Mailroom Officer/ SDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; DR. MARY CARPENTER, Medical Director for Correction Health, individual and official capacity; DR. SULTANA, SDDOC Provider, individual and official capacity; AMBER GITCHEL, Medical Scheduling, individual and official capacity; DR. KARISSA ZIMMER, SDDOC Provider, individual and official capacity; RACHEL DEPREE, Medical Supervisor, individual and official capacity; and DENNY KAEMINGK, South Dakota Secretary of Corrections, individual and official capacity;<br><br>                    Defendants. | |

Plaintiff, Mark Christians, an inmate at Jameson Annex, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Christians' motion to proceed in forma pauperis. Docs. 2, 18. Christians moved to amend his complaint, and the Court denied the motion and ordered Christians file his amended complaint in proper form. Docs. 19, 20. Christians has

2

now filed his amended complaint in proper form. Doc. 26. Christians also filed motions to appoint counsel. Docs. 4, 20. This Court must now screen Christians' amended complaint.

I.      1915A Screening

   A.      Factual Background

Christians claims that all defendants violated his Eighth Amendment rights because they were deliberately indifferent to Christians' nutritional needs. Doc. 26 ¶ 145. In March of 2017, Christians claims that he weighed 310 pounds. *Id.* ¶ 36. In March of 2018, Christians weighed 254 pounds. *Id.* In August of 2018, Christians claims that he lost an additional 30 pounds. *Id.* Christians alleges that his weight loss was due to a "prolonged calorie deficit and inadequate nutrition" during his incarceration in South Dakota Department of Corrections (SDDOC) facilities. *Id.* ¶ 38. Christians claims that his diet consists of 1750 calories per day, but his total recommended calories per day is 3000. *Id.* ¶ 40. Christians claims that CBM's meals only provide Christians with 60% of his recommended daily calories. *Id.* Christians also alleges that the majority of his calories come from high glycemic carbohydrates. *Id.* ¶ 41.

Christians alleges that the food provided at SDDOC facilities have the following issues: low in fiber; shortage of daily calories and imbalanced macro-nutrient count; no fresh fruits and vegetables; food is not prepared properly; meals do not reflect dietary guidelines for Americans; low quality of food; no variety in food; and failure to provide adequate portion sizes. *Id.* ¶¶ 50, 54, 58-59, 71, 98, 100, 101, 110, 116, 117, 125. Christians also claims that the kitchen has unsanitary conditions during food preparation. *Id.* ¶¶ 53, 125. Christians alleges that there is a lack of training of the inmate kitchen workers. *Id.* ¶¶ 109, 125. Christians has tried to address his concerns informally and through the prison grievance process but to no avail. *See id.* ¶¶ 55-67, 69-111, 115-19.

Christians claims that this poor diet has caused him excessive weight loss, loss of muscle and strength, fainting spells, dehydration, severe fatigue, mental anguish, insomnia, cholesterol issues, chest pain, and frequent bowel movements and urination. *Id.* ¶¶ 43, 53-54. Christians has attended medical sick calls to address these issues. *Id.* ¶¶ 44, 52, 64, 68. Christians alleges that medical staff prescribed him a fiber supplement and cholesterol medicine. *Id.* ¶ 54.

Next, Christians claims that Dr. Mary Carpenter, Dr. Shamin Sultana, Dr. Karissa Zimmer, Amber Gitchel, and Rachel Depree were deliberately indifferent to Christians' medical needs. *Id.* ¶ 146. In February of 2019, Christians injured his neck. *Id.* ¶ 128. A couple of weeks after his injury, his upper left arm had atrophied by 2-3 inches. *Id.* Christians complained to medical staff at Mike Durfee State Prison (MDSP) about his medical condition. *Id.* Dr. Zimmer put Christians in physical therapy for two months, instead of ordering x-rays or an MRI. *Id.* Christians experienced numbness and severe pain through his shoulder, back, and arm. *Id.* He also experienced weakness on the left side of his body. *Id.* These symptoms continued through physical therapy and Christians alleges that there was no change at the end. *Id.*

On August 15, 2019, Christians had a neurodiagnostic test (EMG). *Id.* ¶ 129. The test revealed that Christians had "significant chronic and active left C6-C7 radiculopathy and probably C5-C6 radiculopathy in his neck." *Id.* Christians claims that Dr. Zimmer stated that if his condition was not corrected by surgery, it would become permanent. *Id.* After six months of pain, Christians alleges that Dr. Zimmer put him on Gabapentin, which relieved some of his pain but did not help his other ailments like loss of strength and muscles. *Id.* In September of 2020, Dr. Sultana had Christians have an MRI. *Id.* ¶ 130. On November 15, 2019, Dr. Sultana ordered a cervical epidural injection against Christians' wishes. *Id.* ¶ 131. Christians claims there was no

4

improvement to his pain or ailment. *Id.* Dr. Sultana also ordered Christians complete physical therapy. *Id.* ¶ 132. Christians claims that it did not help. *Id.*

Christians received the surgery one and a half years after his original injury. *Id.* ¶ 133. Christians claims that the delay resulted in permanent damage. *Id.* He alleges that he has limited use of the left side of his upper body, weakness, and severe atrophy. *Id.* Christians claims that Dr. Carpenter is responsible for decisions regarding treatment and her failure to treat him earlier resulted in permanent injury. *Id.* ¶ 134. He alleges that her denial of earlier MRI testing, EMG testing, and surgery shows her deliberate indifference to his medical needs. *Id.* Christians also claims that Gitchel and Depree caused delay in his treatment because they are responsible for making and scheduling his tests and surgery. *Id.* ¶ 135.

Christians also alleges that Denny Kaemingk, Warden Darin Young, Sharon Reimann, and Craig Mousel violated Christians' First Amendment rights. *Id.* ¶ 147. A friend of Christians' purchased a book for Christians to learn the art of pastel painting. *Id.* ¶ 136. In June of 2020, Christians received a rejection of mail notice regarding his art instruction book, *Encyclopedia of Pastel Techniques*. *Id.* ¶ 137. The book was rejected due to nudity. *Id.* Mousel signed the rejection notice. *Id.* Christians claims that Mousel and Reimann determine which items are rejected. *Id.* Christians contends that his book should not have been rejected and should be given to him. *Id.* ¶ 139. Christians claims that Warden Young rejected his Request for Administrative Remedy form because an appeal and motion to stay was filed in *Sisney v. Kaemingk*.[1] *Id.* ¶ 138.

---

[1] This Court granted summary judgment in favor of a pro se prisoner plaintiff on some of his First Amendment claims in *Sisney v. Kaemingk*, 4:15-cv-04069-LLP, Doc. 166 (D.S.D. June 29, 2020). Defendants appealed the decision and moved for a stay. *Id.*, Docs. 170, 175 (D.S.D. July 17, 2020). This Court denied the motion to stay. *Id.*, Doc. 184 (D.S.D. Aug. 10, 2020). Based on this Court's review of appellate docket, the United States Court of Appeals for the Eighth Circuit also denied defendants' motion for a stay pending appeal. *Sisney v. Kaemingk*, No. 20-2460, Doc. 4950039

Lastly, Christians claims that Young, Troy Pronto, Jessica Cook, UM Hanson, Hughes, UC Ekeren, and Mousel violated Christians' due process rights under the Fourteenth Amendment. *Id.* ¶ 148. In September of 2019, Christians was transferred from MDSP to Jameson Annex. *Id.* ¶ 140. When Christians' property was returned to him, he was missing items, specifically a bandana. *Id.* Christians submitted several kites and had meetings with Ekeren and Hanson. *Id.* ¶ 141. Christians alleges that Ekeren and Hanson refused to help Christians and even denied him access to the prison's grievance process. *Id.* Christians has also submitted kites and grievance forms to and had conversations about the missing property with Cook, Young, Ekeren, Hughes, Pronto, and Hanson. *Id.* ¶ 142. As of the date of Christians' amended complaint, his bandana has yet to be returned or replaced. *Id.* Christians contends that all of these individuals agree that he should receive his property, but they have not taken action to return such property to him. *Id.*

### B.     Legal Background and Analysis

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

---

(8th Cir. Aug. 27, 2020). Therefore, there is no order staying this Court's decision in *Sisney v. Kaemingk*, 4:15-cv-04069-LLP, Doc. 166.

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

      **1.    Official Capacity Claims**

Christians' amended complaint names defendants in their individual and official capacities. Doc. 26 ¶ 35. Christians sues Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hanson, Hughes, Christensen, Maddox, Ekeren, Eilers, Stratman, Stevens, Reimann, Mousel, Kaemingk, Dr. Carpenter, Gitchel, Depree, Dr. Zimmer, and Dr. Sultana. *Id.* ¶¶ 4-17, 29-34. These defendants are listed as employees of the SDDOC. *Id.* Christians also sues the following CBM/Summit Food Services employees: Jared (last name unknown), Kelly (last name unknown), Marlon Sejnoha, Jr., Justin Barthel, Shane Sejnoha, Kevin Trierweiler, John Trierweiler, Pamela Thomas, Naomi McLaughlin, Jeff Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed directors of operations, unnamed assistant food service

7

director, and unnamed food service workers. *Id.* ¶¶ 18-27.[2] The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Christians seeks monetary damages from defendants. Doc. 26 ¶¶ 152-55. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Will*, 491 U.S. at 71. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009).

Because the state of South Dakota has not waived its sovereign immunity and because Christians seeks monetary damages, all claims against defendants Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hanson, Hughes, Christensen, Maddox, Ekeren, Eilers, Stratman, Stevens, Reimann, Mousel, Kaemingk, Dr. Carpenter, Gitchel, Depree, Dr. Zimmer, Dr. Sultana, Jared (last name unknown), Kelly (last name unknown), Sejnoha, Jr., Barthel, Sejnoha, K. Trierweiler, J. Trierweiler, Thomas, McLaughlin, Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed Directors of Operations, unnamed assistant food service director, and unnamed food service workers in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). However, Christians' claims against defendants in their official capacities for injunctive relief at this point should remain.

---

[2] This Court has held that CBM defendants and its employees are considered to be state actors. *See Brakeall v. Stanwick-Klemik*, No. 4:17-CV-04101-LLP, 2020 WL 1169218, at *3 (D.S.D. Mar. 11, 2020); *Shaw v. Kaemingk*, 2019 WL 1388630, at *4-5 (D.S.D. Mar. 27, 2019).

### 2. Individual Capacity Claims

#### a. Eighth Amendment

##### i. Food

Christians alleges that Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hanson, Hughes, Christensen, Maddox, Ekeren, Eilers, Stratman, Stevens, Reimann, Mousel, Kaemingk, Dr. Carpenter, Gitchel, Depree, Dr. Zimmer, Dr. Sultana, Jared (last name unknown), Kelly (last name unknown), Marlon Sejnoha, Jr., Barthel, Sejnoha, K. Trierweiler, J. Trierweiler, Thomas, McLaughlin, Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed directors of operations, unnamed assistant food service director, and unnamed food service workers violated Christians' Eighth Amendment rights by failing to provide a diet to inmates that is nutritious and will maintain inmates in good health. Doc. 26 ¶¶ 4-34, 126-27, 145.

The Due Process Clause of the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment require prisoners to be provided with nutritionally adequate meals to maintain health. *See, e.g.*, *Cody v. CBM Corr. Food Servs.*, 250 F. App'x 763, 765 (8th Cir. 2007); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980). "Merely because the food is not prepared to an inmate's taste or the fact that an inmate would prefer other foods does not implicate the Constitution. Rather, the Constitution is only violated if the food provided is inadequate to maintain good health." *Jones v. Allen*, 2007 WL 2725218, *4 (W.D. Ark. September 18, 2007) (citing *Burgin v. Nix*, 899 F.2d 733, 734-35 (8th Cir. 1990); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Additionally, food must be prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).

Here, Christians contends that defendants do not serve food nutritionally adequate to maintain his health. Doc. 26 ¶ 145. In fact, Christians contends that medical professionals have attributed his extreme weight loss and medical conditions to the food service at SDDOC facilities. *Id.* ¶¶ 38, 43, 53-54. Christians indicated that his health is endangered because of the lack of nutrients, calories, and small portion sizes. *Id.* ¶¶ 38, 40, 125. Christians alleges that defendants fail to follow standard food safety and nutritional guidelines. *Id.* ¶¶ 53, 101, 125. Christians further alleges that the food contains excessive carbohydrates but lacks protein and key nutrients. *Id.* ¶¶ 41, 125. Christians alleges that the SDDOC and CBM are aware of the dietary issues with CBM's food because he has submitted numerous grievances regarding these issues. *Id.* ¶¶ 55-67, 69-111, 115-19.

Christians brings this claim against all defendants. *See id.* ¶ 145. In the facts supporting this claim, Christians specifically names Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hughes, Christensen, Maddox, Ekeren, Hansonm Eilers, Stratman, Stevens, Jared (last name unknown), Kelly (last name unknown), Sejnoha, Jr., Barthel, Sejnoha, K. Trierweiler, J. Trierweiler, Thomas, McLaughlin, Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed directors of operations, unnamed assistant food service director, and unnamed food service workers. *Id.* ¶¶ 47-52, 56-63, 65-67, 69-94, 96, 98-106, 108, 109-11, 115-17, 119, 123, 126. But Christians does not allege facts that the following defendants were individually involved with the food service: Reimann, Mousel, Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree. *See id.* ¶¶ 36-127. Because Christians does not assert facts that allege these individuals participated in unconstitutional conduct, his Eighth Amendment claim regarding the food service against Reimann, Mousel, Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Liberally construing the factual allegations, Christians' claim regarding the food service at SDDOC facilities against Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hughes, Christensen, Maddox, Ekeren, Hanson, Eilers, Stratman, Stevens, Jared (last name unknown), Kelly (last name unknown), Sejnoha, Jr., Barthel, Sejnoha, K. Trierweiler, J. Trierweiler, Thomas, McLaughlin, Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed directors of operations, unnamed assistant food service director, and unnamed food service workers survives initial review under 28 U.S.C. §§ 1915 and 1915A.

### ii.  Medical Needs

Christians alleges that Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree were deliberately indifferent to his serious medical needs. Doc. 26 ¶ 146. The Eighth Amendment prohibits cruel and unusual punishment including prison officials' deliberate indifference to the medical needs of inmates. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). "[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. "[T]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Christians presented facts that he suffered an objectively serious medical need when he injured his neck, his left arm atrophied, and his neck injury was later diagnosed as radiculopathy. Doc. 26 ¶¶ 128, 129. Christians claims that the medical staff knew of his medical needs because he complained about his injury to them and they diagnosed his injury as radiculopathy. *Id.* ¶¶ 128-32. Christians alleges that after medical staff diagnosed Christians' injury, Dr. Zimmer, Dr. Carpenter, and Dr. Sultana ran tests, ordered physical therapy, and performed surgery to treat Christians' injury. *Id.* ¶¶ 128-29, 132, 134. Thus, Christians has not alleged facts that demonstrate defendants deliberately disregarded his serious medical needs. Christians' Eighth Amendment deliberate indifference claim against Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b. First Amendment

Christians alleges that Kaemingk, Young, Reimann, and Mousel denied Christians his right to receive mail. Doc. 26 ¶ 147. Inmates have a First Amendment right to receive mail, but that right may be limited by regulations that are reasonably related to legitimate penological interests. *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998) (en banc). In *Turner v. Safley*, the Supreme Court provided four factors to determine whether the prison rule withstands scrutiny:

> (1) whether there is a valid rational connection between the regulation and the legitimate government interest it purports to further; (2) whether the inmate has an alternative means of exercising his constitutional right; (3) the impact that accommodation of the inmate's right would have upon others, including inmates as well as non-inmates; and (4) the absence of a ready alternative to the regulation.

*Thongvanh v. Thalacker*, 17 F.3d 256, 259 (8th Cir. 1994) (referencing *Turner v. Safley*, 482 U.S. 78, (1987)).

"While prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights because of the needs of the penal system." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (citing *Turner*, 482 U.S. at 84-85). "[P]rison officials may lawfully censor prison mail that is detrimental to the security, good order and discipline of the institution." *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989)). To decide whether a prison policy advances "a legitimate penological interest," the court must consider the four *Turner* factors above. *Id.* (quoting *Turner*, 482 U.S. at 89-90).

In *Kaden*, an inmate at the South Dakota State Penitentiary (SDSP) alleged that the prison mailroom's rejection of his magazine violated his rights under the First Amendment. The complaint was dismissed by the district court under § 1915A. *Id.* at 968. The Eighth Circuit Court of Appeals stated, "[I]f a valid prison regulation is applied to particular mail items in such

13

a way as to negate the legitimate penological interest, the regulation may be unconstitutional as applied to those items. Before censoring materials, prison authorities must review the content of each particular item received." *Id.* at 969 (citing *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 986 (8th Cir. 2004)). The Eighth Circuit accepted Kaden's allegations as true on appeal and found them "sufficient to plausibly state a claim under § 1983." *Id.* at 969. The Eighth Circuit pointed out that at the "extremely early stage of the litigation" before defendants "were required to answer the complaint," there was "a reasonable inference that SDSP's policy was unconstitutionally applied to the censored publication." *Id.* at 969.

The same is true here. Christians alleges that Kaemingk, Young, Reimann, and Mousel violated his rights under the First Amendment by rejecting his art book because it contained nudity. Doc. 26 ¶ 137. Christians alleges that the book should not have been rejected. *Id.* ¶ 139. Therefore, Christians states a claim against Kaemingk, Young, Reimann, and Mousel that is sufficiently pleaded to survive initial review under 28 U.S.C. §§ 1915 and 1915A.

### c. Fourteenth Amendment

Liberally construing Christians' facts, he alleges that Young, Pronto, Cook, Hanson, Hughes, Ekeren, and Mousel took and kept his property (bandana) without due process. Doc. 26 ¶ 148. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

If there is an adequate postdeprivation remedy, then there is no due process violation for even the intentional deprivation of a prisoner's property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because state law provided the prisoner in *Hudson* with adequate state remedies after the deprivation of his property, the Supreme Court held that no due process violation occurred in that

case. *Id.* at 535. Here, SDCL § 21-3-3 provides an adequate postdeprivation remedy. This statute provides a cause of action for wrongful conversion of personal property. *See* SDCL § 21-3-3. Section 21-3-3 provides a description of the damages available for conversion, but the tort of conversion is a common law tort not defined in the statute. *Rensch v. Riddle's Diamonds of Rapid City, Inc.*, 393 N.W.2d 269, 271 (S.D. 1986). "Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 766 (S.D. 2002). The common law and SDCL § 21-3-3 provide Christians with an adequate postdeprivation remedy for the conversion of his property. Thus, there is no procedural due process violation. *Hudson*, 468 U.S. at 535. Christians' Fourteenth Amendment claim against Young, Pronto, Cook, Hanson, Hughes, Ekeren, and Mousel is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II.   Motion for the Appointment of Counsel

Christians moves for appointment of counsel. Docs. 4, 20. He asserts that his claims are complex, he has already had issues obtaining evidence for his claims, and there will likely be conflicting testimony at trial. Doc. 4 at 1; Doc. 20 at 2. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "The appointment of counsel should be given

serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson*, 728 F.2d at 1003.

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In *King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). In *King*, the plaintiff alleged one incident of excessive force by prisoner personal. *Id.* The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause this case was neither factually nor legally, complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court." *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake* , 650 F.2d 885, 888 (7th Cir. 1981)). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson*, 788 F.2d at 1322-23). Christians' amended complaint shows that he is able to clearly communicate his concerns and has adequately presented them to this Court. Because Christians' claims are not legally nor factually complex and because he can clearly and adequately present his facts and claims to this Court, his motions for appointment of counsel (Docs. 4, 20) are denied. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury.

Accordingly, it is ORDERED:

1. That Christians' motions for appointment of counsel (Docs. 4, 20) are denied.

2. That Christians' claims against all defendants in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). Christians' claims against all defendants in their official capacities for injunctive relief survive 28 U.S.C. § 1915A screening.

3. That Christians' Fourteenth Amendment claim against Young, Pronto, Cook, Hanson, Hughes, Ekeren, and Mousel is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

4. That Christians' Eighth Amendment claim (food) against Reimann, Mousel, Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That Christians' Eighth Amendment claim (medical needs) against Dr. Carpenter, Dr. Sultana, Dr. Zimmer, Gitchel, and Depree is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That Christians' Eighth Amendment claim (food) against Young, Ponto, Cook, Fluke, Schieffer, Reyes, Hughes, Christensen, Maddox, Ekeren, Hanson, Eilers, Stratman, Stevens, Jared (last name unknown), Kelly (last name unknown), Sejnoha, Jr., Barthel, Sejnoha, K. Trierweiler, J. Trierweiler, Thomas, McLaughlin, Green, unnamed licensed dietitian, unnamed dietary assistant(s), unnamed directors of operations, unnamed assistant food service director, and unnamed food service workers in their individual capacities survives 28 U.S.C. § 1915A screening.

7. That Christians' First Amendment claim against Kaemingk, Young, Reimann, and Mousel in their individual capacities survives 28 U.S.C. § 1915A screening.

8. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Christians so that he may cause the complaint to be served upon defendants.

9. Christians shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

10. The United States Marshal Service shall serve the completed summonses, together with a copy of the Amended Complaint (Doc. 26) and this order, upon the defendants.

11. Defendants will serve and file an answer or responsive pleading to the amended complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

12. Christians will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED December 21, 2020.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

18