UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>  Plaintiff,<br><br>  vs.<br><br>DARRIN YOUNG, CHIEF WARDEN SDDOC PRISONS, INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, DEPUTY WARDEN SDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN SDSP/JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; ALEX REYES, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; CODY HANSON, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; SETH HUGHES, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; NANCY CHRISTENSEN, UNIT MANGAER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, LIEUTENANT MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; D. EKEREN, UNIT COORDINATOR JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY;  DEB EILERS, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LAURIE STRATMAN, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JULIE STEVENS, CASE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JARED, CBM/SUMMIT SITE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY;  KELLY, CBM/SUMMIT FOOD SERVICES WORKER MDSP, INDIVIDUAL | 4:20-CV-04083-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING MOTION TO COMPEL |

| | |
|---|---|
| AND OFFICIAL CAPACITY; MARLIN C. SEJONHAJR., SUMMIT PRESIDENT &AMP; CEO, INDIVIDUAL AND OFFICIAL CAPACITY; JOHN TRIEWEILER, SUMMIT DISTRICT MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; KEVIN TRIERWEILER, SITE MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; PAMELA THOMAS, EXECUTIVE CHEF, SUMMIT CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; NAOMI MCLAUGHLIN, SUMMIT DIRECTOR OF MARKETING, INDIVIDUAL AND OFFICIAL CAPACITY; JEFF GREEN, SUMMIT BUSINESS DEVELOPMENT DIRECTOR, INDIVIDUAL AND OFFICIAL CAPACITY; UNNAMED SUMMIT LICENSED DIETITIAN(S), INDIVIDUAL AND OFFICIAL CAPACITY;  DIETARY ASSISTANTS, INDIVIDUAL AND OFFICIAL CAPACITY;  DIRECTORS OF OPERATIONS, INDIVIDUAL AND OFFICIAL CAPACITY; DISTRICT MANAGERS, INDIVIDUAL AND OFFICIAL CAPACITY;  FOOD SERVICE DIRECTORS, INDIVIDUAL AND OFFICIAL CAPACITY;  ASSISTANT FOOD SERVICE DIRECTORS, INDIVIDUAL AND OFFICIAL CAPACITY;  FOOD SERVICE WORKERS, INDIVIDUAL AND OFFICIAL CAPACITY; JUSTIN BARTHEL, DIRECTOR OF DIETARY SUMMIT, INDIVIDUAL AND OFFICIAL CAPACITY; AND SHANE SEJNOHA, SUMMIT VP OF OPERATIONS, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE LEIDHOLT, SECRETARY OF THE DEPARTMENT OF CORRECTIONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>                        Defendants. | |

Plaintiff, Mark Christians, filed a pro se lawsuit under 42 U.S.C. § 1983, and now moves to amend and compel. Docs. 40, 42. In his motion to amend, Christians asks that Denny

Kaemingk be replaced with Mike Leidholt. Doc. 40. Defendants have not filed a response in opposition. The record reflects that Christians's Amended Complaint was served on January 13-14, 2021. Docs. 31, 32.

      Under Federal Rule of Civil Procedure 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course within 21 days after serving it[.]" Under the Rule 15, a party may amend a pleading once as a matter of right within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1). Thereafter, the party may amend only with the written consent of the opposing party or the court's permission. Fed. R. Civ. P. 15(a)(2). Christians moved to amend on February 4, 2021. Doc. 40. Because his motion to amend was filed 21 days after his Amended Complaint was served on January 13, 2021, and 22 days after his Amended Complaint was served on January 14), his motion is in part untimely. Christians must have leave from the Court to amend. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Even under this generous standard, a court may deny a request to amend for " 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

      "A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements,

appellate courts are less likely to hold a district court abused its discretion." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Further, a "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Moody v. Vozel*, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal quotation omitted). Here, Christians's motion to amend does not appear to have been made with dilatory motive and it does not create an undue delay or additional discovery requirements. Thus, his motion to amend, Doc. 40, is granted and Mike Leidholt is substituted for Denny Kaemingk. However, this Court notes that Christians has not returned a summons and USM-285 form for Denny Kaemingk or Mike Leidholt.

Next, Christians moves to compel the Attorney General for Lieutenant Maddox's first name so he can execute service. Christians does not assert that he has tried to serve his Amended Complaint or that there was an issue due to not having Lieutenant Maddox's first name. After review of the record, Christians has not tried to serve his Amended Complaint on Lieutenant Maddox. Christians should try to serve Lieutenant Maddox with the information that he has before he seeks assistance from the Court to compel another party do act.

Accordingly, it is ORDERED:

1. That Christians's motion to amend, Doc. 40, is granted.

2. That Christians's motion to compel, Doc. 42, is denied.

3. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Christians so that he may cause the complaint to be served upon Lieutenant Maddox and Mike Leidholt.

4. Christians shall complete and send the Clerk of Courts a separate summons and USM-285 form for Maddox and Leidholt. Upon receipt of the completed summons and

USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

5. The United States Marshal Service shall serve the completed summonses, together with a copy of the Amended Complaint (Doc. 26), this Court's Screening Order (Doc. 27), and this order, upon the defendants.

6. Defendants will serve and file an answer or responsive pleading to the amended complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. Christians will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED March 15, 2021.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge