UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, | 4:20-CV-04083-LLP |
| Plaintiff, | |
| vs. | ORDER GRANTING SUMMIT DEFENDANTS' MOTION TO DISMISS |
| DARRIN YOUNG, CHIEF WARDEN SDDOC PRISONS, INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, DEPUTY WARDEN SDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN SDSP/JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; ALEX REYES, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; CODY HANSON, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; SETH HUGHES, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; NANCY CHRISTENSEN, UNIT MANGAER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, LIEUTENANT MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; D. EKEREN, UNIT COORDINATOR JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; DEB EILERS, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LAURIE STRATMAN, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JULIE STEVENS, CASE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JARED, CBM/SUMMIT SITE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; KELLY, CBM/SUMMIT FOOD SERVICES WORKER MDSP, INDIVIDUAL | |

AND OFFICIAL CAPACITY; MARLIN C.
SEJONHA, SUMMIT PRESIDENT &AMP;
CEO, INDIVIDUAL AND OFFICIAL
CAPACITY; JOHN TRIEWEILER, SUMMIT
DISTRICT MANAGER, INDIVIDUAL AND
OFFICIAL CAPACITY; KEVIN
TRIERWEILER, SITE MANAGER
JAMESON, INDIVIDUAL AND OFFICIAL
CAPACITY; PAMELA THOMAS,
EXECUTIVE CHEF, SUMMIT
CORRECTIONS, INDIVIDUAL AND
OFFICIAL CAPACITY; NAOMI
MCLAUGHLIN, SUMMIT DIRECTOR OF
MARKETING, INDIVIDUAL AND OFFICIAL
CAPACITY; JEFF GREEN, SUMMIT
BUSINESS DEVELOPMENT DIRECTOR,
INDIVIDUAL AND OFFICIAL CAPACITY;
UNNAMED SUMMIT LICENSED
DIETITIAN(S), INDIVIDUAL AND
OFFICIAL CAPACITY;  DIETARY
ASSISTANTS, INDIVIDUAL AND OFFICIAL
CAPACITY;  DIRECTORS OF OPERATIONS,
INDIVIDUAL AND OFFICIAL CAPACITY;
DISTRICT MANAGERS, INDIVIDUAL AND
OFFICIAL CAPACITY;  FOOD SERVICE
DIRECTORS, INDIVIDUAL AND OFFICIAL
CAPACITY;  ASSISTANT FOOD SERVICE
DIRECTORS, INDIVIDUAL AND OFFICIAL
CAPACITY;  FOOD SERVICE WORKERS,
INDIVIDUAL AND OFFICIAL CAPACITY;
JUSTIN BARTHEL, DIRECTOR OF
DIETARY SUMMIT, INDIVIDUAL AND
OFFICIAL CAPACITY; AND SHANE
SEJNOHA, SUMMIT VP OF OPERATIONS,
INDIVIDUAL AND OFFICIAL CAPACITY;
MIKE LEIDHOLT, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;

Defendants.

Plaintiff, Mark Christians, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 26.

Defendants Marlin C. Sejnoha, Naomi McLaughlin, Jeff Green, and Shane Sejnoha (Summit

Defendants) move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. 43. [1] This

Court screened Christians's Amended Complaint under 29 U.S.C. § 1915A. Doc. 27. His Eighth

Amendment conditions of confinement claim regarding food against Summit Defendants

survived screening. *Id.* at 17.

Summit Defendants claim that the facts asserted in Christians's Amended Complaint do

not show direct involvement of the Summit Defendants. Doc. 43-1 at 1. Summit is a food service

provider for Jameson Annex at the South Dakota State Penitentiary. Doc. 43-1 at 1. Summit

Defendants are Summit executives "who oversee its national operations and are not directly

involved with decision-making at the correctional facility level . . . ." *Id.* at 2.

## I.    Legal Background

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

considering such motions, the court must accept as true the allegations in the complaint and

construe the pleadings in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). The pleaded facts must demonstrate a plausible claim, that is, one in which the

pleader has shown more than an abstract "possibility" that the defendant has engaged in

actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume as

true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56

F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th

Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts

---

[1] Christians's Amended Complaint lists Marlin C. Sejnoha, Jr., as a defendant. Doc. 26 ¶ 20. Marlin
C. Sejnoha moves to dismiss. Doc. 43. This Court assumes that this is the same individual and will
refer to Marlin as Marlin C. Sejnoha.

supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).  Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

In his response to Summit Defendants' motion to dismiss, Christians references a proposal (RFP #1491) prepared by Marlin C. Sejnoha as the Summit President and CEO. Doc. 47 at 1. Summit Defendants argue that this proposal is outside of the pleadings. Doc. 48. After review of Christians' Amended Complaint, he references a "proposal" but does not specifically reference proposal RFP #1491. Thus, references to RFP #1491 are outside of the pleadings. If this Court considers matters outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). This Court declines to consider matters outside of the pleadings and will only reference alleged facts in the Amended Complaint.

## II.    Factual Background

Here, Christians contends that the food served is not nutritionally adequate to maintain his health. Doc. 26 ¶ 145. In fact, Christians claims that medical professionals have attributed his extreme weight loss and medical conditions to the food service at South Dakota Department of Corrections' facilities. *Id.* ¶¶ 38, 43, 53-54. Christians indicated that his health is endangered because of the lack of nutrients, calories, and small portion sizes. *Id.* ¶¶ 38, 40, 125. Christians alleges that the SDDOC and CBM are aware of the dietary issues with CBM's food because he has submitted numerous grievances regarding these issues. *Id.* ¶¶ 55-67, 69-111, 115-19.

Facts alleged specifically against Summit Defendants are: (1) that Jeff Green is the Summit Business Development Director and that he "brings focus and meal quality[;]" (2) that Marlin Sejnoha is the President and CEO of Summit and takes a "hands on approach[;]" (3) that

Naomi McGlaughlin is the Director of Marketing and "works with [SDDOC] Unit Leaders" and establishes "best practices[;]" (4) that Shane Sejnoha is Summit Vice President of Operations and is the "driving operation[] [for] performance and [] standards[;]"(5) that Summit Defendants "are all responsible parties of Summit who deliberately imposed the diets, foods, and lack thereof to Christians and other inmates, *they cannot be ruled out until after their depths of involvement are discovered*[;] and (6) that Summit violated their proposal because they were allegedly not monitoring inmate satisfaction through comment cards. *Id.* ¶¶ 20, 22, 26-27, 99 (emphasis added).

### III.    Legal Analysis

Christians's Eighth Amendment conditions of confinement claim regarding food against Summit Defendants survived screening. Doc. 27 at 17. Conditions of confinement may violate the Constitution either alone or in combination when they deprive an "identifiable human need such as food, warmth, or exercise . . . ." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The Due Process Clause of the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment require prisoners to be provided with nutritionally adequate meals to maintain health. *See, e.g., Cody v. CBM Corr. Food Servs.*, 250 F. App'x 763, 765 (8th Cir. 2007); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980).

In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir.2004);

5

*Simmons v. Cook,* 154 F.3d 805, 807 (8th Cir. 1998). To show deliberate indifference, an inmate must demonstrate that a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *See Farmer v. Brennan,* 511 U.S. 842, 847 (1994); *Coleman v. Rahija,* 114 F.3d 778, 786 (8th Cir.1997). Mere negligence does not constitute deliberate indifference. *Warren v. Missouri,* 995 F.2d 130, 131 (8th Cir.1993).

Here, Summit Defendants argue that the Amended Complaint does not contain facts to support that they had knowledge of Christians's dietary requests. Doc. 43-1 at 2, 6. The alleged facts in Christians's Amended Complaint must demonstrate a plausible claim, that is, one in which the pleader has *shown more than an abstract "possibility"* that the defendant has engaged in actionable misconduct. *Iqbal,* 556 U.S. at 678 (emphasis added). When a complaint contains no allegations that the defendant had any personal involvement relating to the events giving rise to the lawsuit, dismissal of that party from the action is proper. *See, e.g., Eaton v. Minn Atty. Gen. Office,* 2010 WL 3724398, at *5 (D. Minn. 2010) (dismissing a party to a lawsuit when "there [were] no allegations within Plaintiff's complaint which suggest that the [defendant] played any role in any of the events giving rise to this lawsuit.").

Although Summit Defendants are in executive positions with the company that provides food to the SDDOC facilities, Christians's Amended Complaint only alleges an abstract possibility that Summit Defendants were personally involved in the alleged violation. His Amended Complaint states the Summit Defendants' general role within the company and he claims that they "are all responsible parties of Summit who deliberately imposed the diets, foods, and lack thereof to Christians and other inmates, *they cannot be ruled out until after their depths of involvement are discovered.*" *See* Doc. 26 ¶¶ 20, 22, 26-27, 126 (emphasis added).

6

Christians's allegations amount to general job descriptions and speculation about Summit Defendants' possible involvement. Further, his claim that Summit Defendants "deliberately imposed" the diet and food is a legal conclusion and not supported by alleged facts. Christians's Amended Complaint only presents an abstract possibility that Summit Defendants were personally involved. Thus, Christians's alleged facts in his Amended Complaint do not support a claim that Summit Defendants were deliberately indifferent to his alleged conditions of confinement. For these reasons, Summit Defendants' motion to dismiss is granted.

Accordingly, it is ORDERED:

1. That Summit Defendants' motion to dismiss, Doc. 43, is granted.

2. Claims against Summit Defendants are dismissed without prejudice.

DATED June 9, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

7