UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DARRIN YOUNG, CHIEF WARDEN SDDOC PRISONS, INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, DEPUTY WARDEN SDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN SDSP/JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; ALEX REYES, ASSOCIATE WARDEN MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; CODY HANSON, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; SETH HUGHES, UNIT MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; NANCY CHRISTENSEN, UNIT MANGAER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, LIEUTENANT MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; D. EKEREN, UNIT COORDINATOR JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; DEB EILERS, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; LAURIE STRATMAN, UNIT COORDINATOR MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JULIE STEVENS, CASE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; JARED, CBM/SUMMIT SITE MANAGER MDSP, INDIVIDUAL AND OFFICIAL CAPACITY; KELLY, CBM/SUMMIT FOOD SERVICES WORKER MDSP, INDIVIDUAL | 4:20-CV-04083-LLP<br><br>SUA SPONTE ORDER ALLOWING PLAINTIFF TO PROCEED IN FORMA PAUPERIS ON HIS INTERLOCUTORY APPEAL |

| | |
|---|---|
| AND OFFICIAL CAPACITY; JOHN TRIEWEILER, SUMMIT DISTRICT MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; KEVIN TRIERWEILER, SITE MANAGER JAMESON, INDIVIDUAL AND OFFICIAL CAPACITY; PAMELA THOMAS, EXECUTIVE CHEF, SUMMIT CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; UNNAMED SUMMIT LICENSED DIETITIAN(S), INDIVIDUAL AND OFFICIAL CAPACITY; DIETARY ASSISTANTS, INDIVIDUAL AND OFFICIAL CAPACITY; DIRECTORS OF OPERATIONS, INDIVIDUAL AND OFFICIAL CAPACITY; DISTRICT MANAGERS, INDIVIDUAL AND OFFICIAL CAPACITY; FOOD SERVICE DIRECTORS, INDIVIDUAL AND OFFICIAL CAPACITY; ASSISTANT FOOD SERVICE DIRECTORS, INDIVIDUAL AND OFFICIAL CAPACITY; FOOD SERVICE WORKERS, INDIVIDUAL AND OFFICIAL CAPACITY; JUSTIN BARTHEL, DIRECTOR OF DIETARY SUMMIT, INDIVIDUAL AND OFFICIAL CAPACITY; AND MIKE LEIDHOLT, SECRETARY OF THE DEPARTMENT OF CORRECTIONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | |

Plaintiff, Mark Christians, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 26. This Court granted Marlin C. Sejnoha, Naomi McLaughlin, Jeff Green, and Shane Sejnoha's motion to dismiss and judgment was entered in their favor. Docs. 54, 55. Christians filed a notice of appeal on June 18, 2021. Doc. 56. At this time, Christians has not moved for leave to proceed in forma pauperis on his interlocutory appeal and has not provided the Court with an updated prisoner trust account.

Under the Prison Litigation Reform Act (PLRA) a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)). Because Christians is a prisoner under the PLRA, this Court is required to sua sponte assess whether he should be granted leave to proceed in forma pauperis on appeal or whether the full/partial filing fee is warranted before he continues.

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Christians's interlocutory appeal is taken in good faith. His account shows an average monthly deposit of $94.96, and an average monthly balance of $37.72. Doc. 3. This Court grants Christians leave to proceed in forma pauperis and waives his initial partial filing fee.

Accordingly, it is ORDERED:

1. That this Court sua sponte grants Christians leave to proceed in forma pauperis on his interlocutory appeal.

2. That the institution having custody of Christians is directed that whenever the amount in Christians's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED June 29, 2021.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge

4