UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, PLAINTIFF, | CASE. NO. 4:20-CV-04083-LLP |
| V. | PLAINTIFF BRIEF IN SUPPORT OF MOTION IN OPPOSITION OF SUMMIT DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT |
| DARRIN YOUNG, ET AL. DEFENDANTS. | |

PLAINTIFF, CHRISTIANS, ACTING PRO SE, HEREBY SUBMITS THIS BRIEF IN SUPPORT OF MOTION IN OPPOSITION OF SUMMIT DEFENDANTS MOTION FOR SUMMARY JUDGEMENT AND STATES AS FOLLOWS:

## I. INTRODUCTION

SUMMIT DEFENDANTS PROVIDED PLAINTIFF WITH AN INADEQUATE DIET THROUGH LACK OF NUTRITIOUS CALORIES, IMBALANCED MACRONUTRIENT PROFILE, AND BY SERVING EXPIRED, RANCID, INEDIBLE FOOD WHICH DIRECTLY RESULTED IN A HOST OF MEDICAL ISSUES INCLUDING RAPID WEIGHTLOSS, FAINTING, DIZZY SPELLS, FATIGUE, VOMITING, DIARRHEA, MUSCLE ATROPHY AND STRENGTH LOSS, FREQUENT URINATION AND BOWEL MOVEMENTS AND HIGH CHOLESTEROL AMONGST OTHER ISSUES.

ALTHOUGH PLAINTIFF WAS NOT INTENDING TO MAKE CONTRACT OBLIGATIONS AN ISSUE FOR THE COURT, BETWEEN SUMMIT FOOD SERVICES AND THE SDDOC, PLAINTIFF FEELS OBLIGATED TO RESPOND TO SOME OF THE FALSE CLAIMS MADE BY SUMMIT DEFENDANTS AND TO SHOW THEIR STATE OF MIND, IN THAT THEY DO NOT HAVE TO FOLLOW THE RULES SO TO SPEAK.

THEIR WILL BE SEVERAL GENUINE DISPUTES AS TO MATERIAL FACT RELATED TO PLAINTIFF RECEIVING ADEQUATE AND NUTRITIOUS MEALS. ACCORDINGLY, PLAINTIFF CHRISTIANS RESPECTFULLY REQUEST THAT THIS COURT ENTER A DENIAL OF SUMMARY JUDGEMENT IN FAVOR OF PLAINTIFF AND AGAINST SUMMIT DEFENDANTS.

# II. STATEMENT OF FACTS

PLAINTIFF LOST WEIGHT AT A RATE OF UP TO FOUR TIMES THE RECOMMENDED WEIGHT LOSS RATE OF 1 TO 2 lb/WEEK RECOMMENDED BY THE NATIONAL INSTITUTE OF HEALTH. ALSO TO BE NOTED WAS THE DURATION OF THIS WEIGHT LOSS. THE NIH RECOMMENDS WEIGHT LOSS OF 1 TO 2 lb/WEEK FOR 6 MONTHS. PLAINTIFFS WEIGHT LOSS WENT ON FOR NEARLY 18 MONTHS. THREE TIMES THE DURATION OF SAFE WEIGHT LOSS. FROM SEPTEMBER 6TH, 2017 TO OCTOBER 4TH, 2017, CHRISTIANS LOST 16 POUNDS. A RATE OF 4 TIMES THE NIH RECOMMENDATIONS FOR SAFE WEIGHT LOSS. FROM APRIL 19, 2017 TO JULY, 2017 CHRISTIANS LOST 30 POUNDS A RATE OF NEARLY 3 POUNDS PER WEEK. PLEASE REFERENCE PLAINTIFF SUBMITTED HEALTH SERVICES PRINTOUT OF DATES AND WEIGHTS.

DURING THIS TIME OF EXTREME WEIGHT LOSS AND STRESSFUL LIFE EVENT CHRISTIANS DEVELOPED OCD SYMPTOMS. SEE DEFENDANT EXHIBIT H. OCD CAN BE DIBILLATIVE, INTERFERE WITH DAILY ACTIVITIES AND CAUSE SIGNIFICANT DISTRESS. RISK FACTORS INCLUDE STRESS LIFE EVENTS, SUCH AS EXTREME WEIGHT LOSS IN A SHORT AMOUNT OF TIME, WHICH TRIGGER EMOTIONAL DISTRESS CHARACTERISTICS OF OCD. SEE PLAINTIFF EVIDENCE FROM MAYO CLINIC ARTICLE - OBSESSIVE-COMPULSIVE DISORDER.

ALSO DUE TO INADEQUATE CALORIES AND NUTRITION AS DEFENDANTS POINT OUT WAS FATIGUE, CHRONIC FAINTING SPELLS, LOSS OF MUSCLE AND STRENGTH, FREQUENT BOWEL MOVEMENTS AND URINATION, DIARRHEA, INSOMNIA, AND HIGH CHOLESTEROL AS WELL AS ABNORMAL LIVER TEST SUGGESTING HYPERLIPIDEMIC INDUCED HEPATITIS. SEE DEFENDANT EXHIBIT U AND PLAINTIFF SUBMITTED HEALTH SERVICES REPORTS AND KITES AS WELL AS DEFENSE EXHIBIT G AMONGSTS OTHERS.

PLAINTIFF HAS PRIOR TO THIS WRITING PUT IN A MOTION TO COLLECT AFFIDAVITS FROM DANIEL AUGUSTINE, CRAIG RETURNS FROM SCOUT AND KEVIN BROWN SHOWING HOW DEFENDANTS CHANGE EXPIRATION DATES

ON FOODS AND SERVE EXPIRED SPOILED FOODS. THE COLLECTION OF THE AFFIDAVITS HAS BEEN BLOCKED BY DOC DEFENDANTS UPON REQUEST FROM CHRISTIANS, THUS THE NEED FOR THE MOTION.

SUMMIT DEFENDANTS [redacted] ADMIT IN THEIR BRIEF THE WEEKLY AVERAGE OF CALORIES IS 2700 WHEN IT SHOULD SERVE THAT AMOUNT DAILY. HOWEVER PLAINTIFF STATES [redacted] DAILY CALORIES ARE OFTEN AS LOW AS 1200 WHICH INCLUDES SUBSTANDARD PORTIONS OF PROTEIN FOODS.

DR. GUTNIK WHO STATED PLAINTIFF MAY HAVE CELIAC DISEASE HAS SINCE REVERSED HIS POSITION IN HIS RECENT LETTER TO THE PLAINTIFF DUE TO THE FACT CHRISTIANS HAS GAINED WEIGHT ON A NON-GLUTEN FREE DIET.

PLAINTIFF'S 44 DAY HUNGER STRIKE OCCURED IN APRIL AND MAY OF 2021 AND HAS LITTLE TO DO WITH THE INSTANT LAWSUIT OR ANY OF PLAINTIFF'S HEALTH ISSUES THAT OCCURRED YEARS PRIOR TO THE HUNGER STRIKE.

AS THE PLAINTIFF HAS SHOWN IN THE PRIOR BRIEF IN OPPOSITION TO SDDOC DEFENDANTS MOTION FOR SUMMARY JUDGEMENT, THE SUMMIT DEFENDANTS PROVIDE INADEQUATE NUTRITION BY NOT SERVING ENOUGH CALORIES TO MAINTAIN NORMAL HEALTH. THEY ALSO SERVE INEDIBLE SPOILED FOODS CAUSING INMATE SICKNESS AS IS SHOWN IN SEVERAL INMATE AFFIDAVITS. SUMMIT DEFENDANT DO NOT FOLLOW FEDERAL DIETARY GUIDELINES AS TO AMOUNTS OF FOOD SERVED AND THIS CAN BE SEEN IN A CURSORY VIEW OF GENERAL POPULATION MENUS AND THE 2017 FOOD SERVICE EVALUATION WHEN COMPARED TO THE DIETARY GUIDELINES.

A NOTE OF IMPORTANCE SHOULD BE MADE TO THE COURT THAT SUMMIT FOOD SERVICE IS THE SOLE PROVIDER OF COMMISSARY AS WELL. IT WOULDN'T BE UNREASONABLE FOR A JURY TO CONSIDER THAT SUMMIT INTENTIONALLY SERVES INADEQUATE AMOUNTS OF FOOD TO BOOST COMMISSARY SALES. IT WOULDN'T BE UNREASONABLE FOR A JURY TO CONCLUDE THAT SUMMIT SERVES SPOILED INEDIBLE FOODS FOR THE SAME

PURPOSE OF STARVING INMATES TO BOOST COMMISSARY SALES. PLAINTIFF RECOGNIZES HE IS NOT CONSTITUTIONALLY ENTITLED TO COMMISSARY BUT EMPHASIZES THIS IN NOT ABOUT A RIGHT TO COMMISSARY BUT RATHER DEFENDANTS FRAME OF MIND.

AS EXPLAINED HEREIN, THERE IS GENUINE DISPUTES AS TO MATERIAL FACTS AS TO AN INADEQUATE AND UNNUTRITIOUS DIETS. PLAINTIFF'S HEALTH ISSUES ARE A DIRECT RESULT OF THE POOR DIET AND HIS EMOTIONAL MENTAL DISTRESS OCCURED AT THE TIME OF HIS EXTREME WEIGHT LOSS AND OTHER HEALTH ISSUES. THE EVIDENCE SUBMITTED FROM THE NATIONAL INSTITUTE OF HEALTH, MAYO CLINIC, USDA AND OTHER SOURCES COULD FIND A JURY VERDICT IN FAVOR OF PLAINTIFF.

ACCORDINGLY, PLAINTIFF'S ALLEGATIONS AGAINST SUMMIT RISE TO THE LEVEL OF ACTIONABLE CONSTITUTIONAL VIOLATIONS AND MUST BE ALLOWED TO PROCEED TO TRIAL.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS AND REPLY TO SUMMIT DEFENDANTS STATEMENT OF UNDISPUTED MATERIAL FACTS.

THESE DOCUMENTS ARE ATTACHED SEPARATELY AND ARE INCORPORATED HEREIN.

## IV. ARGUMENT

"CREDIBILITY DETERMINATIONS, THE WEIGHING OF THE EVIDENCE, AND THE DRAWING OF LEGITIMATE INFERENCES FROM THE FACTS ARE JURY FUNCTIONS, NOT THOSE OF A JUDGE, WETHER HE IS RULING ON A MOTION FOR SUMMARY JUDGMENT OR FOR A DIRECTED VERDICT. THE EVIDENCE OF THE NON-MOVANT IS TO BE BELIEVED, AND ALL JUSTIFIABLE INFERENCES ARE TO BE DRAWN IN HIS FAVOR." ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 255 "[PLAINTIFF] VERSION OF ANY DISPUTED ISSUE IS THUS PRESUMED

CORRECT." THOMAS v. PONDER, 611 F.3D 1144

B. CLAIMS AGAINST UNKNOWN SUMMIT EMPLOYEES SHOULD NOT BE DISMISSED.

PLAINTIFF HAS PRIOR ASKED THE SUMMIT DEFENDANTS FOR INFORMATION ON A DEFENDANT. THEY DID NOT REPLY. PLAINTIFF THEN FILED A MOTION TO COMPEL SUMMIT DEFENDANTS TO PROVIDE THAT INFORMATION WHICH THEY RESISTED AND SAID IT IS NOT THEIR RESPONSIBILITY TO HELP THE PLAINTIFF FIND DEFENDANTS. SO AS A PRO SE PLAINTIFF, CHRISMANS HAD NO IDEA BASED ON THEIR PRIOR RESPONSES AND INACTION TO PRIOR REQUESTS THAT THEY WERE OR ARE LEGALLY RESPONSIBLE FOR PRODUCING DEFENDANTS NAMES OR INFORMATION AS IT WAS RESISTED BEFORE. FUTHER, PLAINTIFF THEN FILED MOTION FOR ATTORNEY OR INVESTIGATOR TO HELP WITH POSSIBLE DEFENDANT INFORMATION. PLAINTIFF FILING PRO SE IS SOMEWHAT DEPENDANT ON DEFENDANTS ATTORNEYS TO BE FORTHRIGHT AND HONEST WHICH THEY HAVE PROVEN THEY ARE NOT. AS SUCH, CLAIMS AGAINST UNKNOWN SUMMIT EMPLOYEES SHOULD NOT BE DISMISSED AT THIS STAGE.

C. QUALIFIED IMMUNITY

DEFENDANTS MOTION FOR QUALIFIED IMMUNITY REST SOLELY ON THEIR ASSERTION THAT PLAINTIFF HAS FAILED TO ESTABLISH THAT HIS RIGHTS UNDER THE EIGHTH AMENDMENT WERE VIOLATED. VIEWING THE ALLEGATIONS IN A LIGHT MOST FAVORABLE TO PLAINTIFF DEFENDANTS DO NOT ASSERT AND INDEED COULD NOT SUPPORT AN ARGUMENT, THAT THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE PROVIDED WITH NUTRITIONALLY ADEQUATE FOOD WAS NOT CLEARLY ESTABLISHED OR THAT A REASONABLE PERSON WOULD NOT HAVE KNOWN ABOUT HIS RIGHT; THE SD DOC POLICY TO PROVIDE NUTRITIONALLY ADEQUATE FOOD WOULD CONTRADICT

ANY SUCH ASSERTION. DEFENDANTS ALSO FAIL TO CLAIM THAT THEIR ACTIONS WERE NOT OBJECTIVELY UNREASONABLE. THUS, DEFENDANT HAVE NOT PRESENTED SUFFICIENT FACTS TO SUGGEST THAT THEY ARE ENTITLED TO A QUALIFIED IMMUNITY DEFENSE. MOREOVER, GRIEVANCES WERE ASSIGNED TO SUMMIT SUPERVISOR WHICH WENT UNANSWERED. THESE GRIEVANCES WERE SUBMITTED TO THE COURT AS RECENTLY AS MAY 2021 ASSIGNED TO BETH MCCOMAS AND PRIOR UNANSWERED GRIEVANCES TO KEVIN TRIEWEILER, BOTH SUMMIT SUPERVISORS. ADDITIONALLY SUMMIT WAS CONTACTED BY EMAIL FROM SDDOC STAFF ABOUT THE INADEQUATE NUTRITION. BECAUSE PLAINTIFF'S ALLEGATIONS SUPPORT HIS CLAIMS THAT A CONSTITUTIONAL VIOLATION MAY HAVE OCCURRED, ANY DETERMINATION OF QUALIFIED IMMUNITY SHOULD BE DENIED.

D. SUMMIT VIOLATED THE EIGHTH AMENDMENT FOR CRUEL AND UNUSUAL PUNISHMENT.

AS WILL BE DEMONSTRATED BELOW PLAINTIFF WILL PRESENT EVIDENCE FROM THE NATIONAL INSTITUTE OF HEALTH, THE MAYO CLINIC, THE CDC, THE USDA AND HIS OWN FOOD JOURNAL ALONG WITH DEFENDANTS EVIDENCE AND ADMISSIONS THAT SUMMIT DEFENDANTS DENIED PLAINTIFF THE "MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES" IN RELATION TO HIS DIET AND THAT SUMMIT DEFENDANTS WERE DELIBERATELY INDIFFERENT TO HIS DIETARY NEEDS. PLAINTIFF WILL SHOW HE SUFFERED REAL INJURY AS ESTABLISHED BY THE 8TH CIRCUIT AND THE NATIONAL INSTITUTED OF HEALTH AS WELL AS OTHER HEALTH IMPAIRMENTS STEMMING FROM SUMMIT DEFENDANTS' FOOD SERVICES. AS SUCH, SUMMARY JUDGMENT IS IMPROPER.

1. SUMMIT DEFENDANTS' DEPRIVED PLAINTIFF OF MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES

[SUMMIT] MAY BE HELD LIABLE UNDER §1983 IF ONE OF ITS CUSTOMS OR POLICIES CAUSED THE VIOLATION OF [CHRISTMANS'] RIGHTS. JONES V. HELDER, 2011 US. DIST LEXIS 34776 @ *11 IT IS DISPUTED THAT THE DIETICIAN APPROVED MENU MEETS CALORIC GUIDELINES AND PROVIDES A VARIETY OF FOODS BASED ON THE USDA FOOD GUIDE PYRAMID AND THE USDA DIETARY GUIDELINES FOR AMERICANS. THERE IS ALSO NOTHING BEFORE THE COURT TO SUGGEST WHAT STEPS ARE UTILIZED TO ENSURE THE MEALS SERVED AT SDDOC FACILITIES FOLLOW THE APPROVED MENU OR TO MAINTAIN PORTION CONTROL.

"IN ORDER TO RECOVER COMPENSATORY DAMAGES FOR ANY INJURIES - PHYSICAL, EMOTIONAL OR OTHERWISE - [CHRISTMANS] MUST ALLEGE AND PROVE A SUBSTANTIAL PHYSICAL INJURY. CONSTRUING [CHRISTMANS'] PLEADINGS LIBERALLY HIS ALLEGATIONS ARE CONSISTANT WITH THE TYPES OF PHYSICAL INJURIES THAT OTHER FEDERAL COURTS HAVE RECOGNIZED AS SUFFICIENT UNDER §1997E(E). SEE HALL V. KLEMM NO. 15-20 E, 2017 US. DIST LEXIS 14767, 2017 WL 913954, AT *15 (W.D. PA. FEB. 1, 2017), REPORT AND RECOMMENDATION ADOPTED, NO. 15-20, 2017 U.S. DIST. LEXIS 31654, 2017 WL 913803 (W.D. PA. MAR. 7, 2017) (ALLEGATIONS THAT PLAINTIFF SUFFERED WEIGHT LOSS, DIZZINESS, FATIGUE AND HEADACHES SUFFICIENT TO SATISFY PHYSICAL INJURY REQUIREMENT); SEE ALSO MUNN V. TONEY 433 F.3D 1087, 1089 (8TH CIR. 2006) (HEADACHES, CRAMPS, NOSEBLEEDS, AND DIZZINESS WERE SUFFICIENT FORMS OF PHYSICAL INJURY)." THIS WAS QUOTING CAMPS V. NUTTER, 2017 US. DIST. LEXIS 98932 @ FOOTNOTE 1.

INGRASSIA V. SCHAFER, 825 F.3D 891 (SHOWING WEIGHT LOSS OF 11 POUNDS IN TWO MONTHS AND 14 POUNDS IN THREE MONTHS, ALSO SHOWING LACK OF ITEMS IN LUNCHES AND A RATE OF 60% OF NEEDED CALORIC INTAKE - 1200 CALORIES PER DAY INSTEAD OF 2000.) AT *899, A PRISONER MAY PROPERLY ALLEGE A CONSTITUTIONAL VIOLATION BY DEMONSTRATING SIGNIFICANT WEIGHT LOSS OR OTHER ADVERSE PHYSICAL EFFECTS FROM LACK OF NUTRITION.

DAVIS V. MISSOURI, 389 FED. APPX 579 (FINDING ALLEGATIONS OF 19-POUND WEIGHT LOSS IN 8 MONTHS SUFFICIENT TO STATE A CONSTITUTIONAL VIOLATION.); BERRY V. BRADY, 192 F.3D 504, 508 (5TH CIR. 1999) (SUGGESTING THAT INMATE CLAIMING INADEQUATE DIET UNDER EIGHTH AMENDMENT MUST ALLEGE HE LOST WEIGHT OR SUFFERED ADVERSE PHYSICAL EFFECTS, OR WAS DENIED NUTRITIONALLY OR CALORICALLY ADEQUATE DIET.); WILMOTH V. ARAMARK CORR. SERVS, LLC, 2012 U.S. DIST. LEXIS 138976 (SUMMARY JUDGEMENT DENIED ON ALLEGATIONS OF SPOILED FOOD, SMALL PORTION SIZES, CALORIES LESS THAN 2300 PER DAY AND A WEIGHTLOSS OF 20 POUNDS); FRAZIER V. GEORGE, 2014 U.S. DIST. LEXIS 142924 (WEIGHT LOSS OF 95 POUNDS AND A DIET OF INSUFFICIENT QUANTITY OF FOOD AND UNPALATABLE FOOD ENOUGH TO SURVIVE SUMMARY JUDGEMENT); SMEGO V. ARAMARK FOOD SERVS, CORP., 2013 U.S. DIST. LEXIS 67415 (SUMMARY JUDGEMENT DENIED AS FOOD CAUSED THEM NAUSEA, DIARRHEA, GASTROINTESTINAL DISTRESS AND WEIGHT LOSS) AND AT *14 "FOOD THAT IS SO UNPALATABLE AS TO BE INEDIBLE, OR FOOD THAT REPEATEDLY CAUSES DIARRHEA OR NAUSEA, PRESENTS A SUBSTANTIAL RISK TO [AN INMATE'S] PRESENT AND FUTURE HEALTH AND WELL-BEING." "IF THE MEAL CANNOT BE EATEN AS A PRACTICAL MATTER, THEN THE MEAL AS A PRACTICAL MATTER CANNOT PROVIDE ADEQUATE NUTRITION" SEE PRUDE V. CLARKE, 675 F.3D 732, 735 (7TH CIR. 2012) COURT OF APPEALS ("SICKENING FOOD" WHICH CAUSED SUBSTANTIAL WEIGHT LOSS, VOMITING, STOMACH PAINS AND MAYBE AN ANAL FISSURE... WOULD VIOLATE THE EIGHTH AMENDMENT.); SHIRLEY V. STERNAL, 2010 U.S. DIST. LEXIS 141911 AT *29-32. SUMMARY JUDGEMENT DENIED AS TO INADEQUATE NUTRITION DUE TO SHIRLEY ALLEGES HE LOST FORTY POUNDS OVER SIX MONTHS AND SUFFERED SYMPTOMS INCLUDING HEADACHE, LIGHTHEADEDNESS, SWOLLEN LEGS, CONSTIPATION, UPSET STOMACH, NAUSEA, AND DEPRESSION DUE TO A DIET THAT WAS TOO LOW IN CALORIES. "THIS TYPE OF ALLEGATION CAN CONSTITUTE MORE THAN A DE MINIMIS INJURY. SHEPARD, 2009 U.S. DIST. LEXIS 59932, 2009 WL 1872016

(COURT COULD NOT SAY LOSS OF FORTY POUNDS OVER SIXTEEN MONTHS DE MINIMIS); WALKER V. POWELL, 2007 U.S. DIST. LEXIS 90556, 2007 WL 4303766 (N.D. FLA DEC. 10, 2007) (ALLEGATIONS SUFFICIENT TO GO TO JURY WHERE PLAINTIFF ALLEGED HE LOST FORTY POUNDS IN APPROXIMATELY TWO YEARS, WAS CONSTANTLY HUNGRY, HAD HEADACHES, STOMACH PAINS, LOSS OF CONCENTRATION, AND WEAKNESS IN HIS EXTREMITIES AND WAS BEING STARVED TO DEATH DUE TO INSUFFICIENT PRISON MEALS); ALTMAN V. LOGGINS, 2008 U.S. DIST. LEXIS 119607, 2008 WL 3539513 (W.D. ARK. AUG. 11, 2008) (8TH DISTRICT) (LOSS OF THIRTY POUNDS IN THREE MONTHS IS "SIGNIFICANT" WEIGHT LOSS THAT CREATES GENUINE ISSUE OF FACT AS TO WHETHER PLAINTIFF WAS PROVIDED AN ADEQUATE DIET; ALLEGED HE WAS NOT GIVEN FRESH FRUIT, FRESH VEGETABLES, OR MILK, MANY OF THE MEALS WERE UNFIT FOR HUMAN CONSUMPTION...) THUS, THE COURT [redacted] CAN CONCLUDE CHRISTIANS' ALLEGED INJURY IS NOT DE MINIMIS AS A MATTER OF LAW.

AS IT SAYS IN BLACKMON V. LOMBARDI, 527 FED. APPX 583, AT 585, PRISONER MAY HAVE VIABLE FAILURE-TO-PROTECT CLAIM WITHOUT SUSTAINING SERIOUS HARM, AND DOES NOT NEED TO "AWAIT A TRAGIC EVENT [SUCH AS AN] [DIAGNOSIS OF DIABETES] BEFORE OBTAINING RELIEF" (ALTERATION IN ORIGINAL) (QUOTING HELLING V. MCKINNEY, 509 U.S. 25, 33-34, 113 S. CT. 2475, 125 L. ED. 2D 22 (1993)).

CHRISTIANS V. YOUNG, 2020 U.S. DIST. LEXIS 239219 STATES "BUT WHEN AN OFFICIAL CAPACITY CLAIM IS ASSERTED FOR INJUNCTIVE RELIEF AGAINST A STATE OFFICER, THE DEFENSE OF QUALIFIED IMMUNITY DOES NOT APPLY. SEE PEARSON V. CALLAHAN, 555 U.S. 223, 242-43, 129 S. CT. 808, 172 L. ED. 2D 565 (2009).

COOPER V. SHERIFF, LUBBOCK COUNTY, 929 F.2D 1078, SAYS AT *1084 - HN11 - AN OFFICIAL HAS NO IMMUNITY WHEN "THE CONTOURS OF THE RIGHT [VIOLATED] WERE SO CLEAR AT THE TIME THE OFFICIALS ACTED THAT A REASONABLE OFFICIAL WOULD HAVE UNDERSTOOD THAT WHAT HE WAS DOING VIOLATED THAT RIGHT," (CITING ANDERSON V. CREIGHTON, 483 U.S. 635, 107 S. CT. 3034, 3039, 97

L. ED. 2D 523(1987)).

AS PLAINTIFF WILL DEMONSTRATE BELOW HIS MUSCLE MASS ATROPHIED AND HE COMPLAINED OF THAT MANY TIMES. AS WISHON V. GAMMON, 978 F.2D 446 (8TH CIR. 1992) AT *449 SAYS "ON THE OTHER HAND [AN INADEQUATE DIET] MAY BE A CONSTITUTIONAL VIOLATION IF ONE'S MUSCLES ARE ALLOWED TO ATROPHY OR IF AN INMATES HEALTH IS THREATENED." FRENCH V. OWENS, 777 F.2D 1250, 1255 (7TH CIR. 1985) HERE IN THIS INSTANT CASE IT WASN'T LACK OF EXERCISE BUT ADEQUATE NUTRITION WAS DENIED AND THERE WAS AN OBVIOUS DOCUMENTED LACK OF PROTEIN AND CHRISTIANS' MUSCLES WERE ALLOWED TO ATROPHY, THE HEALTH OF THIS INMATE WAS/IS THREATENED AND THE STATE'S CONSTITUTIONAL OBLIGATION IS COMPROMISED.

"IF THE LAW WAS CLEARLY ESTABLISHED, THE IMMUNITY DEFENSE ORDINARILY SHOULD FAIL, SINCE A REASONABLY COMPETENT PUBLIC OFFICIAL SHOULD KNOW THE LAW GOVERNING HIS CONDUCT," QUOTING HARLOW V. FITZGERALD, 457 U.S. 800 AT 818-19

A. SUMMIT DEFENDANTS DO NOT ADHERE TO SDDOC POLICIES AND PROCEDURES REGARDING FOOD PREPARATION

REGULATIONS GOVERNING A FACILITY'S CONDUCT OFTEN REFLECT CONSTITUTIONAL PROTECTIONS AND CAN ADD A "PRESUMPTION OF KNOWLEDGE" TO THE ACTS OF A FACILITY'S EMPLOYEES, NELSON V. CORR. MED. SERVS, 583 F.3D 522, 531-34 (8TH CIR. 2009), THAT WAS QUOTING GRAPHENTEEN V. BALACH, 2017 U.S. DIST. LEXIS 29770 AT, *9-10.

HERE, SDDOC POLICY IS INDICATIVE OF AWARENESS ON THE PART OF SUMMIT OFFICIALS THAT THROUGH THE FOOD SERVICES CONTRACT AND INMATE WELLNESS POLICY 1.5.C2 THAT DIETARY GUIDELINES FOR AMERICANS AND THE USDA MYPLATE GUIDE (PAGE 7 OF DEFENSE EXHIBIT C, UNDER #5-MENU PLANNING) AS WELL AS THE USDA AND DEPARTMENT OF HUMAN SERVICES' FOOD GUIDE PRYAMID (INMATE WELLNESS POLICY SUBMITTED BY PLAINTIFF - REVISED 4/27/2019) OR

IN THE ALTERNATIVE (DEFENSE EXHIBIT DD INMATE WELLNESS POLICY - REVISED 8/18/2021) WHICH SAYS "MEALS WILL MEET OR EXCEED THE U.S. DEPARTMENT OF AGRICULTURE DIETARY GUIDELINES.

JUST A CURSORY REVIEW OF THE MENU CALENDAR REPORT FOR REGULAR DIETS SHOW A LACK OF FRUITS AND VEGETABLES TO THESE STANDARDS. THIS IS FUTHER SUPPORTED BY THE 2017 EVALUATION OF PRISON FOOD SERVICES PROGRAM (DEFENSE EXHIBIT 78) SHOWING LITTLE TO NO FRUITS AND PROTEIN FOODS SERVED AT LESS THAN HALF RECOMMENDED AMOUNTS. AND THAT IS THE DEFENSES OWN EVIDENCE PRODUCED BY PLAINTIFF AND DOC DEFENDANTS.

THE FOLLOWING BREAKDOWN OF THE MENU SHOWS THE DEFICIENCYS IN THE INMATES DIET. THE U.S. DIETARY GUIDELINES FOR AMERICANS (USDGA) CALLS FOR 2 1/2 CUPS OF DARK GREEN VEGETABLES TO BE CONSUMED PER WEEK. SUMMIT PROVIDES ZERO CUPS. THE USDGA STATES 7 1/2 CUPS OF RED AND ORANGE VEGETABLES ARE TO BE CONSUMED PER WEEK, SUMMIT PROVIDES A MAX OF ONE CUP PER WEEK. THE USDGA STATES 3 CUPS OF BEANS, PEAS, AND LENTILS ARE TO BE CONSUMED PER WEEK. THE DEFENDANTS PROVIDE A MAX OF ONE CUP. PER WEEK. THE USDGA STATES 7 CUPS OF OTHER VEGETABLES ARE TO BE CONSUMED PER WEEK. THE DEFENDANTS PROVIDE A MAX OF ONE CUP. THE USDGA STATES 2 1/2 CUPS OF FRUITS ARE TO BE CONSUMED PER DAY. THE DEFENDANTS PROVIDE 1/2 CUP PER DAY. TO PUT IN PERSPECTIVE, THAT IS 60 CUPS OR 30 POUNDS OF FRUIT MISSING PER INMATE DIET PER MONTH. SIMILAR FIGURES CAN BE SAID OF THE VEGETABLES. THE USDGA STATES 3 CUPS OF DAIRY IS TO BE CONSUMED PER DAY, (IN VARIOUS FORMS). THE SUMMIT EMPLOYEES PROVIDE ONE CUP IN THE FORM OF AN 8OZ (1 CUP) OF MILK AT BREAKFAST, THAT IS 60 CUPS OR ITS EQUIVALENT OF DAIRY MISSING FROM INMATE DIETS PER MONTH. THE USDGA STATES 7 OUNCES OF PROTEIN FOODS ARE TO BE CONSUMED PER DAY. SUMMIT PROVIDES 3-4 OUNCES PER DAY. IN TERMS OF A WEEK 49 OUNCES OF ARE TO BE CONSUMED, THE DEFENDANTS PROVIDE 21-28 OZ. AT

THEIR OWN ADMISSION IN THE 2017 EVALUATION, THAT IS ON AVERAGE TWO POUNDS OF PROTEIN FOODS MISSING PER INMATE DIET PER WEEK OR NEARLY 10 POUNDS OF MEAT MISSING PER MONTH, PER INMATE. THE USDGA STATES 10 OUNCES OF FISH IS TO BE CONSUMED EACH WEEK. THE DEFENDANTS PROVIDE NO FISH IN OUR DIET. THIS IS NEARLY THREE POUNDS OF FISH MISSING EACH MONTH FROM EACH INMATE DIET.

FOR THE ABOVE STATISTICS PLEASE REFERENCE PAGE 96 OF THE USDA DIETARY GUIDELINES FOR AMERICANS 2020-2025 (AN EARLIER VERSION WAS ALSO SUBMITTED TO THE COURT BY THE PLAINTIFF [2015-2020]). ALSO PLEASE REFERENCE FOOD JOURNALS AND ACTUAL MENUS OF SUMMIT FOODS SUBMITTED BY PLAINTIFF. ALSO OF INTEREST IS THE 2017 AND 2019 FOOD EVALUATIONS NOTING SPECIFFICALLY FRUIT AND MEAT SERVINGS, THIS PROVES SUMMIT DOES NOT ADHERE TO SDDOC POLICIES AND PROCEDURES OR FEDERAL GUIDELINES REGARDING FOOD PREPARATION.

ALTHOUGH NOT FOLLOWING THE FOOD CONTRACT COMPONENTS DO NOT MAKE UP THE ARGUMENT FOR PLAINTIFF'S CONSTITUTIONAL VIOLATIONS, HE WILL ADDRESS THIS AREA TO SHOW DEFENDANTS OVERALL VALUE OF ADHEREING TO REGULATIONS.

THE MECHANICALLY SEPARATED POULTRY AND TURKEY LOAF THAT IS USED IN 100% OF DISHES SERVED IS NOT GRADE A, CHOICE CUT MEAT AS OUTLINED ON PAGE 5 OF DEFENSE EXHIBIT C. TOP QUALITY FOOD PRODUCTS ARE NOT USED AS THE FOOD QUALITY CONTINUES TO DECLINES. IT IS VERY NOTICABLE. PAGE 7- CASSEROLES CANNOT COUNT AS TWO ITEMS AND MUST INCLUDE COOKED WEIGHT MEASUREMENTS OF MEAT OR MEAT EQUIVILANT PER PORTION. TO SHORTEN THIS UP... UNDER MENU PLANNING #5, B., C., G., ARE NOT UTILIZED AT ALL. THERE IS NO COMMENT/SURVEY CARDS. PAGE 8, #8 A. AND C. - THERE IS CONSISTANTLY MORE THAN TWO SUBSTITUTIONS PER WEEK, MANY TIMES IN THE SAME DAY. #10. HOLIDAY MEALS ARE NOT ALWAYS PREPARED IN ACCORDANCE WITH THE LISTED HOLIDAYS. #11. - THERE IS NO QUALITY ASSURANCE PROGRAM. PAGE 11. R. THERE IS NO FOOD SERVICE

TRAINING FOR INMATES. NO CERTIFICATE HAS EVER BEEN GIVEN FOR THIS NON-EXISTANT PROGRAM. PLEASE REFERENCE GRIEVANCES FOR THESE COMPLAINTS AND AFFIDAVITS OF SILVER McCLANAHAN, SAMUEL LINT AND ERIC COON. AS STATED, THE CONTRACT VIOLATIONS ARE NOT THE BASIS FOR THE CONSTITUTIONAL VIOLATIONS BUT DO SHOW A STATE OF MIND FOR FOLLOWING OBLIGATIONS. (PORTIONS OF THIS ARE MENTIONED IN THE OTHER INMATE AFFIDAVITS AS WELL) SEVERAL GRIEVANCES AND MORE THAN A DOZEN KITES WERE ADDRESSED TO SUMMIT STAFF REGARDING THE PRECEDING DIETARY AND CONTRACT COMPLAINTS. NONE WERE ANSWERED.

B. THE FOOD SERVED TO PLAINTIFF IS INADEQUATE

THE DEFENDANTS ASSERTIONS OF FOOD QUALITY AND AMOUNTS OF DESSERTS SERVED ARE CONTRACT VIOLATIONS AND ARE NOT THE BASIS OF THE CONSTITUTIONAL VIOLATIONS AS PREVIOUSLY STATED. WHAT IS THE BASIS IS THE INADEQUATE CALORIES BEING SERVED. USING THE MIFFLIN-ST. JEOR EQUATION AS REFERENCED IN INGRASSIA v. SCHAFER, 2013 U.S. DIST. LEXIS 156827 AT *8 AND THE NATIONAL INSTITUTE OF HEALTH WEBSITE, CHRISTIANS AT 6'2" AND 248 POUNDS AND AN INTENSELY ACTIVE LIFESTYLE WOULD NEED 4476 CALORIES PER DAY TO MAINTAIN BODY WEIGHT. PLEASE ALSO SEE PLAINTIFF EVIDENCE TITLED "HARRIS-BENEDICT EQUATION" SPECIFICALLY CITED BY NUMBER 4. CHRISTIANS COMPLAINTS IN IRR'S AND AR'S #27010, 27011, 27149, 27150, 27376, 27624, 27695, 27696, 27759, 28706, 28708 AND 30012 SHOW A RANGE OF CALORIES PER MEAL AS LOW AS 405 (OR 1200 PER DAY) TO AROUND 1800 CALORIES PER DAY. THIS IS LESS THAN HALF TO ABOUT 60% OF CHRISTIANS TOTAL CALORIES NEEDED AND WOULD EXPLAIN A DRASTIC WEIGHT LOSS OF 4 POUNDS PER WEEK. ALSO IN THE MENTIONED GRIEVANCES IS PORTIONS BEING CUT FROM MENU SPECIFICATIONS WHICH WOULD FUTHER REDUCE CALORIE COUNTS. CHRISTIANS UNDERSTANDS HE CANNOT DECIDE HIS

PORTIONS HOWEVER WHEN THE ALREADY SUBPAR MENU SAYS 12 OZ. IS TO BE SERVED AND ONLY 8 IS GIVEN THATS A 33% REDUCTION OF CALORIES. WHEN 1/2 CUP IS ON THE MENU BUT THE PORTION IS LESS THAN 1/4 CUP, THAT EQUATES TO LESS THAN HALF THE CALORIES ACCOUNTED FOR. PLEASE NOTE INMATE [redacted] DECLARATIONS OF ERIC COON, ALBERT MARSHALL JR., CHANCE HARRUFF, KEVIN BROWN JR., SHANE BELL, ROCKY BLAIR, ZACHARY GAMBLE, LEANDER CLAY, STEVEN SPEAR, STEVE LAYTON, SCOTT DAVI, SAMUEL LINT, SILVER MCCLANAHAN AND MARK CHRISTIANS AND THE AMENDED COMPLAINT IN REGARDS TO PORTION VARIENCES FROM MENU. MANY OF THESE DECLARATION ALSO STATE HOW LITTLE MEAT SERVINGS ARE AND HOW OUR PROTEIN SOURCES ARE NOT MEETING REQUIREMENTS.

PLAINTIFF IS NOT A MEDICAL DOCTOR BUT THE SPECIALIST DR. GUTNIK SAID "HE NEEDS MORE PROTEIN, NO DOUBT ABOUT THAT." - DOC DEFENDANTS EXHIBIT 66. CHRISTIANS CAN ALSO CALCULATE CALORIES AND NUTRIENTS FROM THE USDA NUTRATIVE VALUE OF FOOD DOCUMENT, DESIGNED FOR THE LAY PERSON TO DO JUST THAT. THE DIETARY GUIDELINES FOR AMERICANS IS ALSO EASY TO INTERPRET AND USING THESE METHODS IN COMPARISON TO SUMMIT PROVIDED MENUS AND MEALS IT WOULD BE EASY FOR A JURY TO DETERMINE AN INADEQUATE DIET.

WHEN PLAINTIFF ADVISED MEDICAL PERSONELL OF HIS CONSUMING 4000-5000 CALORIES PER DAY THIS WAS UNDER THE GUISE OF PLAINTIFF BEING TOLD BY DOC AND SUMMIT PERSONEL THAT HE WAS GETTING 3000 CALORIES FROM SUMMIT. IN JANUARY OF 2019 CHRISTIANS CALCULATED HIS CALORIES USING THE USDA FACTS AND DETERMINED A MUCH LOWER NUMBER (1200 CALORIES TO 2000 CALORIES) THIS SUPPORTS CHRISTIANS UNINTENTIONAL MISTAKE DUE TO MISINFORMATION. (SEE PLAINTIFF FOOD JOURNALS AND USDA'S NUTRITIVE VALUE OF FOOD.) THE 2017 AND 2019 FOOD SERVICE EVALUATIONS SHOWING AN ADEQUATE CALORIE COUNT OF 2700 SHOULD BE DISMISSED AS THAT WAS BASED ON A NUTRIENT ANALYSIS REPORT

WHICH SUMMIT DEFENDANTS DENY EVER EXISTED. HOW CAN YOU CALCULATE CALORIES AND NUTRITION WITHOUT SUCH A DOCUMENT. YOU CAN'T. AND IT SHOWS THAT SUMMIT DEFENDANTS NEVER HAD POSSESSION OF AN ACCURATE CALORIE COUNT LIKE THE ONE SUBMITTED BY CHRISTIANS. AS SUCH, SUMMARY JUDGEMENT IS IMPROPER. THERE IS CREDIBLE EVIDENCE FROM CREDIBLE SOURCES THAT SHOW SUMMIT IS SERVING INADEQUATE CALORIES.

C. PLAINTIFF'S HEALTH HAS SUFFERED AS A RESULT OF THE FOOD SERVED BY SUMMIT DEFENDANTS.

BEFORE PLAINTIFF ADDRESSES HIS INJURIES, TO SUPPORT THE LACK OF FOLLOWING THE U.S. DIETARY GUIDELINES AND AN INADEQUATE DIET, CHRISTIANS REFERENCES A <u>PRISON LEGAL NEWS</u> ARTICLE TITLED - "REPORT: SUMMIT FOOD SERVICES PROVIDES INADEQUATE NUTRITION AT MISSOURI JAIL" PREVIOUSLY SUBMITTED INTO EVIDENCE AND AN ADDITIONAL COPY WITH HIS MOTION FOR AN EXPERT WITNESS. IN THE ARTICLE, BOTH A GRAND JURY INVESTIGATION (OUT OF BOONE COUNTY MISSOURI) AND AN INDEPENDENT DIETITIAN NAMED MELINDA HEMMELGARN, FELT DAILY NUTRITIONAL VALUES WERE NOT BEING MET AND THE MENU DID NOT MEET U.S. DIETARY GUIDELINES AMONGST OTHER FAULTS. CHRISTIANS RESPECTFULLY ASSERTS THAT HE HAS RAISED GENUINE ISSUES OF MATERIAL FACT THAT THE FOOD SERVED BY SUMMIT IS NUTRITIONALLY INADEQUATE.

CHRISTIANS WILL SHOW HOW HIS BODY DETERIORATED FROM WITHIN DUE TO INADEQUATE NUTRITION AND USE DEFENDANTS OWN STATEMENT ABOUT HIS BODY TYPE TO DO SO. THIS WILL MEET THE INJURY GUIDELINE ALONG WITH OTHER AILMENTS THAT WILL BE SUPPORTED BY INMATE DECLARATIONS ALLEGEING THE SAME TYPE OF AILMENTS.

ONE MORE THING ABOUT INADEQUATE NUTRITION AND THE USDA'S FOOD GUIDE PYRAMID. A COPY OF THE FOOD GUIDE HAS BEEN

PROVIDED TO THE COURT. AS ONE CAN SEE THE MENU DOES NOT REFLECT THE PROPER SERVINGS. FOR EXAMPLE: FRUIT GROUP 2-4 SERVINGS - DEFENDANTS ADMISSION (1) SERVING PER DAY, VEGETABLES 3-5 SERVINGS PER DAY - DEFENDANTS ADMISSION (1) SERVING, MILK YOGURT AND CHEESE GROUP 2-3 SERVINGS - MENU OF DEFENDANTS SHOWS ONLY ONE SERVING PER DAY. ANOTHER EXAMPLE WOULD BE: FATS, OILS & SWEETS - USE SPARINGLY - THIS CATEGORY INMATES GET 3-6 SERVINGS A DAY, AND A THING ABOUT PORTION CONTROL, THERE IS NO [redacted] SET TRAY FOR INMATES SERVING TO GO OFF OF AND DAILY THEY USE THE WRONG SERVING SPOON FOR CORRECT PORTIONS. AS ONE CAN DETERMINE, [redacted] INADEQUATE SERVINGS, INADEQUATE PORTIONS COMPARED TO MENU STANDARDS, AND A FAILURE TO FOLLOW DIETARY GUIDELINES SUPPORT CHRISTIANS DETERMINATION OF CALORIES, WITH THE USE OF FOOD VALUE DIRECTLY FROM THE USDA, TO BE CORRECT AND PROVE AN INADEQUATE DIET.

NOW ON TO THE INJURY. CHRISTIANS LOST 90 POUNDS IN JUST OVER A YEAR, THE NIH RECOMMENDS LOSING 1 TO 2 POUNDS A WEEK FOR A PERIOD OF SIX MONTHS FOR SAFE WEIGHT LOSS. CHRISTIANS SHOWS HE LOST WEIGHT FOR A DURATION NEARLY THREE TIMES THAT WHICH IS RECOMMENDED AND WILL SHOW A RATE OF 3-4 TIMES THAT WHICH IS RECOMMENDED TO LOSE PER WEEK. FROM SEPTEMBER 6TH, 2017 TO OCTOBER 4TH, 2017 CHRISTIANS LOST 16 POUNDS, A RATE OF FOUR POUNDS A WEEK AND TWO TO FOUR TIMES THAT WHICH IS SAFE. FROM APRIL 19, 2017 TO JULY, 12, 2017 CHRISTIANS LOST 30 POUNDS AT A RATE OF NEARLY THREE POUNDS PER WEEK. AGAIN FOR THREE MONTHS STRAIGHT WELL OVER THE THRESHOLD FOR SAFE WEIGHT LOSS. THIS LACK OF CALORIES RESULTING IN WEIGHT LOSS PUT AN EXTREME AMOUNT OF STRESS IN CHRISTIANS BODY. ACCORDING TO THE NIH LOW CALORIE DIETING INCREASES CORTISOL AND RESULTING INSULIN RESISTANCE. "RESEARCHERS HAVE LONG KNOWN THAT FASTING AND STARVATION ARE ASSOCIATED WITH AN ELEVATION OF CORTISOL," "RESTRICTING ONE'S CALORIC INTAKE INCREASED

TOTAL DAILY CORTISOL." "TOO MUCH CORTISOL CAN LEAD TO CUSHING'S SYNDROME. SYMPTOMS INCLUDE: A FLUSHED FACE, MUSCLE WEAKNESS, INCREASED THIRST, URINATING MORE FREQUENTLY, CHANGES IN MOOD, WEIGHT GAIN IN THE FACE AND ABDOMEN, OSTEOPOROSIS, BRUISES OR PURPLE STRETCH MARK APPEARING ON SKIN, AND A DECREASED SEX DRIVE." ALL OF THESE WERE COMPLAINTS OF CHRISTMANS TO MEDICAL STAFF DURING AND AFTER HIS EXTREME WEIGHT LOSS. THIS SHOWS A DIRECT LINK TO THE INADEQUATE DIET AND HIS CURRENT AND FUTURE HEALTH ISSUES. TOO MUCH CORTISOL CAN ALSO CAUSE HIGH BLOOD PRESSURE, FATIGUE, IMPAIRED BRAIN FUNCTION AND INFECTIONS. CHRISTMANS ALSO COMPLAINED OF FATIGUE, NOT BEING ABLE TO CONCENTRATE AND CONTRACTED H. PYLORI (LIKELY THROUGH THE UNSANITARY PRACTICES OF FOOD SERVICES). (SEE NATIONAL INSTITUTE OF HEALTH - PUBLIC ACCESS ARTICLE ENTITLED "LOW CALORIE DIETING INCREASES CORTISOL AND MEDICAL NEWS TODAY ARTICLE "HOW TO REMOVE CORTISOL FROM THE BODY NATURALLY.") CHRISTMANS ALSO BEGAN TO SUFFER FROM INSOMNIA DURING THIS WEIGHT LOSS. SOMETHING THAT CONTINUES THROUGH TODAY.

BY NOT HAVING ENOUGH SOLUBLE FIBER IN HIS DIET FROM A LACK OF FRUITS, VEGETABLE, WHOLE GRAINS AND LEGUMES CHRISTMANS HAS DEVELOPED HIGH CHOLESTEROL. (SEE ARTICLE "HOW SOLUBLE FIBER LOWERS BLOOD CHOLESTEROL.")

THE DEFENDANTS OWN ADMISSION THROUGH MEDICAL RECORDS SHOW PLAINTIFF WAS NOT FAT BUT HAD "GOOD MUSCULAR TONE" WAS "QUITE MUSCULAR" AND "WELL DEVELOPED" SHOWING THE ONLY THING CHRISMANS HAD TO LOSE WAS MUSCLE MASS. HIS MUSCLES ATROPHIED. AND HE COMPLAINED OF MUSCLE LOSS AND WEAKNES SEVERAL TIMES TO MED STAFF. (SEE KITES AND MEDICAL REPORTS PREVIOUSLY SUBMITTED)

THERE IS NO MEDICAL EVIDENCE THAT STOPPING A MEDICATION CAUSES YOU TO LOSE WEIGHT.

AGAIN PLAINTIFF'S HUNGER STRIKE HAS NOTHING TO DO WITH

WEIGHTLOSS OF 90 POUNDS THAT OCCURED FOUR YEARS PRIOR TO THE HUNGER STRIKE.

THE DEFENDANT MENTION UNTREATED GENITAL WARTS. THE PLAINTIFF HAS NEVER MENTIONED THIS AS A RESULT OF THE INADEQUATE NUTRITION. THIS IS AN OBVIOUS ATTEMPT BY THE DEFENDANTS TO EMBARASS THE PLAINTIFF BY BRING UP MEDICAL ISSUES THAT HAVE NOTHING TO DO WITH THIS CASE AND IT SHOULDN'T BE MENTIONED IN THE RECORD. IT'S QUITE DESPICABLE. THE SAME GOES FOR THE CRACKED FEET AND FACIAL BUMPS.

ALTHOUGH CHRISTIANS HAS COMPLAINED OF RIGHT SHOULDER PAIN, AND DRY LIPS HE DOES NOT ASSOCIATE THESE WITH INADEQUATE NUTRITION. PLAINTIFF STATES THESE ARE MADE UP ALLEGATIONS FROM THE DEFENSE TO CONFUSE THE REAL ISSUES. MOST THE FACTS ARE NOT CORRECT SO PLAINTIFF WILL NOT WASTE THE COURTS TIME BY ADDRESSING THEM.

CHRISTIANS INFLAMMATION IN HIS SMALL INTESTINES COULD EASILY BE CAUSED BY THE SPOILED FOODS SUMMIT SERVES. CHRISTIANS HAS NOT ADHERED TO A GLUTEN FREE DIET FOR ROUGHLY TWO YEARS AND RECENTYLY HAD A NORMAL GASTROINTESTINAL CHECK-UP.

PLAINTIFF WAS NOT ON A MEDICALLY REQUIRED DIET DURING HIS WEIGHT LOSS AND HE IS NOT FOLLOWING ONE NOW AND HAS GAINED WEIGHT.

DEFENDANTS POINT OUT A FEW COMMISSARY PURCHASE WHICH ARE CONSIDERED JUNK FOOD. WHAT DEFENDANTS DON'T UNDERSTAND IS CHRISTIANS TRADE THE FEW PURCHASE OF JUNK FOOD FOR HEALTHY ITEMS LIKE APPLES AND ORANGES FROM OTHER INMATES. EVEN SO PURCHASES WERE MINIMAL OVER THE COURSE OF FOUR YEARS AS SEEN IN DEFENSE EXHIBIT "T". TO BE OF NOTE AND INTEREST IS COMPARING THE VERY MINIMAL JUNK FOOD PURCHASE TO CHOCOLATE AND VANILLA HEALTH SHAKES. HEALTH SHAKES WERE PURCHASED 302 TIMES DURING THIS SAME TIME FRAME,

INSTANT MILK - 130 PURCHASES, CHILI - 53 PURCHASES, REFRIED BEANS - 39 TIMES, PEANUTS - 15 TIMES, VARIOUS CHEESE BLOCKS - 16 TIMES. THE HEALTHY PURCHASE BY CHRISTIANS FAR AND AWAY OUTWEIGH THE JUNK FOOD PURCHASES HE DIDN'T EVEN CONSUME.

DEFENDANTS ON THE OTHER HAND SERVE CAKE AND COOKIES MINIMUM TWICE A DAY AND QUITE OFTEN THREE TIMES A DAY. THAT'S ROUGHLY 1000 SERVINGS OF JUNK FOOD A YEAR WHICH DOESN'T INCLUDE THE POTATOE CHIPS THEY SERVE. YET THEY ARE MAKING ISSUE WITH A HANDFUL OF PURCHASES BY CHRISTIANS?

CHRISTIANS DIDN'T HAVE ANY PREEXISTING CONDITIONS THAT WERE FOOD RELATED UNTIL HIS DRASTIC WEIGHT LOSS INDUCED BY INADEQUATE PROTEIN AND NUTRITION. HIS HEALTH CONDITIONS STATED AT THE TIME OF HIS LOSS OF MUSCLE AND STRENGTH WHERE HE BECAME CONTINUALLY FATIGUED, WEAK, AND OUT OF SORTS. TO ALLOW ONES BODY TO DETERIORATE BECAUSE OF LACK OF NUTRITION IS A CONSTITUTIONAL VIOLATION AND ACCORDINGLY SUMMARY JUDGEMENT SHOULD BE DENIED.

IT SHOULD ALSO BE MENTIONED DUE TO NOT GETTING ENOUGH FOOD CHRISTIANS EXPERIENCE DIZZINESS AND FAINTING SPELLS, ONE OF WHICH RESULTED IN A BROKEN LEG. CHRISTIANS STILL HAS ONGOING ISSUES WITH THIS LEG DUE TO TO FAINTING SPELL.

IN INGRASSIA V. SCHAFER, 825 F.3D 891 SAYS "THE NORMAL BMI DOES NOT AS A MATTER OF LAW FORECLOSE AN INADEQUATE NUTRITION CLAIM. CHRISTIANS HAS SHOWN THAT HE WAS A HEALTHY INDIVIDUAL WHO LOST WEIGHT AT AN UNHEALTHY RATE DUE TO INADEQUATE NUTRITION THAT CAUSED MUSCLE ATROPHY ALONG WITH A HOST OF OTHER ISSUES. WISHON V. GAMMON, 978 F.2D 446 "ON THE OTHER HAND [IT] MAY BE A CONSTITUTIONAL VIOLATION IF ONES MUSCLES ARE ALLOWED TO ATROPHY OR IF AN INMATES HEALTH

IS THREATENED." FURTHER, THE CDC SAYS (SEE CENTER FOR DISEASE CONTROL AND PREVENTION - HEALTHY WEIGHT) "BMI CAN BE USED AS A SCREENING TOOL BUT IT IS NOT DIAGNOSTIC OF BODY FATNESS OR HEALTH OF AN INDIVIDUAL." IT GOES ON TO SAY "TO DETERMINE IF A HIGH BMI IS A HEALTH RISK, A HEALTH CARE PROVIDER WOULD NEED TO PERFORM FUTHER ASSESSMENTS. THESE ASSESSMENTS MIGHT INCLUDE SKIN FOLD THICKNESS MEASUREMENTS, EVALUATIONS OF DIET, PHYSICAL ACTIVITY, FAMILY HISTORY, AND OTHER APPROPRIATE HEALTH SCREENINGS. BMI... IS NOT DIAGNOSTIC."

2. SUMMIT DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S DIETARY NEEDS.

EVEN THOUGH REQUIRED BY CONTRACT TO IMPLEMENT A TRAINING PROGRAM FOR INMATE KITCHEN WORKERS, SUMMIT HAS FAILED TO DO SO RESULTING IN ILL-PREPARED FOOD WITH INCORRECT PORTION SIZES. AS CAN BE SHOWN, IF THIS COURT ALLOWS CHRISTIANS TO COLLECT AFFIDAVITS FROM SEVERAL INMATES WHO WITNESSED CBM/SUMMIT STAFF CHANGING EXPIRATION DATES ON FOODS AND DIRECTED INMATES TO DO THE SAME, SUMMIT SERVED KNOWINGLY SPOILED ROTTEN FOOD. SUMMIT DEFENDANTS TRY TO CONFUSE THE ISSUES BY BRINGING UP GLUTEN-FREE PROCEDURES BUT PLAINTIFF HAS NEVER USED THIS AS AN ARGUMENT. IT SHOULD BE NOTED THAT THEY DO NOT FOLLOW A GLUTEN-RESTRICTIVE PROCEDURE AS CHRISTIANS, WHEN ON A GLUTEN FREE DIET, CONSTANTLY RECEIVED BREADS, CAKES, COOKIES, PASTAS AND THE LIKE ALL CONTAINING GLUTEN.

THE EVALUATIONS OF FOOD SERVICES DO NOT SEE THE CHANGING OF DATES AS INMATES DO ON A WEEKLY BASIS. THE EVALUATION LASTED ONLY A DAY AND IS LIMITED.

SUMMIT WAS NOTIFIED OF CONTRACT VIOLATIONS AND NOT ADHERING TO THE USDA DIETARY GUIDELINES FOR AMERICANS AND USDA MYPLATE GUIDE. AS SEEN IN

THE SUBMITTED EMAILS FROM DAREK EKEREN (DOC DEFENDANT) TO KEVIN TRIERWEILER WHO INTERN FORWARDED THE INFORMATION TO JESSICA WALDNER WHO ALSO WROTE JOHN TRIERWEILER. A COPY OF THE GRIEVANCE #30012 ABOUT NOT MEETING DIETARY GUIDELINES WAS ALSO GIVEN TO THESE INDIVIDUALS (PLEASE REFER TO EMAILS DATED NOVEMBER 5 TO NOVEMBER 6, 2019) THE REPLY TO PLAINTIFFS DIET CONCERNS WAS "DOES THE CONTRACT STATE ANY OF THIS CRAP?" AND "I THINK WE CAN USE THE SAME REPLY FOR THIS AS YESTERDAY, 'MENUS ARE PLANNED ACCORDING TO CONTRACT REQUIREMENTS.'" THESE EMAILS AND GRIEVANCES #30012 SHOW AT MINIMUM ABOUT THE DIET INADEQUACIES BUT INSTEAD OF ADDRESSING THE ISSUE THEY CALLED IT "CRAP" AND GAVE A GENERIC RESPONSE ABOUT MENU PLANNING. AS SHOWN IN THE GRIEVANCES SUBMITTED THAT WERE REFERED TO ON PAGE 13 OF THIS BRIEF, DEFENDANTS WERE ALSO MADE AWARE OF THE LOW CALORIES AND PROTEINS AND IMBALANCED MACRONUTRIENTS, AS WELL AS IMPROPER PORTIONS. THEY CHOSE TO IGNORE ANY DENY THESE ALLEGATIONS HOWEVER CHRISTMANS SUBMITTED EVIDENCE THEN AND NOW SUPPORTING HIS CLAIMS AND THE SUMMIT DEFENDANTS STILL TRY TO DENY WITH NO EVIDENCE CONTRADICTING PLAINTIFFS CLAIMS. THEY DENY, DEFLECT TO DOC STAFF AND TRY TO CONFUSE THE ISSUES ALL IN AN ATTEMPT TO ESCAPE [redacted] RESPONSIBLITY FOR THERE INACTION AND WANTON BEHAVIOR. THE FACT THEY WERE MADE AWARE OF THE INADEQUATE NUTRITION AND DID NOTHING TO CORRECT THE SITUATION SHOWS THEIR DELIBERATE INDIFFERENCE TOWARDS CHRISTMANS DIET AND FUTURE HEALTH. ACCORDINGLY, CHRISTMANS RESPECTFULLY REQUESTS THAT THIS COURT FIND SUMMIT DEFENDANTS COMMITTED EIGHTH AMENDMENT VIOLATIONS AND DENY SUMMARY JUDGEMENT.

E. COMPENSATORY AND PUNITIVE DAMAGES ARE RECOVERABLE.

PLAINTIFF HAS, AS SHOWN ABOVE, DEMONSTRATED THAT HIS HEALTH ISSUES ARE RELATED TO THE INADEQUATE NUTRITION SUPPLIED BY SUMMIT DEFENDANTS. AS SUCH, THE REQUEST FOR COMPENSATORY DAMAGES SHOULD BE A QUESTION FOR THE JURY.

PLAINTIFF ALSO REQUESTED PUNITIVE DAMAGES. PUNITIVE DAMAGES ARE RECOVERABLE "WHEN THE DEFENDANT'S CONDUCT IS SHOWN TO BE MOTIVATED BY EVIL INTENT OR MOTIVE, OR WHEN IT INVOLVES RECKLESS OR CALLOUS INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS." KOLSTAD V. AM. DENTAL ASSOC., 527 U.S. 526, 536 (1999); KAHTZKY, 375 F.3D @ 724. BALLENTINE'S LAW DICTIONARY - 3RD EDITION - DEFINES RECKLESS AS - CARELESS, DISREGARD OR INDIFFERENCE TO CONSEQUENCES INVOLVING DANGER TO LIFE OR SAFETY OF OTHERS. BALLENTINE'S CARELESSLY, AS JUST DEFINED IN RECKLESS AS - WITHOUT THAT DEGREE OF CARE AN ORDINARILY PRUDENT PERSON WOULD USE UNDER THE LIKE AND SIMILAR CIRCUMSTANCES, AND IN RECKLESS DISREGARD OF THE CONSEQUENCES THEREOF, OR OF THE EFFECT OF THE ACT DONE UPON THE PERSON OR LIFE OF ANOTHER. CALLOUS IS DEFINED AS FEELING NO EMOTION OR SYMPATHY, UNSYMPATHETIC. UNSYMPATHETIC IS DEFINED AS NOT RESPONSIVE. SO IF ONE IS CARELESS, [redacted] DOES NOT ACT AS AN ORDINARY PRUDENT PERSON AND IS NON-RESPONSIVE, PUNITIVE DAMAGES ARE IN ORDER. PRUDENT IS DEFINED AS SHREWD IN THE MANAGEMENT OF PRACTICAL MATTERS, ADVISEABLE.

IT IS OBVIOUS THAT THE DEFENDANTS WERE NOT PRUDENT OR ADVISEABLE BECAUSE PLAINTIFF INFORMED THEM BOTH DIRECTLY (IN TERMS OF INADEQUATE PORTIONS) AND INDIRECTLY (THROUGH DOC STAFF EMAILS) THAT THE DIET WAS NOT ADHEREING TO FEDERAL GUIDELINES. THEY CALLED PLAINTIFFS COMPLAINTS "CRAP" AND GAVE GENERAL ANSWERS OF

DENIAL WITHOUT EXPLAINING THEIR INACTION, THESE ARE TRAINED EDUCATED PERSONS WHO KNEW THEIR ACTIONS WERE IMPROPER BUT DID NOTHING TO CHANGE OR EVEN ADDRESS THE ISSUES. THEY KNOWING DIDN'T ADHERE TO REQUIREMENTS IN POLICY, CONTRACTS AND FEDERAL MINIMUM NUTRITION GUIDELINES, THIS SHOWS THEIR STATE OF MIND TO JUSTIFY AN AWARD OF PUNITIVE DAMAGES AND SHOULD BE LEFT TO A JURY'S DECISION. ACCORDINGLY PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ALLOW THE CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES TO PROCEDE.

## V. CONCLUSION

"CONVICTED PRISONERS ARE PROTECTED BY THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH PROHIBITS IMPOSITION OF CRUEL AND UNUSUAL PUNISHMENT.... THE BASIC CONCEPT UNDERLYING THE EIGHTH AMENDMENT IS NOTHING LESS THAN THE DIGNITY OF MAN, THE AMENDMENT MUST DRAW ITS MEANING FROM THE EVOLVING STANDARDS OF DECENCY THAT MARK THE PROGRESS OF A MATURING SOCIETY. THE AMENDMENT PROHIBITS PENALTIES "THAT TRANSGRESS TODAY'S 'BROAD AND IDEALISTIC CONCEPTS OF DIGNITY, CIVILIZED STANDARDS, HUMANITY, AND DENCENCY.'" HUTTO V. FINNEY, 437 U.S. 678, 685, 98 S. CT. 2565, 2571, 57 L. ED. 2D 522 (1978) (QUOTING ESTELLE V. GAMBLE, 429 U.S. 97, 102, 97 S. CT. 285, 290, 50 L. ED. 2D 251 (1976)). THAT WAS FROM CAMPBELL V. CAUTHRON, 623 F.2D 503, 504-505.

THE DEFENDANT BROKE THESE "CIVILIZED STANDARDS" BY SERVEING AN INADEQUATE DIET INVOLVING LACK OF CALORIES, PROTEINS AND GENERALLY AN INEDIBLE DIET THAT CAUSED INJURY AND SICKNESS TO INMATES. THE SUMMIT DEFENDANT COMMITED CONSTITUTIONAL VIOLATIONS AND ACCORDINGLY, PLAINTIFF RESPECTFULLY REQUEST THAT THE

COURT DENY SUMMARY JUDGEMENT, [redacted]

RESPECTFULLY SUBMITTED THIS 13TH DAY OF JULY, 2022.

MARK A. CHRISTMANS
SOUTH DAKOTA STATE PENITENTIARY
P O BOX 5911
SIOUX FALLS, SD 57117