UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; BARNETCHE, Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, | 4:20-CV-04083-LLP<br><br>SECOND AMENDED RULE 16 SCHEDULING ORDER (SECOND AMENDED COMPLAINT) |

| | |
|---|---|
| individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>Defendants. | |

Plaintiff, Mark Christians, is an inmate at the South Dakota State Penitentiary (SDSP). He filed a pro se civil rights lawsuit under 42 U.SC. § 1983. Doc. 1. This Court screened Christians' amended complaint under 28 U.S.C. § 1915A and directed service on the remaining defendants. Doc. 27. After the defendants responded to the amended complaint, the Court entered a Rule 16 Scheduling Order. Doc. 78. When one of the parties moved for an extension of the deadlines in the Rule 16 Scheduling Order, Doc. 124, the Court issued an Amended Rule 16 Scheduling Order, Doc. 125. In accordance with the Court's scheduling order, the Department of Corrections Defendants ("DOC Defendants") filed a motion for summary judgment. Doc. 98. This Court granted in part and denied in part the DOC Defendants' motion for summary judgment. Doc. 147.

Christians filed a timely motion for leave to file a second amended complaint. Docs. 79; 83. After the deadlines in the Amended Rule 16 Scheduling Order had expired, the Court granted in part and denied in part Christians' motion for leave to file a second amended complaint and ordered service on the newly added defendants. Doc. 147 at 48–57, 67. The newly added

defendants have responded to the second amended complaint. Doc. 200. Thus, this Court, on its own motion, enters this Second Amended Rule 16 Scheduling Order.

IT IS ORDERED:

1. That the parties may **not** conduct any further discovery or file any further motions, other than motions in limine, related to any of Christians' claims against the DOC Defendants which survived summary judgment. The scheduling deadlines in this Second Amended Rule 16 Scheduling Order apply only to the claims in Christians' second amended complaint that this Court ruled were permitted to go forward in its order granting in part and denying in part Christians' motion for leave to file a second amended complaint. *See* Doc. 147 at 66–67.

2. That all discovery, including expert discovery, shall be commenced in time to be completed by December 15, 2023, and a maximum of twenty-five (25) interrogatories, including all discrete subparts, and twenty-five (25) requests for admission by each party to any other party will be allowed, and responses thereto shall be due thirty (30) days after service with the days being counted from the date of the postmark. Discovery responses must be supplemented as additional information is available.

3. That Defendants shall produce documents requested by Plaintiff at Defendants' expense unless Plaintiff's request for documents is beyond the scope of discovery permitted by this Order or an abuse of the discovery rules. All document discovery, including electronically stored information, shall be provided via paper copy.

4. That all motions, other than motions in limine, together with supporting briefs, shall be filed on or before January 26, 2024; that opposing parties shall file and serve answering materials and briefs on or before February 16, 2024; and reply briefs shall be filed and served on or before March 1, 2024.

5. That if after reviewing the briefs the Court determines that oral argument is necessary, a date for oral argument will then be set.

6. That after ruling on any dispositive motions related to claims in Christians' second amended complaint that this Court ruled were permitted to go forward, the Court will set a trial date and schedule deadlines for pre-trial filings for any remaining claims in Christians' second amended complaint and Christians' claims against the DOC Defendants that survived summary judgment.

7. That the schedule herein may be modified by the Court upon a showing of good cause.

DATED October 17, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK