UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| MARK CHRISTIANS,<br><br>  Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; BARNETCHE, Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, | 4:20-CV-04083-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER AND VACATE THE COURT'S ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE SUMMIT DEFENDANTS |

| | |
|---|---|
| individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity, <br><br>                     Defendants. | |

Plaintiff, Mark Christians, is an inmate at the South Dakota State Penitentiary (SDSP). He filed a pro se civil rights lawsuit under 42 U.SC. § 1983. Doc. 1. By order dated March 29, 2023, this Court granted the Summit Defendants' motion for summary judgment.[1] Doc. 185 at 5–23, 30. Although there was evidence that some of Christians' complaints about food quality, quantity, and services at DOC facilities reached the Summit Defendants, the Court found "[t]here is no evidence in the record that the Summit Defendants were alerted to any of the harms that Christians alleges he suffered or was at risk of suffering. The Summit Defendants were not aware that Christians was losing weight or that he was losing muscle and strength." *Id.* at 22–23. Because there was no evidence that "the Summit Defendants were aware of and deliberately indifferent to Christians' nutritional needs because they were not aware of a substantial risk of serious harm to Christians[,]", the Court granted the Summit Defendants' motion for summary

---

[1] The Summit Defendants include Jarred Anderson, Kelly Buchholz, John Trierweiler, Pamela Thomas, Justin Barthel, Unnamed Summit Licensed Dieticians, Unnamed Summit Dietary Assistants, Unnamed Summit Directors of Operations, Unnamed Summit District Managers, Unnamed Summit Food Service Directors, Unnamed Summit Assistant Food Service Directors, Unnamed Summit Food Service Works [sic: Workers], and Summit Food Service, LLC. Docs. 135; 156; and 185 at 5.

judgment. *Id.* at 23. Christians has filed a motion for reconsideration of the order granting summary judgment in favor of the Summit Defendants. Doc. 187. In support of his motion for reconsideration, Christians argues that the Summit Defendants were fully aware of his weight loss and allegation that the inadequate diet provided by the Summit Defendants was the cause. *Id.* Christians has also filed a motion to vacate the order granting summary judgment in favor of the Summit Defendants. Doc. 190. In addition to repeating the arguments raised in his motion to reconsider, Christians contends that the order granting summary judgment in favor of the Summit Defendants should be vacated because Christians did not receive a copy of the Summit Defendants' Reply to Plaintiff's Brief in Opposition of Summit Defendants' Motion for Summary Judgment. *Id.* The Summit Defendants submitted evidence that they served their reply brief via certified mail and that the reply brief was in fact delivered to the South Dakota State Penitentiary. *See* Docs. 192-1; 192-2. Christians informed the Court in a subsequent filing that he had in fact received a copy of the Summit Defendants' reply brief. Doc. 194. Thus, the Court need only consider whether Christians' motion to reconsider and motion to vacate should be granted because the Summit Defendants were aware of Christians' weight loss. For the following reasons, this Court denies Christians' motion to reconsider, Doc. 187, and motion to vacate, Doc. 190.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Needham v. White Laboratories, Inc.*, 454 U.S. 927, 930 n.1 (1981) (Rehnquist, J., dissenting). Christians' motions do not cite to a specific Federal Rule or any other authority that would be a basis for this Court to set aside, vacate, or reconsider its Order granting the Summit Defendants'

motion for summary judgment. Courts typically construe a motion to reconsider as a motion under Rule 59(e) or Rule 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).

## I.  Federal Rule of Civil Procedure 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to "alter or amend a judgment . . . no later than 28 days after entry of the judgment." "Judgment" as used in the Federal Rules of Civil Procedure is defined in Rule 54(a). Fed. R. Civ. P. 54(a) Rule 54(a) defines "judgment" to "include[] a decree and any order from which an appeal lies." *Id.* At this stage of the proceedings, no appeal lies from the Court's grant of summary judgment in favor of the Summit Defendants. The courts of appeal "have jurisdiction of appeals form all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Generally, the Eighth Circuit considers only decisions that dispose of all claims to be final and appealable under § 1291. *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991). Rule 54(b), however, contains an exception. Fed. R. Civ. 54(b). Rule 54(b) provides in relevant part:

> when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or decision, however, designated, that adjudicates . . . the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

When this Court granted the Summit Defendants' motion for summary judgment, the Court did not certify its ruling as a final judgment under Rule 54(b). The Eighth Circuit has consistently stated that Rule 54(b) certifications "should neither be granted routinely nor as an accommodation to counsel." *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006)). Even if one of the parties had requested a Rule 54(b) certification, the Court would have denied the

4

during the pendency of the motion for which reconsideration was sought. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). While district courts have considerable discretion in deciding whether to reconsider an interlocutory order under 54(b), *Wells' Dairy Inc. v. Travelers Indem. Co.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004), courts also have an interest in judicial economy and ensuring respect for the finality of its decisions. *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, 2010 WL 3522476, at *2, 2010 U.S. Dist. LEXIS, at *7 (W.D. Mo. Sept. 2, 2010).

### III.   Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for six enumerated reasons. Fed. R. Civ. P. 60(b). Christians' motions do not identify a specific reason enumerated in Rule 60(b). The Court construes the motion under Rule 60(b)(6)'s catchall provision: "any other reason that justifies relief." To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted).

## DISCUSSION

In his motion to reconsider and his motion to vacate, Christians argues that the allegations in his amended complaint, which was served on the Summit Defendants on January 14, 2021, made them aware of his allegation that he was losing weight due to a nutritionally inadequate diet. Doc. 187 at 1. After the amended complaint was served on the Summit Defendants, Christians contends that he lost an additional sixteen pounds between March 20, 2021, and April 3, 2021. *Id.* Christian also asserts that his weight was recorded by the medical

staff at the prison. *Id.*; Doc. 196 at 2. These arguments are not a reason to reconsider or vacate the Court's grant of summary judgment in favor of the Summit Defendants for two reasons.

First, Christians responded to the Summit Defendants' motion for summary judgment on July 18, 2022. Docs. 139–43. In his responsive papers, Christians did not argue that the allegations in his amended complaint constituted evidence that the Summit Defendants were alerted to the harms that Christians alleges he suffered or was at risk of suffering or that he had lost an additional sixteen pounds between March 20, 2021, and April 3, 2021. *Id.* Christians cannot now urge the Court to reconsider or vacate its grant of summary judgment based on factual allegations[2] and arguments that could have been, but were not, raised in response to the motion for summary judgment.

Second, Christians' arguments in support of his reconsider and motion to vacate directly contradict the arguments he raised in opposition to the Summit Defendants' motion for summary judgment. The Summit Defendants argued that Christians' weight loss was attributable, in part, to a hunger strike from March 31, 2021, to May 2, 2021. Doc. 137 ¶ 22. Christians responded that his hunger strike in April and May of 2021 "has little to do with the instant lawsuit or any of [his] health issues that occured [sic] years prior to the hunger strike." Doc. 140 at 3. Christians' alleged injury, according to his response to the Summit Defendants' motion for summary judgment, is the loss of "90 pounds in just over a year." *Id.* at 16. Christians alleges that this 90-pound weight loss occurred four years prior to his hunger strike in the spring of 2021. *Id.* at 17–18. Even if the Court accepts Christians' position that the allegations in his amended complaint, which was served on January 14, 2021, put the Summit Defendants on notice that Christians had

---

[2] Christians' argument also disregards the obligation of a party opposing summary judgment to point to record evidence that establishes that there is a genuine issue of material fact. Allegations in Christians' amended complaint are not record evidence.

lost weight and that his health had suffered due to an inadequate diet, notice in January 2021 does not create any genuine issue of material fact that the Summit Defendants were deliberately indifferent to weight loss and health issues occurring years before. Because this Court's grant of summary judgment in favor of the Summit Defendants was not based on a clearly or manifestly erroneous finding of fact or conclusion of law, and there are no exceptional circumstances to indicate that Christians was denied a full and fair opportunity to pursue his claims against the Summit Defendants, Christians' motions are denied.

Accordingly,

IT IS ORDERED:

1. That Christians' motion for reconsideration, Doc. 187, is denied.
2. That Christians' motion to vacate, Doc. 190, is denied.

DATED October 17, 2023.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge