UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; BARNETCHE, | 4:20-CV-04083-LLP<br><br><br><br>ORDER ON PENDING MOTIONS |

| | |
|---|---|
| Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>                    Defendants. | |

Plaintiff Mark Christians has filed a motion for assisted service, Doc. 212, and a motion to appoint counsel, Doc. 222.[1] Defendants have filed a motion to strike, Doc. 219, and a motion to extend, Doc. 224.

## DISCUSSION

**I.      Motion for Assisted Service**

The Court granted Christians' motion for assisted service regarding Department of Corrections (DOC) Defendants Hulscher, Bernetche, Mullin, and Perrett. Doc. 185 at 29–30. The summonses for these Defendants were returned unexecuted because these Defendants are no longer employed by the DOC. Doc. 184. The Court ordered counsel for the DOC to provide to the United States Marshal Service (USMS) the last known addresses for the former DOC employees who had not been served. Doc. 185 at 29–30. However, Bernetche has not yet been

---

[1] Christians has also filed a motion to compel, Doc. 220. The Court will issue a separate order addressing Christians' motion to compel.

served because he no longer lives at the last known address counsel for the DOC Defendants provided to the USMS. Doc. 207. Christians has filed a renewed motion for assisted service requesting that the Court order the DOC Defendants' counsel to contact Bernetche by phone to obtain his current address or, in the alternative, order the DOC Defendants' counsel to accept service on behalf of Bernetche. Doc. 212. The DOC Defendants oppose Christians' renewed motion for assisted service. Doc. 215. Bernetche did not respond to previous attempts by counsel for the DOC Defendants to contact him, and the DOC Defendants' counsel does not have current contact information for Bernetche. *Id.* at 3. Christians cites no authority to support his request that this Court order the DOC Defendants' counsel to accept service on behalf of Bernetche. Because there is no Federal Rule of Civil Procedure or case law that gives this Court authority to order that the DOC Defendants' counsel accept service on behalf of a former DOC employee, Christians' motion for assisted service, Doc. 212, is denied.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The order granting Christians leave to file a second amended complaint adding Bernetche as a defendant was entered on September 28, 2022. Doc. 147. Pursuant to Fed. R. Civ. P. 4(m), this court intends to dismiss without prejudice Christians' claims against Bernetche if Bernetche is not served by February 7, 2024.

## II.     Motion to Strike

Defendants move to strike, or in the alternative, to disregard Christians' "Reply to Answer to Second Amended Complaint by Hulscher/Mullins/Perrett" because the Federal Rules of Civil Procedure do not permit a reply to an answer unless ordered by the court. Doc. 219. The

Court did not order Christians to file a reply to Defendants' Answer to the Second Amended Complaint. Defendants are correct that the Federal Rules of Civil Procedure do not permit Christians to file a reply to their answer to the Second Amended Complaint, but Christians' reply does not contain any impertinent or scandalous matter. *See* Doc. 217. Rather, the reply merely restates allegations and arguments that are already part of the record before the Court or previews the arguments the Court anticipates Christians will raise in opposition to the motion for summary judgment Defendants advise is forthcoming. Accordingly, it is more appropriate to disregard rather than to strike Christians' reply. Defendants' motion to strike, Doc. 219, is denied, but the alternative motion to disregard, Doc. 219, is granted.

### III.     Motion to Appoint Counsel

Christians moves for appointment of counsel "to help him prepare for trial as it seems at least part of the claim is moving past the motions stage." Doc. 222. Although Christians is correct that the some of his claims in the amended complaint against the DOC Defendants survived summary judgment, *see* Doc. 147, it remains to be seen whether any of the claims in the second amended complaint will survive summary judgment. The motion deadline for the claims in Christians' second amended complaint is January 26, 2024. Doc. 202 at 3. This is the third motion for appointment of counsel Christians has filed. *See* Docs. 77, 182. As the Court has noted when denying Christians' previous motions for appointment of counsel, Christians' filings demonstrate that he is capable of presenting his claims at this stage of the case. Doc. 147 at 63–64; Doc. 185 at 29. However, the Court continues to remain open to the possibility of appointing counsel if the case proceeds beyond the motions stage. After the Court considers any dispositive motions regarding the second amended complaint, the Court will schedule any remaining claims for trial and issue a scheduling order for pre-trial submissions. At that time, if Christians so

4

chooses, he may renew his motion for appointment of counsel. Thus, Christians' pending motion for appointment of counsel, Doc. 222, is denied without prejudice.

IV.     **Motion to Extend**

By Order dated September 28, 2022, the Court granted in part and denied in part Christians' motion for leave to file a Second Amended Complaint. Doc. 147 at 66–67. Specifically, the Court found that Christians' Eighth Amendment inadequate nutrition claims against Pechous, Birch, Greasman, Alumbaugh, Bernetche, Marjana, Winters, Padilla, Mullins, Hulscher, Driskie, Becker, Hettig, Sorenson, and Perret were not futile. *Id.* at 51–53. Christians was also granted leave to bring new First Amendment retaliation claims against Young, Christensen, and Stratman in their individual capacities. Doc. 147 at 57. The Court's Second Amended Scheduling Order provides that the deadline for filing motions, other than motions in limine, regarding the claims in Christians' second amended complaint that were permitted to go forward is January 26, 2024. Doc. 202 at 3. On December 20, 2023, the DOC Defendants filed a motion to extend the deadline to file a motion for summary judgment by forty-five (45) days. Doc. 224. According to the motion to extend, Defendants' counsel will not be able to file a motion for summary judgment before January 26, 2024, "due to a number of other commitments[.]" *Id.* at 3–4.

Christians opposes the motion for extension. Doc. 225. As Christians correctly notes, the Court granted in part his motion for leave to file a second amended complaint on September 28, 2022.[2] The DOC defendants opposed Christians' motion for leave to file the second amended

---

[2] In their motion to extend, Defendants state that Christians "was allowed, on or about March 29, 2023, to file an Amended Complaint." Doc. 224 at 2–3. By Order dated March 29, 2023, the Court granted Christians' motion to amend his complaint, Doc. 145, to substitute Jessica Waldner for an unknown Summit dietician. Doc. 185 at 4. This amendment does not relate to any of the claims against the DOC Defendants. The order granting in part Christians' motion to

5

complaint and argued that the claims on which they intend to move for summary judgment are futile. *See* Doc. 87. Further, as the Court recognized in its Order granting in part Christians' motion for leave to file a Second Amended Complaint, the Eighth Amendment inadequate nutrition claims that were permitted to go forward "are akin to those that survived the screening of Christians' first amended complaint." Doc. 147 at 53. The issues on which Defendants plan to seek summary judgment are not new. Thus, Defendants' counsel's other commitments in the immediate period prior to the motion deadline is not cause good for extending the motion deadline. As Christians states in his opposition, "Defendants have now had 15-25 months to consider a motion for summary judgment." Doc. 225. The newly added Defendants contend that they are entitled to qualified immunity and plan to move for summary judgment on that ground. The record does not indicate that Defendants have served discovery which is outstanding or that there is any other reason that Defendants could not have filed their motion for summary judgment asserting qualified immunity well in advance of the motion deadline. Thus, Defendants' motion to extend, Doc. 224, is denied. If Defendants intend to move for summary judgment on any of the claims in the Second Amended Complaint that were permitted to go forward, they must do so on or before January 26, 2024.[3]

---

file a second amended complaint adding new DOC Defendants and new claims against the existing DOC Defendants was entered on September 28, 2022. Doc. 147. Although the motion to extend includes the dates on which the newly added defendants answered the second amended complaint, the motion to extend does not explain that the answers were delayed because the Court granted defendants' motions for extension of time to answer the second amended complaint to permit the defendants to avoid having to file multiple, duplicitous answers. *See* Docs. 181, 185 at 27–28.

[3] In their motion to extend, Defendants state that they intend "to renew their previous Motion for Summary Judgment (Docs. 98-104) which was granted in part and denied in part by the Court in an Order dated September 28, 2022." Doc. 224. The Second Amended Scheduling Order specifically provides that "the parties may **not** conduct any further discovery or file any further motions, other than motions in limine, related to Christians' claims against the DOC Defendants which survived summary judgment." Doc. 202 at 3.

## CONCLUSION

For the reasons set forth above, it is ORDERED:

1. That Christians' motion for assisted service, Doc. 212, is denied. If Christians does not serve Defendant Bernetche or demonstrate good cause for his failure to do so by February 7, 2024, Christians' claims against Defendant Bernetche will be dismissed without prejudice.

2. That Defendants' motion to strike, Doc. 219, is denied, but the alternative motion to disregard, Doc. 219, is granted.

3. That Christians' motion to appoint counsel, Doc. 222, is denied without prejudice.

4. That Defendants' motion to extend, Doc. 224, is denied. If Defendants intend to file a motion for summary judgment on any of the claims in the Second Amended Complaint that were permitted to forward, they must do so on or before January 26, 2024.

DATED January 5, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge