UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, PLAINTIFF, v. DARRIN YOUNG, ET. AL., DEFENDANTS. | 4:20-CV-04083-LLP<br>MOTION TO SHOW CAUSE WHY DEFENDANT HAS NOT BEEN SERVED. |

IN AN ORDER ON PENDING MOTIONS DATED JANUARY 5, 2024 THE COURT ORDERED "IF CHRISTIANS DOES NOT SERVE DEFENDANT BARNETCHE OR DEMONSTRATE GOOD CAUSE FOR HIS FAILURE TO DO SO BY FEBRUARY 7, 2024, CHRISTIANS' CLAIMS AGAINST DEFENDANT BARNETCHE WILL BE DISMISSED WITHOUT PREJUDICE. PLAINTIFF MAINTAINS HIS PRO SE AND IFP STATUS AND ASSERTS HIS FINANCIAL SITUATION HAS NOT CHANGED. HE IS UNABLE TO HIRE AN ATTORNEY OR A PRIVATE INVESTIGATOR TO USE INFORMATION TO LOCATE BARNETCHE. BEING INCARCERATED, PLAINTIFF HAS NO ACCESS TO INTERNET OR RESOURCES TO DO HIS OWN INVESTIGATION. PLAINTIFF FULLY BELIEVES HIS CLAIMS AGAINST BARNETCHE TO BE VALID AND MERITORIOUS. PLAINTIFF BELIEVES THE DOC LIKELY HAS AN EMERGENCY CONTACT INFORMATION FOR MR. BARNETCHE YET ON FILE AND THIS COULD BE USED FOR LOCATION PURPOSES. WITHOUT ASSISTANCE FOR THE VERY LIMITED SCOPE OF LOCATING THIS DEFENDANT, CHRISTIANS HAS EXHAUSTED HIS MEANS. AN ATTORNEY OR PRIVATE INVESTIGATOR WOULD BE REQUIRED UNLESS THE COURT WOULD DIRECT THE U.S. MARSHALS SERVICE TO CONTACT THE EMERGENCY CONTACT INFORMATION FOR THIS DEFENDANT. IN FACT, IF AVAILABLE, THE AG'S OFFICE COULD ALSO USE THIS INFORMATION FOR POSSIBLE LOCATION. CHRISTIANS ASKS THE COURT TO FIND THIS GOOD CAUSE TO ALLOW CLAIMS TO PROCEED AGAINST BARNETCHE UNTIL HE CAN BE LOCATED AND

SERVED. PLAINTIFF IS OPEN TO IDEAS OF HOW TO LOCATE AND SERVE THIS DEFENDANT.

IN BEYER v. PULASKI COUNTY JAIL, 589 FED. APPX. 798, 2014, THE U.S. COURT OF APPEALS, EIGHTH CIRCUIT, GRANTED PLAINTIFF MOTION, VACATED DISMISSAL AND REMANDED SAYING BEYER SHOWED "GOOD CAUSE." LUJANO v. OMAHA PUB. POWER DIST., 30 F.3D 1032, 1035 (8TH CIR. 1994) (GOOD CAUSE REQUIRES AT LEAST EXCUSABLE NEGLECT, WHICH IN TURN REQUIRES GOOD FAITH EFFORT TO COMPLY WITH RULE, AND REASONABLE BASIS FOR NON COMPLIANCE) "BECAUSE BEYER CONTENDED THAT THE JAIL MIGHT HAVE INFORMATION THAT COULD LEAD TO THE DISCOVERY OF [DEFENDANT'S] WHEREABOUTS, THE COURT SHOULD HAVE ORDERED THE MARSHAL TO OBTAIN WHATEVER INFORMATION THE JAIL MIGHT HAVE." [LINDSAY v. U.S. R.R. RET. BD., 101 F.3D 444, 446 (5TH CIR. 1996) (ONCE IFP PLAINTIFF HAS TAKEN REASONABLE STEPS TO IDENTIFY DEFENDANTS, COURT MUST ISSUE PROCESS TO MARSHAL, WHO IN TURN MUST EFFECTUATE SERVICE); GRAHAM v. SATKOSKI, 51 F.3D 710, 713 (7TH CIR. 1995) (WHEN COURT INSTRUCTS MARSHAL TO SERVE PAPERS FOR PRISONER, PRISONER NEED FURNISH NO MORE THAN INFORMATION NECESSARY TO IDENTIFY DEFENDANT; MARSHAL SHOULD BE ABLE TO ASCERTAIN DEFENDANT'S CURRENT ADDRESS) RICHARDSON v. JOHNSON, 598 F.3D 734, 739-40 (11TH CIR. 2010) (UNREASONABLE TO EXPECT INCARCERATED PRO SE PRISONER-LITIGANTS TO PROVIDE CURRENT ADDRESS OF PRISON-GAURD DEFENDANTS WHO NO LONGER WORK AT PRISON).

MANY OF THE SAME FACTS AND SITUATION IS SIMILAR IN THIS INSTANT CASE. ADDITIONALLY, MARSHAL TOOK SOMETHING LIKE 8 MONTHS TO ATTEMPT SERVICE ON DEFENDANT AFTER GETTING AN ADDRESS FROM THE DOC. ALSO PLAINTIFF AGAIN STATES IT IS LIKELY THE DOC OR AG'S OFFICE HAS

ADDITIONAL INFORMATION THAT EITHER THEY OR BY WAY OF MARSHAL CAN BE USED TO LOCATE DEFENDANT (EMERGENCY CONTACT INFORMATION, NEXT OF KIN, ETC) ALL WHICH IS LIKELY TO BE ON FILE AND HAS NOT BEEN USED YET.

PLAINTIFF, RESPECTFULLY REQUEST EXTENSION OF TIME TO SERVE FOR THE ABOVE TO BE UTILIZED FOR GOOD CAUSE.

DATED THIS 31ST DAY OF JANUARY, 2024.

[signature]

MARK CHRISTIANS #35285
SOUTH DAKOTA STATE PENITENTIARY
PO BOX 5911
SIOUX FALLS, SD 57117

MARK CHRISTIANS #35285
DEPARTMENT OF CORRECTIONS
STATE PENITENTIARY
P.O. Box 5911
Sioux Falls, SD 57117-5911
*Address Service Requested*

SIOUX FALLS SD 570
5 FEB 2024 PM 1 L

NEOPOST
FIRST-CLASS MAIL
02/05/2024
US POSTAGE $000.64º
ZIP 57104
041M11461503

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
400 S. PHILLIPS AVE., ROOM 128
SIOUX FALLS, SD 57104

57104-685128

APPROVED LEGAL CORRESPONDENCE SDSP

X-RAYED BY SOUTH DAKOTA CSO

2/2/24