UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; BARNETCHE, | 4:20-CV-04083-LLP<br><br>ORDER ON PLAINTIFF'S MISCELLANEOUS MOTIONS |

| | |
|---|---|
| Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Christians, is an inmate at the South Dakota State Penitentiary (SDSP). He has filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[1] Doc. 1. Christians has filed numerous motions, and the Court now considers his motion to disqualify the Attorney General's Office, Doc. 252; motion to show cause, Doc. 253; motion to compel, Doc. 256; pre-emptive motion to strike, Doc. 268; motion to withdraw motion for extension of time, Doc. 269; motion to preserve evidence, Doc. 270; motion to produce affidavits, Doc. 294; and motion for extension of time, Doc. 314.

## DISCUSSION

I.   **Motion to Disqualify the Attorney General's Office** (Doc. 252)

Christians moves to disqualify the Attorney General's Office. Doc. 252. Christians contends that the defendants sued in their individual capacities have no right to be to represented

---

[1] Christians has two other pending lawsuits challenging his conditions of confinement at the SDSP. *See Christians v. Christensen*, 4:22-CV-04072-LLP (D.S.D.); *Christians v. Hanvey*, 4:23-CV-04137-LLP (D.S.D.).

by the Attorney General's Office. *Id.* at 1. Christians contends "this is especially true of those no longer employeed [sic] the SDDOC." *Id.* (capitalization in original omitted). Christians requests that the Court disqualify the Attorney General's Office from "representing defendants no longer employeed [sic] or sued in the individual capacity and extend the order to bar state funding of such representation." *Id.* at 2 (capitalization in original omitted). The DOC defendants oppose Christians' motion. Doc. 258.

South Dakota law provides that the duties of the Attorney General include "whenever in the judgment of the attorney general, the welfare of the state demands, to appear for the state and prosecute or defend, in any court or before any officer, any cause or matter, civil or criminal, in which the state may be a party or interested[.]" SDCL § 1-11-1(2). The State is "interested" when any civil action is commenced against a State officer, employee or agent arising out of his office, employment or agency. In fact, South Dakota law requires in such a case that "a copy of the summons and complaint shall be mailed, certified mail, postage prepaid to the attorney general[.]" SDCL § 15-6-4(d)(6).

As the DOC defendants acknowledge in their response, it is conceivable that interests of the State and one or more of the current or former State employees may no longer align and give rise to a potential conflict of interest that the Attorney General's Office must analyze under the South Dakota Rules of Professional Conduct. Doc. 258 at 8. But this obligation is not unique to the Attorney General's Office; every attorney who represents multiple defendants has the same ethical obligation. Christians has not submitted any evidence and this Court is aware of no facts that a current conflict exists between the State's interests and the interests of the defendants sued in their individual capacities. Christians, as the party seeking disqualification, "bears a heavy burden of demonstrating that disqualification is necessary." *Weiss v. City Univ. of N.Y.*, 2019 WL

3

5891894, at *4 (S.D.N.Y. Nov. 10, 2019) (quoting *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010)). Christians has not met his burden.

Other courts that have considered a plaintiff's motion to disqualify a state Attorney General's office from representing defendants in an action under 42 U.S.C. § 1983 have consistently rejected the same arguments Christians now raises and denied the motion to disqualify. *See, e.g., Walker v. Clayton*, 730 F. App'x 370, 374 (7th Cir. 2018); *Sundquist v. Nebraska*, 2015 WL 6118515, at *1–2 (D. Neb. Oct. 16, 2015); *Neighbors v. Kemp*, 2006 WL 3500872, at *1 (E.D. Cal. Dec. 5, 2006); *Grant v. Harvey*, 2012 WL 1958878, at *2–3 (S.D.N.Y. May 24, 2012); *Smith v. Jaynes*, 2019 WL 11727238, at *4 (N.D.N.Y. May 21, 2019); *Weiss*, 2019 WL 5891894, at *5 (reasoning that accepting the plaintiff's argument would result in the state Attorney General's office being unable to defend State employees against allegations of wrongdoing and render as meaningless a statute empowering the attorney general to defend all actions and proceedings in which the state is interested). Notably, the United Court of Appeals for the Eighth Circuit has held that the Minnesota Attorney General has authority to represent State defendants "sued in their individual capacities" when the "complained-of acts were performed as state officials." *Sina v. Mabley*, 147 F. App'x 616, 617 (8th Cir. 2005) (per curiam). The Eighth Circuit reasoned that Minnesota law provides that the State shall defend State employees in actions arising out of their employment if the employee was acting within the scope of his or her employment. *Id.* (citing Minn. Stat. Ann. § 3.736).

Finally, the Court has reviewed the other South Dakota statutes[2] outlining the powers and duties of attorneys that Christians cites in support of his motion to disqualify the Attorney General's office. *See* Doc. 252 at 1–2. The Attorney General Office's representation of current

---

[2] SDCL § 16-18-15; SDCL § 16-18-16; SDCL § 16-18-26; and SDCL § 16-18-29.

and former DOC employees in this action does not implicate any of these statutes, and Christians' argument otherwise borders on frivolous.

Neither the Rules of Professional Conduct nor any provision of South Dakota law, including the provisions on which Christians relies, prohibit the South Dakota Attorney General's Office from representing current and former DOC employees in this lawsuit arising of the performance of their duties for the State of South Dakota. Accordingly, Christians' motion to disqualify the Attorney General's Office, Doc. 252, is denied.

**II.     Motion to Show Cause** (Doc. 253)

The Court notified Christians, pursuant to Federal Rule of Civil Procedure 4(m), that the Court intends to dismiss without prejudice his claims against Bernetche if Bernetche was not served by February 7, 2024. Doc. 226 at 3. To date, Bernetche has not been served, but in his "motion to show cause," Doc. 253, Christians argues that there is good cause for his failure to do so and requests that the Court extend Christians' time to serve Bernetche until Bernetche can be located. *Id.* Because he is incarcerated, proceeding pro se, and lacks financial resources to hire an attorney or investigator, Christians contends that he has exhausted his available means to locate Bernetche. Christians' motion alleges that the DOC or the South Dakota Attorney General's Office likely "has additional information that either they or by way of marshal can be used to locate" Bernetche. Doc. 253 at 2–3 (capitalization in original omitted). But the Court has already determined that is not the case.

After the summons for Bernetche was returned unexecuted because he is no longer employed by the DOC, Doc. 184, the Court granted Christians' motion for assisted service. Doc. 185 at 29–30. The Court ordered counsel for the DOC to provide to the United States Marshal Service (USMS) the last known addresses for Bernetche and other former DOC employees who

had not been served. Doc. 185 at 29–30. The USMS was unable to serve Bernetche because he no longer lives at the last known address counsel for the DOC defendants provided to the USMS. Doc. 207. Christians then filed a renewed motion for assisted service requesting that the Court order the DOC defendants' counsel to contact Bernetche by phone to obtain his current address or, in the alternative, order the DOC defendants' counsel to accept service on behalf of Bernetche. Doc. 212. In their opposition to Christians' renewed motion for assisted service, the DOC's counsel advised the Court that Bernetche had not responded to previous attempts by counsel for the DOC to contact him, and the DOC does not have current contact information for Bernetche. Doc. 215 at 3. The Court denied Bernetche's renewed motion for assisted service. Doc. 226 at 3.

"While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for service on [defendants]." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted). Relying on *Beyer*, Christians argues that he has shown "good cause." Doc. 253 at 2. *Beyer* is distinguishable. In *Beyer*, the United States Court of Appeals for the Eighth Circuit considered whether the district court has abused its discretion in dismissing without prejudice a pro se prisoner's § 1983 action under Federal Rule of Civil Procedure 4(m). After the district court granted Beyer's motion to proceed in forma pauperis, the USMS attempted to serve the defendant, a correctional officer, at the jail where the alleged excessive force had taken place. The USMS was unable to serve the correctional officer because the officer was no longer employed at the jail. When Beyer was unable to provide an address at which the correctional officer could be served, the action was

6

dismissed without prejudice for failure to prosecute. Beyer contended that he was in administrative segregation at another prison, had no access to a law library, and his friends and family were unable to assist him in locating the former correctional officer. Beyer also alleged that the jail at which the correctional officer was employed should have information that would assist the USMS in locating her, including alternative contact information she provided while employed there. The Eighth Circuit held that in these circumstances that district court had abused its discretion in dismissing the action and directed the district court to order the USMS to seek the correctional officer's last-known contact information, including any alternative contact information, from the jail and to re-attempt to serve her. In this case, the Court has already directed the DOC to provide to the USMS Bernetche's last known address, and the DOC has advised the Court that Bernetche has not responded to the DOC's counsel's attempt to contact him using the information available to them.

Finally, Christians is requesting an indefinite time to serve Bernteche, but even if Christians had demonstrated good cause, Rule 4(m) requires extension of the time for service "for an appropriate period." An indefinite extension of time is not an appropriate period. Further, Christians requests that the Court provide "ideas of how to locate and serve" Bernetche, but it is Christians' responsibility, not this Court's, to provide to the USMS a proper address for service. *Lee*, 991 F.2d at 489; *Beyer*, 589 F. App'x at 799; *see also* Doc. 253 at 2. For these reasons, Christians' motion to show cause, Doc. 253, is denied, and Christians' claims against Bernetche are dismissed without prejudice in accordance with Rule 4(m).

**III.    Motion to Compel** (Doc. 256)

Christians moves to compel defendants to respond to Plaintiff's Fourth Set of Written Discovery for SDSP Defendants, which are dated November 27, 2023. Doc. 256; Doc. 256-1.

7

The DOC defendants oppose Christians' motion and argue that Christians' motion to compel should be denied because his discovery requests were untimely. Doc. 259. In his reply brief, Christians requests, in the alternative, that the Court re-open discovery. Doc. 272 at 2.

The Court entered a Second Amended Scheduling Order setting scheduling deadlines only for the claims in Christians' second amended complaint that the Court determined were not futile and were permitted to go forward. Doc. 202 ¶ 1. The Second Amended Scheduling Order specifically provides that the "parties may **not** conduct any further discovery . . . related to any of Christians' claims against the DOC Defendants which survived summary judgment." *Id.* The Court directed that all discovery permitted by the Second Amended Scheduling Order be commenced in time to be completed by December 15, 2023. *Id.* ¶ 2. The discovery requests in issue in Christians' motion to compel, Doc. 256, are not limited to the claims in his Second Amended Complaint and were not served in time to be completed by December 15, 2023. *See* Doc. 256; Doc. 256-1.

Christians contends that the DOC defendants have filed numerous motions for extensions of time which should excuse the fact that his discovery requests were served less than two weeks late. *See generally* Doc. 256; Doc. 272. Although the DOC defendants have filed motions for extensions of time, all of DOC defendants' requests have been made prior to the expiration of their time to act. Thus, the Court considered those motions under Federal Rule of Civil Procedure 6(b)(1)(A), which requires only a showing of good cause. Christians' motion to compel, in effect, requests that the Court extend a discovery deadline which has already expired. Christians' request, therefore, falls under Federal Rule of Civil Procedure 6(b)(1)(B), which requires that Christians demonstrate excusable neglect. Christians' motion to compel does not outline any reason that Christians could not have timely served his discovery requests. This case

has been pending since May 2020, and the Court's initial scheduling order was entered on November 10, 2021. *See* Doc. 78. Christians could have served the subject discovery requests any time after the initial scheduling order was entered, and he has not articulated any reason, and certainly not excusable neglect, for his failure to do so. That this Court has entered an order denying, in part, the DOC defendants' motion for summary judgment does not mean that is permissible for Christians to now conduct additional discovery to "beef up" his claims prior to trial. For these reasons, Christians' motion to compel, Doc. 256, and his motion to reopen discovery, Doc. 272, are denied.

IV.     **Pre-emptive Motion to Strike** (Doc. 268)

Before Christians responded to defendants' motion for summary judgment, he filed a pre-emptive motion to strike portions of defendants' reply brief or, in the alternative, for leave to file a surreply brief in opposition to defendants' motion for summary judgment. Doc. 268. Although defendants had not yet submitted a reply brief, Christians anticipated defendants might raise new evidence or arguments to which he would not have an opportunity to respond. *Id.* The Court has reviewed defendants' reply brief, Doc. 300, and does not find that it includes arguments or references any exhibits that are not responsive to the pleadings Christians submitted in opposition to Defendants' summary judgment submissions. Christians' pre-emptive motion to strike, Doc. 268, is denied.

V.      **Motion to Withdraw Motion for Extension of Time** (Doc. 269)

On February 20, 2024, Christians filed a motion to extend his time to respond to defendants' motion for summary judgment. Doc. 264. The Court granted Christians' motion and extended his time to respond to defendants' motion for summary judgment from March 1, 2024, to March 15, 2024. Doc. 265. After the Court granted Christians' motion to extend, Christians

9

filed a motion to withdraw his motion to extend. Doc. 269. Christians' motion to withdraw, Doc. 269, which was filed after the Court had granted his motion to extend, is denied as moot.

**VI.   Motion to Preserve Evidence** (Doc. 270)

Christians requests that the Court order the DOC to preserve all existing and future camera recordings from certain cameras near the kitchen area. Doc. 270. Christians contends that these recordings will dispute one of the statements in the DOC's Deputy Secretary's affidavit. *Id.* According to Doug Clark's affidavit, the correctional officers named as defendants "were not allowed or authorized to go into the kitchen area to prepare a replacement meal tray . . . [and] were also not permitted to retrieve food items from the kitchen to replace supposed items that Christians claimed were missing from his food tray." Doc. 244 ¶ 20. Defendants have not responded to Christians' motion.

A party has an obligation to preserve evidence when the party knows that the evidence is relevant to future or current litigation. *Blazer v. Gall*, 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is be preserved as relevant to future litigation." *Swindle v. Christy*, 2021 WL 5297047, at *9 (W.D. Mo. Mar. 4, 2021) (citation omitted). Regardless of whether the Court grants Christians' motion to preserve evidence, Defendants have an obligation to preserve any evidence that is relevant to the current litigation. Further, if Defendants breach their duty to preserve evidence, the court has authority to impose spoliation sanctions. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (recognizing that a district court's inherent power includes the ability to order an appropriate sanction for spoliation of evidence); Fed. R. Civ. 37(e) (outlining sanctions that may be ordered for failing to

preserve electronically stored information). At this stage of the litigation, the Court cannot determine whether the evidence that is the subject of Christians' motion to preserve evidence is relevant to this litigation or may be admissible if the case proceeds to trial. Thus, Christians' motion to preserve evidence, Docket 270, is denied, but the denial of Christians' motion does not negate Defendants' obligation to preserve evidence relevant to this litigation.

### VII. Motion to Produce Affidavits (Doc. 294).

After Christians responded to Defendants' motion for summary judgment, he filed a motion requesting that Defendants produce affidavits cited in Defendants' statement of undisputed material facts. Doc. 294. According to Christians' motion, Defendants statement of undisputed materials facts cited to certain paragraphs in the affidavits of Jennifer Jackson, Doc. 245, and Barbara Wakeen, Doc. 242, but the cited paragraphs did not appear in the affidavits Defendants served. Doc. 294. Defendants responded to Christians' motion and explained that the wrong draft of an affidavit was sent to one affiant, and that the other errors Christians notes were typographical errors. Doc. 305. Defendants also filed and served a corrected affidavit from Jackson. Doc. 306. Thus, Christians' motion to produce affidavits, Doc. 294, is denied as moot.

### VIII. Motion for Extension of Time to Reply to Motion for Summary Judgment (Doc. 314)

On April 9, 2024, Christians filed a motion for extension of time to reply to motion for summary judgment. Doc. 314.[3] It appears to the Court that this motion was filed in error. The motion is dated January 24, 2022, and references circumstances in January 2022 as the reason for the requested extension. *Id.* Further, Christians filed this motion after he had already responded to the defendants' motion for summary judgment. *See* Docs. 273–283 (filed on February 26,

---

[3] Pages 2–3 of Doc. 314 are identical to Doc. 317. The Court will address Christians' arguments on pages 2–3 of Doc. 314 when the Court rules on Doc. 317, Christians' motion requiring Defendants' counsel to answer or explain Christians' letter.

2024). Christians' motion for extension of time, Doc. 314, is denied as moot.

IX.   **Conclusion**

Accordingly, it is ORDERED:

1. That Christians' motion to disqualify the Attorney General's Office, Doc. 252, is denied.

2. That Christians' motion to show cause, Doc. 253, is denied, and Christians' claims against Bernetche are dismissed without prejudice in accordance with Rule 4(m).

3. That Christians' motion to compel, Doc. 256, and his motion to reopen discovery, Doc. 272, are denied.

4. That Christians' pre-emptive motion to strike, Doc. 268, is denied.

5. That Christians' motion to withdraw motion for extension of time, Doc. 269, is denied as moot.

6. That Christians' motion to preserve evidence, Docket 270, is denied.

7. That Christians' motion to produce affidavits, Doc. 294, is denied as moot.

8. That Christians' motion for extension of time, Doc. 314, is denied as moot.

DATED September 25th, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge