UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS |

Correctional Officer, individual and official
capacity; WINTERS, Correctional Officer,
individual and official capacity; PADILLA,
Correctional Officer, individual and official
capacity; MULLINS, Correctional Officer,
individual and official capacity; HULSCHER,
Correctional Officer, individual and official
capacity; DREISKE, Former Deputy Warden,
individual capacity; BECKER, Lieutenant,
individual and official capacity; HETTIG,
Lieutenant, individual and official capacity;
SORENSON, Lieutenant, individual and official
capacity; PERRET, Lieutenant, individual and
official capacity,

                                Defendants.

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983.

When he commenced the action, Christians was incarcerated at the South Dakota State

Penitentiary (SDSP), Doc. 1, but he has been transferred and is now incarcerated at Mike Durfee

State Prison (MSDP), Doc. 365. Christians alleges that he lost over 90 pounds from March 2017

to August 13, 2018, because of inadequate nutrition while incarcerated in the SD DOC prison

system. Doc. 26 ¶ 36. Because genuine issues of material fact remain regarding Christians'

caloric intake, the cause of his weight loss, and other adverse health effects, the Court denied the

DOC Defendants' motion for summary judgment on his Christians' inadequate nutrition Eighth

Amendment conditions of confinement claim. Doc. 147 at 23–27, 30–31, 43. Christians also

alleges inadequate nutrition during his confinement in the SHU from March 2021 through May

2021. Doc. 83 ¶¶ 127(P)–(MM). The Court denied the motion for summary judgment by

Defendants Pechous, Birch, Greasman, Alumbaugh, Marjama, Winters, Padilla, Mullins,

Hulscher, Dreiske, Becker, Hettig, Sorenson, and Perret on Christians' Eighth Amendment

inadequate nutrition claim arising out of the time he was housed in the SHU from March 2021

through May 2021. Doc. 345 at 12–23, 34. All the deadlines in the Court's Second Amended Scheduling Order, Doc. 202, have expired, and the Court is prepared to schedule a trial on the claims that survived summary judgment, but Christians has continued to file motions notwithstanding that the motion deadline expired on February 9, 2024. *See* Doc. 250 ¶ 3. The Court now considers Christians' pending motions.

## I.    Motion to Compel (Doc. 295)

Christians moves to compel more complete responses to his first, second, and third sets of discovery requests. Doc. 295. Christians also moves to reopen discovery. *Id* at 8; Doc. 310. Defendants oppose Christians' motion to compel. Doc. 303.

Christians did not attach to his motion to compel the discovery materials in issue. *See* Doc. 295. But it appears that the discovery requests are part of the record. *See* Doc. 220-1. This Court previously ordered Defendants to respond to Christians' discovery requests, Doc. 220-1, on or before February 15, 2024. Doc. 227 at 9. In his pending motion to compel, Christians argues that Defendants' responses to these discovery requests, in part, are inadequate. Doc. 295. The Court has reviewed the discovery requests,[1] along with Christians' motion to compel and Defendants' response to Christians' motion to compel.

First Set

-       Request No. 4 – Christians requests "all photos taken of food items and trays" from October 2013 to present. After reviewing Defendants' response to Christians' motion to compel, the Court is satisfied that Defendants have provided any photos that remain available for

---

[1] Neither Christians nor Defendants provided the Court with a copy of Defendants' discovery responses.

3

the time periods relevant to Christians' claims that survived summary judgment. Christians' motion to compel production of additional photos is denied.

-    Request No. 5 – Christians alleges that the DOC's expert dieticians conducted or relied on nutritional analyses that have not been produced. To the extent that the DOC's experts conducted or relied on nutritional analyses that have not been produced, the Court finds that while such documents may not be in the actual possession of the DOC, they are under the DOC's control because they were generated or relied upon by the DOC's experts. Thus, Christians' motion to compel is granted in part, and Defendants must produce, within 30 days of the date of this order, any nutritional analyses conducted or relief upon by the DOC's expert dieticians, Barbara Wakeen and Jennifer Jackson.

-    Request No. 6 – Christians' motion to compel other inmate grievances is denied. His request is overly broad and burdensome. The burden of responding to the request substantially outweighs any potential relevance or benefit.

-    Requests for Admissions 7, 8, and 9 – It appears that Christians contends that Defendants did not respond to these requests for admissions. If so, his motion to compel a response to request for admission No. 7 is granted, and Defendants must respond within 30 days of the date of this order. Requests for admissions 8 and 9 relate to claims that did not survive summary judgment. Christians' motion to compel responses to these Requests for Admissions is denied.

-    Interrogatory Nos. 3–6 – Whether and, if so, how Defendants responded to these interrogatories is not clear based on Christians' motion to compel. The District of South Dakota's local rules provide that "[a]ny portions of discovery materials necessary for the disposition of any motion filed (with relevant portions highlighted or underlying) must either be

4

attached as an exhibit to the party's brief in support of such motion or attached to the party's affidavit filed with the brief." D.S.D. Civ. LR 26.1. Because Christians did not include a copy of Defendants' responses to the interrogatories that are at issue in his motion to compel, Christians has not demonstrated that the Defendants' responses are inadequate or incomplete, and his motion to compel responses to these interrogatories is denied.

Second Set

-    Request Nos. 2–8 – Whether and, if so, how Defendants responded to these requests for production is not clear based on Christians' motion to compel because Christians did not comply with Local Rule 26.1 and include a copy of Defendants' responses to these requests for production. Christians has not demonstrated that the Defendants' responses are inadequate or incomplete, and his motion to compel responses to these requests for production is denied.

Christians' request to reopen discovery is also denied. Christians has not established good cause for reopening discovery at this stage of the proceedings. Christians had ample time to conduct discovery, and the Court is not incline to permit a plaintiff to have a second bite of the apple, so to speak, after the plaintiff has had the benefit of considering defendants' dispositive motions and supporting papers.

## II.    Motions for Preliminary Injunctive Relief (Docs. 298, 322, 323, 367)

Christians moves for an order directing prison officials to receive and enter legal mail in the prison mail system on the day that Christians makes such a request. Doc. 298. Defendants oppose Christians' motion. Docs. 307, 308, 309. Christians also moves for a preliminary injunction to access to the courts and a preliminary injunction directing that he be provided a cardiac diet. Docs. 322, 323. Defendants oppose Christians' motions. Docs. 332, 333, 334, 335,

336. Finally, Christians moves for an order permitting him to use a thumb drive to save and preserve his legal materials and to have the thumb drive in his possession at all times. Doc. 367.

Although Christians has filed various motions alleging that he is being denied access to the courts, he has not asserted a claim alleging a violation of his First Amendment right to access the courts. *See* Docs. 1, 26, 27, 83, 147. Because Christians' complaint, amended complaint, and second amended complaint do not include a First Amendment access to the courts claim, this Court cannot enter a preliminary injunction or order any other type of relief unrelated to the claims at issue in this lawsuit. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

On the basis of Christians' pleadings, the issues in this case stem from an alleged Eighth Amendment inadequate nutrition claim during two periods, March 2017 to August 13, 2018 and March 2021 to May 2021. *See* Docs. 26 ¶ 36; Doc. 83 ¶¶ 127(P)–(MM). Christians alleges that in March 2024 a medical provider entered an order for a cardiac diet, but that the order inexplicably was removed a short time later and is not being followed. Doc. 317-1 at 3–6. Christians moves for a preliminary injunction directing that he provided a cardiac diet. Doc. 323. But Christians' complaint, amended complaint, and second amended complaint do not include a claim for failure to provide cardiac diet. Thus, this request for a preliminary injunction, like his requests for a preliminary injunction to remedy an alleged denial of access to the courts, is unrelated to the conduct at issue in this action. For these reasons, Christian's requests for preliminary injunctive relief, Docs. 298, 322, 323, 367, are denied.

### III.    Motion to Require Attorney to Answer Letter (Doc. 317)

Christians moves for an order compelling Defendants' counsel to respond to his May 1, 2023 correspondence seeking clarification whether one of the Defendants had been properly served. Doc. 317; Doc. 317-1 at 1. If the proper Defendant has not been served, Christians requests that Defendants' counsel assist him in arranging for service on the proper defendant. Doc. 317; *see also* Doc. 330. Timothy Mullins has been served, Doc. 205, but Christians contends that he intended for Paige Mullin to be served. Doc. 317 at 1. According to Defendants, any confusion about whether the proper defendant has been served stems from Christians' failure to identify correctly one of the defendants he sought to add in his Second Amended Complaint. *See* Doc. 318.

Christians' motion was not timely filed. The executed return of service for Timothy Mullins was filed on October 25, 2023, Doc. 205, but Christians' motion states that he began communicating with Defendants' counsel about this issue much earlier. *See* Doc. 317. Yet, Christians waited until May 28, 2024, more than three months after the expiration of the motion deadline, to request relief because a defendant had not been properly served.[2] *See* Doc. 250 ¶ 3; Doc. 317.

Further, Christians' motion ignores the fact that it is his responsibility, not the Defendants' counsel's and not the Court's, to properly identify named defendants so that the USMS can serve them. Christians' second amended complaint identifies the defendant in issue only as "Mullins," a correctional officer in Jameson Annex. Doc. 83 at 2. When Christians completed the summons and USM-285 form for this defendant, he did not include a first name.

---

[2] In his motion for summary judgment, Timothy Mullins did not argue he was not a proper defendant or otherwise contend that he was not involved in any of the allegations in the Second Amended Complaint directed at Defendant Mullins. Docs. 239, 240.

Doc. 151 at 7–9. Thus, the summons was returned unexecuted. *Id.* Subsequently, Christians completed and returned a summons and USM-285 form for "Tara Mullins," Doc. 164 at 38–40, but this summons was returned unexecuted because Tara Mullins was no longer employed by the SDSP. Doc. 172 at 7–9. At some point, Christians determined that Defendants Mullins was Paige Mullin, Doc. 184, but he did not seek leave to correct the caption of the Second Amended Complaint to correctly identify Defendant Mullins as Paige Mullin or submit a summons and USM-285 for Paige Mullin. Although the Court ordered Defendants' counsel to provide the last known addresses for former DOC employees, the Court did not order Defendants' counsel to assist Christians in identifying proper defendants or to complete summonses and USM-285 forms properly identifying the defendants. Because Christians did not file any motion seeking to identify Paige Mullin as a defendant or complete a summons and USM-285 form identifying Paige Mullin as a defendant, Christians' untimely motion seeking assistance in identifying and serving Paige Mullin, Doc. 317, is denied.

Christians also moves for leave to submit additional evidence in support of his motion requiring Defendants' counsel to respond to his May 1, 2023 correspondence. Doc. 330. His motion reference a letter dated January 13, 2023, Christians alleges he sent to Defendants' counsel, but Christians did not provide a copy of the letter along with his motion. Thus, Christians' motion for permission to submit additional evidence, Doc. 330, is denied.

## IV.    Motion to Add Next of Kin as a Plaintiff (Doc. 324)

Christians moves to add his niece, his next of kin, as a plaintiff to this lawsuit because he is concerned for his life due to past threats and improper diet. Doc. 324.[3] Under Federal Rule of

---

[3] Christians' motion was filed on August 19, 2024, well after the expiration of the deadline to move to join additional parties. *See* Doc. 78 ¶ 1. Thus, the motion is also denied as untimely.

8

Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Because Christians is alive and actively prosecuting his case, this Court need not add as a plaintiff a next of kin at this time. If the event of death of any party, this Court and the parties shall act in accordance with Federal Rule of Civil Procedure 25. Thus, Christians' motion to add next of kin as a plaintiff, Doc. 324, is denied.

## V.    Motion to Hold Defendants in Contempt (Doc. 327)

Christians moves for an order holding Defendants in contempt of court because he alleges they did not comply with an order the Honorable Karen E. Schreier entered in a case to which Christians is not a party. Doc. 327. By order dated July 5, 2024, Judge Schreier granted David Counts's motion requesting that the South Dakota Department of Corrections supply an attorney list and directed Brent Fluke and Kellie Wasko "to make available at the law library at the SDSP in either hard copy or electronic form on the legal computers a listing from the South Dakota State Bar of the *active* members of the South Dakota state bar along with their contact information." *Counts v Wasko*, 4:23-CV-04103-KES, 2024 WL 3315653, at *4, Doc. 220 at 12, 22 (D.S.D. July 5, 2024). Defendants oppose Christians' motion. Doc. 337.

Judge Schreier's order does not specifically grant relief to any party other than Counts and does not provide that it may be enforced by a nonparty. Thus, Christians does not have standing to enforce the order. *See* Fed. R. Civ. P. 71; *Santore v Cuomo*, 2020 WL 9810016, at *2 (N.D.N.Y. Aug. 14, 2020). Further, this Court acknowledges that whether Fluke and Wasko have substantially complied with Judge Schreier's order remains undecided. *Counts*, 4:23-CV-04103-KES, Docs. 276, 280, 298, 308. For these reasons, Christians' motion to hold Defendants in contempt, Doc. 327, is denied.

9

## VI.    Motion to Extend Deadlines (Doc. 348)

In an Order dated September 25, 2024, this Court dismissed Christians' claims against Bernetche without prejudice in accordance with Rule 4(m). Doc. 344 at 5–7. Subsequently, Christians moved for an extension of time to "properly object" to the dismissal of Bernetche under Rule 4(m). Doc. 348. But, prior to entry of the order dismissing Bernetche, Christians stated, in detail, the reasons he objected to the dismissal of Bernetche. *See* Doc. 253. The Court considered and rejected these arguments. Doc. 344 at 5–7. Christians now seeks an extension of time to raise the same arguments and objections this Court has already considered and rejected. *Compare* Doc. 253 *with* Doc. 348. Christians' motion for extension of time, Doc. 348, is denied. He has not demonstrated good cause for permitting him additional time to renew arguments this Court has considered and rejected.

## VII.    Motion for Reconsideration (Doc. 359)

Christians argues that the Court erred in denying his motion to compel, Doc. 256, and seeks relief under Rule 59(e) or Rule 60(a), (b)(1), or (b)(6). Doc. 359. The Court denied Christians' motion to compel, Doc. 256, for two reasons. First, the Second Amended Scheduling Order permitted the parties to conduct discovery only on the claims in Christians' second amended complaint that were permitted to go forward, but Christians' discovery requests were not limited to the claims in his Second Amended Complaint. Doc. 344 at 8. Second, Christians' discovery requests were not timely because they were not served in time to be completed by the discovery deadline. *Id* In his motion to reconsider, Christians argues that *some* of his requests are related to the claims in his Second Amended Complaint. Doc. 359 at 1–2. This Court does not necessarily agree with Christians' characterization of his discovery requests, but even if the Court did agree, Christians' motion to reconsider does not address the fact that his motion to

10

compel was also denied because the discovery requests were not timely served. *See generally id*
Because there is no dispute that the discovery requests were not served in time to be completed
by the discovery deadline, this Court did not err in denying Christians' motion to compel, Doc.
256. Thus, Christians' motion to reconsider, Doc. 359, is denied.

## VIII.    Motions for Appointment of Counsel (Docs. 360, 363, 363)

On October 23, 2024, the DOC Defendants filed in the United States Court of Appeals
for the Eighth Circuit a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b). *See*
*Christians v Young*, Doc. # 24-8011 (8th Cir.). Christians then moved for appointment of
counsel to assist him in responding to the DOC Defendants' petition. Docs. 360, 362. The Eighth
Circuit denied the petition for permission to appeal on November 25, 2024. Thus, Christians'
motions for appointment of counsel, Docs. 360, 362 are denied as moot.

Christians also moves for appointment of counsel to represent him in the district court
proceedings. Doc. 363. The Court has denied Christians' previous motions for appointment of
counsel, finding that Christians' claims are not legally nor factually complex and that he can
clearly and adequately present his facts and claims to the Court. Doc. 27 at 16; Doc. 147 at 63–
64; Doc. 185 at 28–29; Doc. 226 at 4–5. But the Court stated that it "remains open to the
possibility of appointing counsel if this case proceeds beyond the motion stage." Doc. 27 at 16;
*see also* Doc. 147 at 64; Doc. 185 at 29; Doc. 226 at 4. Because some of Christians' claims
survived summary judgment, this case is proceeding beyond the motion stage. Thus, this Court
will appoint counsel to represent Christians for the purpose of submitting pre-trial submissions
ordered by the Court and preparing for and trying the claims that survived summary judgment.
Thus, Christians' motion for appointment of counsel, Doc. 363, is granted in part and denied in

part.[4] The Court will issue an order setting the case for trial and establishing pre-trial deadlines after the Court has appointed counsel and confirmed that the dates are workable for Christians' appointed counsel.

## IX. Conclusion

Accordingly, it is ORDERED:

1.    That Christians' motion to compel, Doc. 295, is granted in part and denied in part.

2.    That Christian's requests for preliminary injunctive relief, Docs. 298, 322, 323, 367, are denied.

3.    That Christians' motion seeking assistance in identifying and serving Paige Mullin, Doc. 317, is denied.

4.    That Christians' motion for permission to submit additional evidence, Doc. 330, is denied.

5.    That Christians' motion to add next of kin as a plaintiff, Doc. 324, is denied.

6.    That Christians' motion to hold Defendants in contempt, Doc. 327, is denied.

7.    That Christians' motion to extend, Doc. 348, is denied.

8.    That Christians' motion to reconsider, Doc. 359, is denied.

---

[4] In his motion, Christians argues that counsel should be appointed to assist him in retaining experts and to conduct discovery, including documentary discovery. Doc. 363 at 3. The deadline for identifying and disclosing experts, as well as the discovery deadline, have expired. The Court is appointing counsel for only the purposes outlined in this order: submitting pre-trial submissions ordered by the Court and preparing for and trying the claims that survived summary judgment. The Court is NOT appointing counsel to represent Christians in his other claims arising out of his conditions of confinement or for any other purpose. To the extent Christians requests that his court-appointed counsel provide assistance beyond the scope of this appointment, the Court will consider a motion to withdraw and likely will not appoint other counsel.

9.     That Christians' motions for appointment of counsel, Docs. 360, 362, are denied as moot.

10.    That Christians' motion for appointment of counsel, Doc. 363, is granted in part and denied in part. The Court will appoint counsel to represent Christians for the purpose of submitting pre-trial submissions ordered by the Court and preparing for and trying the claims that survived summary judgment.

DATED January 16, 2025.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge