UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>ORDER FOLLOWING STATUS CONFERENCE |

Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,

Defendants.

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. The Court has ruled on Defendants' dispositive motions, *see* Docs. 147, 345, and scheduled the remaining claims for trial beginning on July 15, 2025, *see* Doc. 376. The Court held a status conference on April 22, 2025. This Order sets out some of the matters the Court and counsel for the parties discussed during the status conference.

- Christians has filed a pro se notice of interlocutory appeal from this Court's Order Granting in Part and Denying in Part Motion for Summary Judgment Regarding Newly Added Claims and Defendants. Docs. 379, 380 (stating that Christians appeals from Doc. 345). The Court's order does <u>not</u> involve "a controlling question of law as to which there is substantial ground for difference of opinion[.]" 28 U.S.C. § 1292(b). Thus, an immediate appeal from the order will not materially advance the ultimate termination of this case. *See id.* Despite Christians' pro se notice of interlocutory appeal, this case will proceed to trial on July 15, 2025. *See id.* ("application for an appeal hereunder shall not stay proceedings in the district court unless the district

judge or the Court of Appeals or a judge thereof shall so order."); *see also White v. Nix*, 43 F.3d 374 (8th Cir. 1994). Counsel for the parties did not disagree with the Court's assessment of Christians' pro se notice of interlocutory appeal.

- The Court clarified that the trial will be limited to the time periods set forth in the Court's Order Scheduling Status Conference (Doc. 382). Although Christians has requested injunctive relief, because of the relevant time periods, the Court's preliminary opinion is that Christians will not, as a matter of law, be able to demonstrate that future harm is imminent. Thus, injunctive relief will not be an issue. The Court reminded the parties that Christians has another lawsuit pending in which he raises similar issues during more recent time periods and seeks injunctive relief. *See Christians v. Hanvey*, Civ. 4:23-4137-LLP (D.S.D.).

- The Plaintiff estimates that the Plaintiff's case in chief will take two days. Defendants estimate that the Defendants' case will take one and one-half days. Based on these representations, the Court will schedule the trial for one week.

- After discussing voir dire, the Court and counsel for parties agreed that counsel for the Plaintiff and counsel for Defendants will each be permitted thirty (30) minutes to conduct voir dire.

- Counsel for the parties advised the Court that they agreed that the expert disclosure deadline, which has expired, could be extended. *See* Fed. R. Civ. P. 26(a)(2)(D) (providing that expert disclosures must be made at least 90 days before the date set for trial). Because the expert deadline has expired, extension of the deadline requires a motion demonstrating that the parties failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Further, if Christians' appointed counsel intends to seek

3

reimbursement or payment for expert fees and expenses, his counsel must obtain Court approval before incurring any such fees or expenses.

- Although Christians is represented by counsel, Defendants must respond to his pro se Rule 60(b) motion as set forth in Doc. 381. Christians' counsel was appointed only to represent him in connection with the claims that survived summary judgment. *See* Doc. 383 at 2 n.1. Christians' pro se Rule 60(b) motion relates only to claims that did not survive summary judgment. *See* Doc. 357.

- During the pre-trial conference, which is scheduled for Tuesday, July 8, 2025, at 9:00 a.m. Central time, the Court will address any issues or questions counsel for the parties may have regarding conduct of the trial.

DATED this 24th day of April, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge