UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

---

| | |
|---|---|
| MARK CHRISTIANS,<br><br>              Plaintiff,<br><br>    vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity, SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>ORDER ON PLAINTIFF'S MOTION FOR SUBPOENA OR, IN THE ALTERNATIVE, FOR SANCTIONS |

| | |
|---|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity, <br><br> Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. The Court issued an Order Granting in Part and Denying in Part Motion for Summary Judgment Regarding Newly Added Claims and Defendants. Doc. 345. Christians filed a notice of interlocutory appeal to the United States Court of Appeals for the Eighth Circuit from the Court's Order. Doc. 380. By order dated April 18, 2025, the Court ordered Christians to pay the full $605 appellate filing fee and directed him to move for leave to proceed in forma pauperis on appeal and submit a certified prisoner trust account form for the last six months if he seeks to pay the appellate filing fee in installments. Doc. 383. Christians now moves for an order directing service of a subpoena commanding the Warden to provide to Christians a completed certified prisoner trust account form along with his last six months of financial statements or, in the alternative, sanctions in the amount of the $605 appellate filing fee. Doc. 402; Doc. 402-2.

Christians contends that on April 22, 2025, he submitted to a sergeant a prisoner trust account report form with a debit slip to cover the copying costs of his last six months of financial statements. Doc. 402 at 1–2; Doc. 402-1. Christians also submitted a kite requesting the

documents and confirming his willingness to pay the copy charges for the last six months of his financial statements. Doc. 402 at 2; Doc. 402-1. According to Christians, on or about May 1, 2025, the sergeant returned the prisoner trust account report form and the debit slip, stating that Christians' request would not be granted. Doc. 402 at 2; Doc. 403. Two "post-it" notes were attached to the forms. Doc. 402 at 2; Doc. 403. One "post-it" note stated that the requested documents would not be provided, and the other "post-it" note included derogatory comments about Christians. Doc. 402 at 2; Doc. 403. Christians contends that he responded that he would submit the "post-it" notes to the Court as evidence of the DOC's non-compliance and refusal to assist. Doc. 402 at 2; Doc. 403. When Christians proceeded to the front officer's desk to request assistance from an officer in charge, the sergeant, according to Christians, came behind him and grabbed the "post-it" notes. Doc. 402 at 2; Doc. 403. It is

ORDERED that Christians' motion for subpoena or, in the alternative, for sanctions (Doc. 402) is granted in part and denied in part. Within **five (5) business days** of the date of this Order, the South Dakota Department of Corrections must provide to Christians a certified prisoner trust account report form and copies of his last six months of financial statements or demonstrate good cause for their failure to do so. Christians must pay the $0.50 per page copy charge for his financial statements.

DATED this ___ day of May, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge

3