UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>ORDER DENYING DEFENDANTS' MOTION TO EXTEND EXPERT DEADLINE AND PLAINTIFF'S MOTION FOR APPROVAL OF EXPERT FEES AND EXPENSES |

| | |
|---|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. The claims that survived summary judgment are scheduled for trial beginning on July 15, 2025. Doc. 376 ¶ 4. Counsel for the parties requested that the Court schedule a status conference to clarify the issues remaining for trial and posture the case for settlement negotiations. The Court conducted a telephonic status conference on April 22, 2025. Doc. 382; Doc. 384. During the status conference, counsel advised the Court that they had agreed that the expert disclosure deadline, which had expired, could be extended. Doc. 384 at 3. Because the expert deadline had expired, extension of the deadline requires a motion demonstrating that the parties failed to act because of excusable neglect. *Id* Now pending before the Court is Defendants' Motion to Extend Expert Disclosure Deadline. Doc. 395. Plaintiff's counsel has also filed a Motion for Approval of Expert Fees and Expenses. Doc. 411.

## LEGAL AUTHORITIES AND ANALYSIS

Because the Court did not order otherwise, the deadline for disclosure of expert testimony was April 15, 2025. *See* Fed. R. Civ. P. 26(a)(2)(D) (providing that expert disclosures must be

made at least 90 days before the date set for trial); *see also* Docs. 78, 125, 202. On May 13, 2025, Defendants[1] moved to extend the deadline for disclosure of expert testimony. Doc. 395. Federal Rule of Civil Procedure 6 provides in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Defendants contend that the parties could not timely disclose experts because the parties "were not in agreement on the temporal parameters of Plaintiff's claims[] . . . [and] agreed to seek clarification from the Court." Doc. 395 at 2. According to Defendants, the need to seek clarification from the Court regarding the temporal parameters of Plaintiff's claims constitutes excusable neglect for their failure to timely disclose expert witnesses. *Id* at 4.

Whether a neglect is excusable is an equitable inquiry, taking into account all relevant circumstances. *Kaubish v Weber*, 408 F.3d 540, 543 (8th Cir. 2005). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs Co v Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). Relevant considerations include the danger of prejudice, the length of delay, the reasons for the delay, and whether the moving party acted in good faith. *Spirit Lake Tribe v Jaeger*, 5 F.4th 849, 854–55 (8th Cir. 2021) (citing *Pioneer Inv Servs*, 507 U.S. at 395)). The

---

[1] Although it is not captioned as such, the Court construes the motion to extend the expert disclosure deadline as a joint motion. According to Defendants' motion, "[o]n agreement and stipulation of the parties, Defendants propose setting the deadline for expert disclosure to May 30, 2025, 45 days before the date set for trial." Doc. 395 at 3. During the status conference, counsel for the parties informed the Court that they had agreed that the expert disclosure deadline could be extended. Finally, Plaintiff's counsel has filed a motion for approval of expert witness fees and expenses. Doc. 411.

3

United States Court of Appeals for the Eighth Circuit has recognized that an attorney's busy schedule is not excusable neglect. *Hawks v J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2020). The Eighth Circuit has also recognized that when untimeliness results from an attorney's conscious, strategic decision rather than mistake or carelessness, it is not an abuse of discretion for the district court to find that there is no excusable neglect. *Huggins v FedEx Ground Package Sys , Inc* , 502 F.3d 853, 857 (8th Cir. 2010). In a case such as this, when "the judicial disfavor for default dispositions is not implicated," it is appropriate for the Court to focus on the reason for Defendants' delay. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010) (quoting *Gibbons v. United States*, 317 F.3d 852, 855 n.4 (8th Cir. 2003)). When considering all the relevant circumstances, as well as the potential for delay, the Court concludes that Defendants have not demonstrated excusable neglect.

This Court's Orders denying in part Defendants' motions for summary judgment clearly set forth the time parameters of the claims that survived summary judgment. In the Court's initial Order, the Court stated that "Christians brings an Eighth Amendment conditions of confinement claim against the DOC Defendants, alleging that he lost over 90 pounds from March 17 to August 13, 2018, because of inadequate nutrition while incarcerated in the SD DOC prison system." Doc. 147 at 4, filed on September 28, 2022 (citing Doc. 26 ¶ 36). After outlining the facts and discussing Christians' claims, the Court concluded that "[b]ecause genuine questions of material fact remain regarding Christians' caloric intake, the cause of his weight loss and other adverse health effects, and the DOC Defendants' response to these alleged issues, summary judgment is not appropriate at this time." *Id* at 43. Thus, the DOC Defendants have known since September 28, 2022, that at least one inadequate nutrition claim was going forward to trial. *See generally* Doc. 347.

4

In the Court's second Order, the Court summarized the claims that survived summary judgment and explained that the surviving claims were not scheduled for trial "because the Court granted, in part, Christians' motion for leave to file [a] second amended complaint." Doc. 345 at 3. The Court set forth the specific time parameters of Christians' initial claims. *Id* at 2 ("Christians alleges an Eighth Amendment conditions of confinement claim . . . , contending that he lost over 90 pounds from March 2017 to August 13, 2018, because of inadequate nutrition."). Then the Court clarified that the Eighth Amendment inadequate nutrition claims in the Second Amended Complaint that were permitted to go forward "arise out of Christians' confinement in the Special Housing Unit ("SHU") from March 2021 through May 2021. *Id* at 5 (citing Doc. 83 ¶¶ 127(N)-(WW); Doc. 282 at 1). The Court's Order, which was filed on September 30, 2024, states in conclusion that "[t]he motion for summary judgment by Newly Added Defendants Pechous, Genie Birch, Greasman, Alumbaugh, Marjama, Winters, Padilla, Mullins, Hulscher, Dreiske, Becker, Hettig, Sorenson, and Perret on Christians' Eighth Amendment inadequate nutrition claims arising out of the time he was housed in the SHU from March 2021 through May 2021 is denied." *Id.* at 34. Accordingly, the DOC Defendants have known since September 30, 2024, that two inadequate nutrition claims were going forward to trial.

On January 16, 2025, the Court issued an Order on various motions Christians had filed while the Defendants' motion for summary judgment on the claims in the Second Amended Complaint that were permitted to go forward was pending. Doc. 368. The introductory paragraph of that Order specifically outlines the claims that survived summary judgment, including the time parameter of each claim:

> Christians alleges that he lost over 90 pounds *from March 2017 to August 13, 2018*, because of inadequate nutrition while incarcerated in the SD DOC prison system. Doc. 26 ¶ 36. Because genuine issues of material fact remain regarding Christians' caloric intake, the cause of his weight loss, and other adverse health effects, the

5

> Court denied the DOC Defendants' motion for summary judgment on . . . Christians' inadequate nutrition Eighth Amendment conditions of confinement claim. Doc. 147 at 23–27, 30–31, 43. Christians also alleges inadequate nutrition during his confinement in the SHU *from March 2021 through May 2021*. Doc. 83 ¶¶ 127(P)–(MM). The Court denied the motion for summary judgment by Defendants Pechous, Birch, Greasman, Alumbaugh, Marjama, Winters, Padilla, Mullins, Hulscher, Dreiske, Becker, Hettig, Sorenson, and Perret on Christians' Eighth Amendment inadequate nutrition claim arising out of the time he was housed in the SHU *from March 2021 through May 2021*. Doc. 345 at 12–23, 34.

Doc. 368 at 2–3 (emphasis added).

The docket in this case is voluminous, with over 400 entries, but the Court's Order appointing counsel to represent Christians for the purpose of submitting pre-trial submissions ordered by the Court and preparing for and trying the claims that survived summary judgment specifically references by docket number the Orders denying in part Defendants' motions for summary judgment. Doc. 375 at 2. As noted above, each of those Orders clearly outlines the time parameters of the claims that survived summary judgment. The Court is aware that Defendants' counsel of record did not enter an appearance until January 31, 2025. Doc. 374. But a substitution of counsel was necessary because Defendants' previous counsel retired. The Court presumes that the South Dakota Attorney General's Office took appropriate steps to facilitate the smooth transition of this case prior to the planned retirement of Defendants' previous counsel. Although the parties may not have agreed on the temporal parameters of Plaintiff's claims, this Court's Orders clearly and repeatedly specify each claim that survived judgment, identify the defendants against whom each claim is made, and set out the time parameters of each claim.

Each of the parties' present counsel appeared more than two months before they contacted the Court to request a status conference to clarify the issues for purposes of trial and possible settlement. The remaining issues for trial were already set out in Orders, but the Court scheduled a status conference to accommodate the request of counsel for the parties, neither of

whom have previously tried a case before this Court. Defendants argue that the parties acted in good faith by agreeing to extend the expert disclosure deadline until the Court addressed the temporal parameters of Plaintiff's claim, but "[a] stipulation by the parties for an extension of time is ineffective if it is not also embodied in an order of the district court." 4B Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed.). Further, if counsel for the parties could not identify "necessary witnesses and evidence" until the Court clarified the temporal parameters of Plaintiff's claims, there is no reason that they could not have moved to extend the deadline for disclosure of expert testimony *prior* to the expiration of the deadline, and Defendants' motion to extend does not address why they did not do so. *See generally* Doc. 395. The Court does not question that the parties have acted in good faith. But good faith is not the question. The question is one of excusable neglect.

    Defendants contend that extending the deadline will not result in prejudice or cause a delay in the proceedings. *Id* at 4. The Court disagrees. Defendants propose extending the expert disclosure deadline until May 30, 2025, which is less than thirty days before the deadline to file motions in limine. *See* Doc. 376. If unforeseen circumstances arise, even a brief delay in disclosing expert witnesses may limit the Court's ability to consider pre-trial motions, including motions in limine. Further, Defendants' counsel informed the Court that Defendants' case will take one and one-half days, and the Court has scheduled the trial for one week. Given the number of Defendants (28), the Court questions whether the Defendants' case can be concluded in one and one-half days if Defendants are permitted to call one or more expert witnesses. Defendants oppose Plaintiff's motion for approval of expert witness fees and expenses, *see* Doc. 412, but the Court is not inclined to extend the deadline for disclosure of expert testimony to permit Defendants to designate expert(s) at the last moment and deny Plaintiff an opportunity to

7

do the same. If both parties are permitted to call one or more experts, the Court is concerned that the trial will not be concluded in the one week that has been scheduled. Plaintiff asked for the appointment of an expert long ago, and that request was denied. Doc. 147 at 64–65, 68 (filed September 28, 2022). On May 19, 2025, Plaintiff's counsel requested approval of expert fees and expenses for the retention of a health and wellness coach who has certification in three different nutrition and diet programs. Doc. 411. This request may have been a result of Defendants' May 13, 2025 request to extend the expert disclosure deadline. The Court is unaware of what sort of expert Defendants now propose to notice.

Finally, in their response to Plaintiff's motion for approval of expert fees and expenses, Defendants contend that this litigation is not complex and that the record has been fully developed at the summary judgment stage. Doc. 412 at 3. Defendants cannot argue that Plaintiff's motion for approval of expert fees should be denied because no expert is necessary and then contend that Plaintiff will not be prejudiced[2] if Defendants are permitted to designate an expert after the expiration of the expert witness disclosure deadline.

The record clearly outlined the temporal parameters of Plaintiff's surviving claims, even before the Court stated these parameters again in its order of January 16, 2025. The parties have known since September 28, 2022, that a claim of significant weight loss from inadequate nutrition was going forward to trial. Defendants have not identified any excusable neglect that prohibited them from moving to extend the expert disclosure deadline before it expired.

---

[2] In their motion to extend, Defendants argue that neither party will be prejudiced if their motion is granted because "the parties agreed to extend the deadline[.]". Doc. 395 at 4. If no expert is necessary as urged by the Defendants regarding the Plaintiff, the Court questions why the parties agreed to extend the expert disclosure deadline.

Defendants' motion to extend the expert disclosure deadline, Doc. 395, is denied. Accordingly, it is

ORDERED that Defendants' motion to extend the expert disclosure deadline, Doc. 395, is denied, Plaintiff's motion for approval of expert witness fees and expenses, Doc. 411, is denied as moot.

DATED this 22nd day of May, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge