UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                    Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

| | |
|---|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. The Court issued an Order Granting in Part and Denying in Part Motion for Summary Judgment Regarding Newly Added Claims and Defendants. Doc. 345. Christians filed a notice of interlocutory appeal to the United States Court of Appeals for the Eighth Circuit from the Court's Order. Doc. 380. By order dated April 18, 2025, the Court ordered Christians to pay the full $605 appellate filing fee and directed him to move for leave to proceed in forma pauperis on appeal and submit a certified prisoner trust account form for the last six months if he seeks to pay the appellate filing fee in installments. Doc. 383. Christians now moves for leave to proceed in forma pauperis on appeal, Docs. 406 and 407, and the Court has received his prisoner trust account report.[1]

---

[1] The Court ordered Christians to move for leave to proceed in forma pauperis on appeal and submit a certified prisoner trust account for the last six months on or before May 19, 2025, if he seeks to pay the appellate filing fee installments. Doc. 383. Christians' motions for leave to proceed in forma pauperis were timely deposited in his institution's internal legal mail system on May 9, 2025. Doc. 407 at 7. Christians has not yet filed a certified prisoner trust account form for the last six months in this case, but a certified copy of his prisoner trust account form for the last six months was filed in another case on May 21, 2025. *Christians v. Christensen*, 4:22-CV-

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the United States Court of Appeals for the Eighth Circuit outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or

(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

---

04072-LLP, Doc. 122 (D.S.D.). In each of Christians' cases, the Court granted Christians' timely requests to direct the DOC to provide a certified prisoner trust account report form and copies of his last six months of financial statements. Doc. 405; *Christians*, 4:22-CV-04072-LLP, Doc. 121. Thus, the Court will consider Christians' motion for leave to proceed in forma pauperis on appeal in this case based on the information set forth in the certified prisoner trust account form recently filed in his other case.

A party permitted to proceed in forma pauperis in the district-court action may proceed in forma pauperis on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3). It appears that Christians' appeal is taken in good faith. Christians' prisoner trust account report shows an average monthly deposit of $129.58 and an average monthly balance of $365.00. *Christians*, 4:22-CV-04072-LLP, Doc. 121. Based on the information in Christians' prisoner trust account report, the Court grants Christians leave to proceed in forma pauperis on appeal, but he must pay an initial partial filing fee of $73.00 (20 percent of his average monthly balance). Christians must pay the initial partial filing fee of **$73.00 by July 2, 2025**.

Thus, it is ORDERED:

1. That Christians' motions for leave to proceed in forma pauperis on appeal, Docs 406 and 407, are granted. Christians must make a payment of **$73.00 by July 2, 2025**, made payable to the Clerk, U.S. District Court.

2. That the Clerk of Court will send a copy of this Order to the appropriate financial officer at Christians' institution.

3. That the institution having custody of Christians is directed that whenever the amount in Christians' trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Christians' trust account shall be forwarded to the U.S. District Court

Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $605 appellate filing fee is paid in full.

DATED this 2nd day of June, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge