UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                    Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S *PRO SE* MOTION TO CONTINUE THE TRIAL<br>(DOC. 439) |

| | |
|---|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>Defendants. | |

Plaintiff, Mark Christians, filed a *pro se* "Motion for Stay of the Proceedings" requesting that the Court continue the trial of this matter, which is scheduled to begin on July 15, 2025. Doc. 439. Christians contends that his Court-appointed counsel "cannot be ready for trial on the set date and will need to reschedule this trial date." *Id* at 4. Christians' Court-appointed counsel has not advised the Court that he will not have sufficient time to prepare for trial.

The United States Court of Appeal for the Eighth Circuit has a long-standing "policy not to consider pro se filings when [the party] is represented by counsel." *United States v. Schenk*, 983 F.2d 876, 878 n.3 (8th Cir. 1993) (quoting *United States v. Halverson*, 973 F.2d 1415, 1417 (8th Cir. 1992) (per curiam)); *see also United States v. Shaw*, 965 F.3d 921, 929 n.4 (8th Cir. 2020) (declining to address issues raised in a *pro se* filing when appellant is represented by counsel); *United States v. Carr*, 895 F.3d 1083, 1090–91 (8th Cir. 2018) (same); *United States v. Payton*, 918 F.2d 54, 56 n.2 (8th Cir. 1990) (reiterating policy); *Hobbs v City of Burlington*, 11 F. App'x 674, 675 (8th Cir. 2001) (per curiam). "The District Courts in this Circuit also adhere to this policy." *Schmidt v Bodin*, CIV. 06-5034, 2007 U.S. Dist. LEXIS 60378, at *23 (D.S.D.

Aug. 15, 2007). "A district court has no obligation to entertain pro se motions filed by a represented party." *United States v. Haubrich*, 744 F.3d 554, 557 (8th Cir. 2014) (citation modified). Accordingly, Christians' *pro se* "Motion to Stay Proceedings," Doc. 439, is denied.

  The remaining claims scheduled for trial are specific and relate to clear, discreet time periods. First, Christians alleges that thirteen (13) defendants are each individually liable on his Eighth Amendment inadequate nutrition claim for the period of time from March 2017 to August 13, 2018, when Christians alleges he lost over ninety (90) pounds. Doc. 147 at 23–27, 30–31, 43. Specifically, Christians asserts that during this time period his meals provided approximately 1750 calories per day and that the recommended calorie total for a man of his height, weight, age, and activity level is approximately 3000 calories per day. Doc. 26 ¶ 40. The Court denied the Defendants' motion for summary judgment on Christians' Eighth Amendment inadequate nutrition claim "[b]ecause genuine questions of material fact remain regarding Christians' caloric intake, the cause of his weight loss and other adverse health effects[.]" Doc. 147 at 43.

  Second, Christians alleges that fourteen (14) other defendants are each individually liable on his Eighth Amendment inadequate nutrition claim for the period of time from March 2021 to May 2021 when he housed in the Special Housing Unit (SHU). Doc. 345 at 12–23, 34. Christians alleges that while he was in the SHU, he was provided meal trays with missing food items and portions smaller than indicated on the menu. Doc. 83 ¶¶ 127(N)–(WW). According to Christians, he made Defendants aware that he was losing weight and muscle because he was provided trays with missing food items and small portions, but Defendants did not address his concerns. Doc. 83 ¶¶ 127(Q), 127(W), 127(X), 127(Y), 127(Z), 127(BB); Doc. 274 at 1.

  According to Christians, his Court-appointed counsel "has not hired a private investigator or asked for additional resources to do so." Doc. 439 at 2. The nature of Christians' claims is not

such that the Court would anticipate that a private investigator would be required to assist Christians' counsel in preparing for trial. Typically, the Court authorizes private investigators in criminal cases, not in civil cases, when the parties are permitted to conduct discovery. Before this Court ruled on the Defendants' motions for summary judgment, Christians was permitted to conduct discovery.

At trial, Christians' counsel will not be permitted to introduce evidence that is not relevant to the claims scheduled for trial. Similarly, Christians' counsel will not be permitted to introduce evidence outside of the specific time periods in issue. It appears that much of the information Christians contends that his counsel has not had time to gather is not relevant and would not be admissible at trial. For example, Christians' asserts that he has requested that his counsel obtain information regarding federal funding the State of South Dakota receives for prisons, prisoners, and penitentiaries, as well as contracts, grants, or similar documents delineating requirements to obtain federal funding. *Id* Whether the DOC receives federal funding, and, if so, any conditions which the DOC must meet to receive the funding is not relevant to whether the Defendants have violated Christians' Eighth Amendment rights. Similarly, whether the DOC facilities meet the American Correctional Association (ACA) standards or the National Commission on Correctional Health Care (NCCHC) standards is not relevant to whether any, some, or all of the individual Defendants have violated Plaintiff's Eighth Amendment rights. Finally, Christians contends that he has requested that his counsel obtain Jennifer Jackson's nutritional analysis in preparation for trial. *Id* Jackson was retained in September 2023, and evaluated food service at the DOC facilities after a new food contractor took over on October 1, 2022. Doc. 249 ¶¶ 30–41. Jackson's assessment of food service at the DOC facilities after October 1, 2022, is not relevant to whether any, some, or all the individual

Defendants violated Christians' Eighth Amendment rights from March 2017 to August 13, 2018, and/or from March 2021 to May 2021.

Finally, there is no record support for Christians' assertion that his Court-appointed is "obviously overwhelmed and too inexperienced to present such a case[.]" Doc. 439 at 5. The Court would not have appointed Christians' counsel if the Court did not believe he was capable of trying this case.

DATED this 30th day of June, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge