UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity, CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br>ORDER ON DEFENDANTS' MOTIONS FOR PARTY MANAGEMENT (DOCS. 428, 459) |

| | |
|---|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,<br><br>       Defendants. | |

  Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. By Order dated February 3, 2025, the Court scheduled this case for a jury trial beginning on July 15, 2025. Doc. 376. During a status conference on April 22, 2025, the Court scheduled the trial for one week based on estimate length of each of the parties' cases. Doc. 388 at 3. Subsequently, Plaintiff's counsel informed the Court that is likely that the Plaintiff's case-in-chief will take longer than he had originally estimated and that the trial may extend into a second week. After hearing from each of the parties, during another status conference, the Court ordered that "[t]he jury trial will commence on July 15, 2025, and continue on in the second week of trial from July 21, 2025, until completed." Doc. 437.

### I.  Barbra Wakeen

  Defendants request that one of their witnesses, Barbra Wakeen, be permitted to testify remotely pursuant to Rule 43(a) because Wakeen will be traveling in the course of her work as a consultant when she is expected to testify. Doc. 428 at 3. Christians objects to Defendants' witness, Barbra Wakeen, testifying remotely. Doc. 458 at 3–5. Christians contends that

Wakeen's consulting work schedule is not "good cause" to permit her to testify remotely. *Id.* at 3 (quoting *Henry v Celebrity Cruises, Inc*, 2022 WL 1211401, at *1 (S.D. Fla. Jan. 26, 2022) ("Plaintiff's arguments that the witness' work schedules, and the inconveniences caused by the need for them to travel . . . do not rise to the level of 'good cause' justifying" remote testimony)). Before the Court considers whether there is good cause to permit Wakeen to testify remotely, the Court must determine whether her anticipated testimony, whether live or remote, will be admissible. Defendants are directed to provide to the Court a list of the topics or subjects on which Wakeen may testify as well as summary of the foundation or basis for her testimony no later than **Noon on Thursday, July 3, 2025**.

## II.  Defendants' Motion to Appear through Counsel Following the Court's Ruling on June 24, 2025 to Extend Trial Date (Doc. 459)

Defendants Angela Pechous, Dawn Alumbaugh, Brad Sorenson, Jordon Becker, Jessica Cook, Angel Padilla, Preston Perret, Jennifer Dreiske, and Bryan Marjama request that the Court enter an Order permitting them to appear at the trial through counsel. Doc. 459. This request follows the Court's order extending the trial date in this matter. Defendants objected to the Court's order extending the trial date, in part, because of the burden it places on the twenty-seven Defendants in this matter. *Id.* at 2–3. If Plaintiff intends to respond to this motion, Plaintiff must file his response no later than **Noon on Thursday, July 3, 2025**. Defendants Pechous and Dreiske did not submit affidavits in support of their motion. Defendants Pechous and Dreiske must submit affidavits in support of their motion no later than **Noon on Thursday, July 3, 2025**.

Accordingly, it is ORDERED:

1. That Defendants must provide to the Court a list of the topics or subjects on which Wakeen may testify as well as summary of the foundation or basis for her testimony no later than **Noon on Thursday, July 3, 2025**.

3

2.  That Plaintiff must file his response to Defendants' Motion to Appear through Counsel Following the Court's Ruling on June 24, 2025 to Extend Trial Date (Doc. 459) no later than **Noon on Thursday, July 3, 2025**.

3.  That Defendants Pechous and Dreiske must submit affidavits in support of their motion no later than **Noon on Thursday, July 3, 2025**.

DATED this 1st day of July, 2025.

> BY THE COURT:
>
> *Lawrence L. Piersol*
> _____
> LAWRENCE L. PIERSOL
> United States District Judge