UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>      Plaintiff,<br><br>   vs.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity, PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, | 4:20-CV-04083-LLP<br><br><br>MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTIONS (DOCS. 379, 393, 394, 416) |

| |
|---|
| Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity, <br><br>                Defendants. |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. The Court issued an Order Granting in Part and Denying in Part Motion for Summary Judgment Regarding Newly Added Claims and Defendants. Doc. 345. Christians has filed various objections, requests, and motions, many of which are not permitted by the Federal Rules of Civil Procedure or the District of South Dakota's Local Civil Rules of Practice, requesting that the Court reconsider that portion of the order granting in part Defendants' motion for summary judgment.

I.  **Docs. 379 and 416**

After the Court granted in part and denied in part a motion for summary judgment filed by defendants Pechous, Birch, Greasman, Alumbaugh, Marjama, Winters, Padilla, Mullins, Hulscher, Dreiske, Becker, Hettig, Sorenson, Perret, Young, Christensen, and Stratman, *see* Doc. 345, Christians filed a document captioned as "Objections to Order Granting in Part . . . Motion for Summary Judgment Regarding Newly Added Defendants (Doc. 345)." Doc. 357 (capitalization in original omitted). Defendants did not respond to Christians' objections, and the

Court did not enter an order ruling on Christians' objections because neither the Federal Rules of Civil Procedure nor the District of South Dakota's Civil Local Rules of Practice permit the filing of objections to an order ruling on a motion for summary judgment. This Court scheduled the claims that survived summary judgment for trial (Doc. 379), and appointed counsel to submit pre-trial submissions ordered by the Court and to prepare for and try the claims that survived summary judgment (Doc. 375). More than two months later, Christians filed a notice of appeal from his "Objections to Order Granting in Part . . . Motion for Summary Judgment Regarding Newly Added Claims and Defendants." Doc. 380 at 2. Christians clarified that he intended his objections to be a request for relief under Federal Rules of Civil Procedure 59(e), 60(a), 60(b)(1), and 60(b)(6) and moved for "immediate rulings on the [his] objections and requests for relief under Fed. R. Civ. P. 59 & 60." Doc. 379. This Court notified Defendants that it intends to liberally construe Christians' objections (Doc. 357) as a request for relief under Rule 59(e), Rule 60(a), Rule 60(b)(1), and Rule 60(b)(6) and directed Defendants to respond to Christians' request for relief under Rule 59(e), Rule 60(a), Rule 60(b)(1), and Rule 60(b)(6). Doc. 381. The Court has considered Defendants' response, Doc. 392, as well as Christians' reply, Doc. 414.[1] For the

---

[1] Defendants' response was filed and served on Christians by mail on May 2, 2025. Doc. 392 at 2. Christians is permitted to "file a reply brief within 14 calendar days after service of the responsive brief." D.S.D. Civ. LR 7.1(B). But because Christians was served by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Christians' deadline for filing a reply brief was May 19, 2025. Christians' reply brief, Doc. 414, was deposited in his institution's internal legal mail system on May 22, 2025, Doc. 414-2. Christians moved for an extension of time to file a reply brief. Doc. 416. His motion is dated May 15, 2025, but it was not filed until May 27, 2025, the same day that his reply brief was filed, and the motion does not contain a declaration stating when it was deposited in his institution's internal legal mail system. *See* Doc. 416. Christians requested a fourteen-day extension of time because he was "awaiting computer typing time to complete the document." *Id.* Although it is not clear that Christians deposited his motion for extension of time in the institution's internal legal mail system on or before May 19, 2025, the Court will give him the benefit of the doubt and assume that it was. Good cause appearing, Christians' motion for extension of time to file a reply brief, Doc. 416, is granted. Fed. R. Civ. P. 6(b)(1)(A).

reasons discussed below, Christians' request for relief under Rule 59(e), Rule 60(a), Rule 60(b)(1), and Rule 60(b)(6), Doc. 345 , is denied.

Christians is not entitled to relief under Rule 59(e), Rule 60(a), or Rule 60(b)(6). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Christians seeks relief from an order, not a judgment. Because the Court has not yet entered a judgment, Christians is not entitled to relief under Rule 59(e). Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). But the rule "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Cem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997). The Court's Order Granting in Part and Denying in Part the Newly Added Defendants' Motion for Summary (Doc. 345) accurately reflects the Court's ruling. Christians argues that the Court's ruling is wrong and requests that the Court made a different decision. Thus, Christians is not entitled to relief under Rule 60(a). Finally, because Christians seeks relief under Rule 60(b)(1), as a matter of law, he is not entitled to relief under Rule 60(b)6). Relief under Rules 60(b)(1) and 60(b)(6) is mutually exclusive. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988). If relief is premised on Rule 60(b)(1), it is not available under Rule 60(b)(6). *Id.*

Rule 60(b)(1) allows the Court to provide relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). A judge's error of law is a "mistake" that may warrant relief under this rule. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). However, Rule 60(b)(1) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) "provides for

4

extraordinary relief which may be granted only upon a showing of exceptional circumstances." *Wagstaff v. Cartnell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (citation modified). Rule 60(b)(1) motions are intended "to present the judgment from a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation modified).

Christians alleged that Young, on April 26, 2021, threatened to move him to a harsher, more violent out-of-state prison. Doc. 83 ¶ 127(CC); *see also* Doc. 83 ¶ 127(FF) (alleging that Young threatened to move Christians to a different state on April 30, 2021). It is undisputed that Christians did not file any grievances related to Young's alleged threats in April 2021. Doc. 247 ¶ 8; Doc. 249 ¶ 125; Doc. 281 ¶ 125. The Court granted Young's motion for summary judgment on Christians' retaliation claim because Christians failed to exhaust his administrative remedies. Doc. 345 at 25–30. Christians raised the same arguments in opposition to Young's motion for summary judgment that he now raises in his Rule 60(b)(1) motion. Specifically, Christians alleged that on April 29, 2021, he verbally raised his concerns about being transferred out of state because of raising concerns about the food during a conversation with a prison official, Seth Hughes. Doc. 282 at 26. But as the Court explained, Christians' argument misconstrued the administrative remedy policy. Doc. 345 at 26. Because Christians did not accept any alleged resolution Hughes may have offered in response to Christians' concern, the administrative remedy policy required that he submit a written kite or Informal Resolution Request (IRR), and it is undisputed that he did not do so.

Christians' second amended complaint included a retaliation claim against Stratman and Christensen related an incident on September 19, 2019 and subsequent H-4 violation. Doc. 83 ¶ 140. Christians filed an IRR alleging that he had been wrongfully written up for H-4 violation related to the September 19, 2019 incident. Doc. 240-25. Christians' IRR was denied. Doc. 240-

26. Christians submitted a Request for Administrative Remedy (RAR) related to the H-4 violation, but the RAR was rejected and returned to Christians because he did not attach his original IRR or the required disciplinary report and DHO findings. Doc. 240-28. The Court granted Stratman and Christensen's motion for summary judgment on Christians' retaliation claim because Christians did not fully exhaust his administrative remedies regarding the September 19, 2019 incident and subsequent H-4 violation. Doc. 245 at 30–31.

To oppose Stratman and Christiansen's motion for summary judgment, Christians contended that a correctional officer likely would not have accepted the RAR without the required documents, asserted that it is unknown how many hands the RAR passed through before it reached the official who signed the notice of rejection, and speculated that it cannot be ruled out that the correctional officer who accepted the RAR lost the attachments. Doc. 282 at 34; *see also* Doc. 281 ¶ 136. Christians now contends that a conclusory statement in his declaration that he has "substantially followed Policy 1.3.E.2 as it was permitted and available including turning in all required documents" is sufficient to create a genuine issue of fact whether he exhausted available administrative remedies with respect to the September 19, 2019 incident and subsequent H-4 violation. Doc. 357 at 4 (quoting Doc. 274). A general statement, even under penalty of perjury, that Christians has substantially complied with the administrative remedy policy, is not tantamount to record evidence that he did in fact attach the original IRR and the required disciplinary report and DHO findings to the RAR related to the H-4 violation. Christians, by his own admission, has submitted hundreds of grievances. Doc. 282 at 27–28. His conclusory declaration does not "set forth specific facts showing [the existence of] a genuine issue for trial." *Gacek v. Owens & Minor Distrib., Inc.*, 666 F.3d 1142, 1145–46 (8th Cir. 2012) (internal citation omitted).

The Court granted Defendants' motion for summary judgment on Christians' claims that he was falsely accused of organizing a hunger strike in retaliation for filing food grievances because there was no record evidence to dispute on or about April 27, 2020, Christians pleaded guilty to the charge that he had committed an H-7 violation. Doc. 345 at 32–33. According to Defendants' Statement of Undisputed Material Facts, Christians pleaded guilty to the charge that he committed an H-7 violation. Doc. 249 ¶ 147 (citing Doc. 240-32). Christians' response to this paragraph was lengthy, *see* Doc. 281 at 46–47, 50, but he did not include appropriate citations to the record as required by LR 56.1.B. Instead, Christians cited "documents directly referred to in this paragraph and complaint #141 and general record" which Christians described as "grievances/ administrative remedy requests/appeal to Sec. of Corrections #35495/35485 and letter dated September 2, 2021 from Doug Clark[.]" Doc. 281 at 48 (capitalization in original omitted). According to Christians' brief, a document titled "Disciplinary – Your Rights," which Christians contends was attached to his brief, raises an issue of material fact. Doc. 282 at 39. But no documents were attached to Christians' brief. Instead, on February 19, 2024, Christians submitted for filing "various documents cited in responses – including grievance, letters, menus, food lables [sic], kites, USDA Guidelines, food journals, medical notations, additional information to be reviewed/considered." Doc. 283 at 1. The "various documents" spanned 228 pages and were not paginated or otherwise organized to permit the Court to locate a specific document without going through each page. Additionally, Christians did not comply with LR 56.1(C), which requires that he "attach to an affidavit all relevant documentary evidence in support of or in opposition to a motion for summary judgment." D.S.D. Civ. LR 56.1(C).

Christians now contends that because documents disputing Defendants' claim of a "guilty plea" were part of the record, he is entitled to relief under Rule 60(b)(1). Doc. 357 at 8–9.

7

Christians' burden when responding to Defendants' motion for summary judgment is clear. He was obligated to provide *specific* citations to the record to establish material issues of fact. This Court is not required to "plumb the record in order to find a genuine issue of material facts." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). *See also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").[2] Christians did not meet his burden when responding to Defendants' motion for summary judgment on his retaliation claim. That Christians, because he is proceeding pro se, may have unaware of the requirements of the applicable Federal Rules of Civil Procedure or the District of South Dakota's local rules, is not grounds for relief under Rule 60(b)(1) *See Harris v. Maplewood Police Dep't*, No. 17-392 (MJD/SER), 2019 WL 2710677, at *2 (D. Minn. June 28, 2019). Similarly, Christians' pro se status does not entitled him to a second "bite of the apple" to respond to Defendants' motion for summary judgment. When considering Christian's Rule 60(b)(1) motion, the Court will not consider whether the exhibits Christians has "resubmitted" are sufficient to create in issue of material fact. *See* Doc. 357-1. If Christians wanted to rely on these documents when responding to paragraphs 132 and 144–147 of Defendants' Statement of Undisputed Material Facts, he should have included an affidavit attaching the relevant documents or provided *specific* citations to the record where these documents could be found instead of citing to the "general record."

---

[2] Christians also references his verified complaint in a separate lawsuit to argue that the Court overlooked record evidence sufficient to raise a genuine issue of material fact. Doc. 357 at 8. But, in response to the motion for summary judgment on the claims added in the second amended complaint, Christians did not cite to, reference, or argue that a verified complaint in a different lawsuit gives rise to a disputed issue of fact in this lawsuit. Further, the Court is not aware of any Eighth Circuit precedent that requires the Court to consider the record evidence in another case when ruling on a motion for summary judgment. Christians' argument cannot be reconciled with the Rule 56(c)(3), which requires that the Court consider only cited materials.

After carefully reviewing the record and the parties' submissions, the Court finds no mistake, inadvertence, surprise, or excusable neglect that warrants relief under Rule 60(b)(1). For these reasons, Christians' objections to the order granting in part the motion for summary judgment regarding the newly added claims and defendants, Doc. 357, are overruled, and his motion for immediate judgment on prior objections and relief under Rules 59 and 60, Doc. 379, is denied as moot.

**II.     Docs. 393 and 394**

While the defendants' motion for summary judgment on the claims in the second amended complaint that survived screening was pending (Doc. 239), Christians filed a motion for a preliminary injunction directing defendants follow Dr. Mark Rector's March 13, 2024 order for a specific cardiac diet of "2.5 fruit servings, 4 servings vegetables, 6 oz. whole grains and lean protein (chicken, fish, etc.) of 8 oz all per day to acheive [sic] goal of lower cholesterol and prevent cardiac risks." Doc. 323 at 1–2 (capitalization in original omitted).  According to Christians' motion, he is "extremely concerned about continuing failing cardiovascular disease of hyperlipidemia/dyslipidemia and its progression to athlerosclerosis [sic], coronary artery/heart disease, pulmonary emobism [sic], stroke, heart attack, etc." *Id.* at 1 (capitalization in original omitted). Because the issues in this case stem from inadequate nutrition from March 2017 to August 13, 2018, and March 2021 to May 2021, well before Christians alleges that any medical provider ordered a cardiac diet, the Court denied Christians' request for a preliminary injunction directing that he be provided a cardiac diet because the requested injunctive relief was unrelated to the conduct in issue and the remaining claims. Doc. 366 at 6. Christians now requests that the Court reconsider the denial of his request for a preliminary injunction and permit him to seek

injunctive relief during the upcoming trial because of "ongoing nutritional inadequacies provided by the SDDOC." Doc. 394 at 3. *See also* Doc. 393 at 2.

Christians alleges that he lost over 90 pounds from March 2017 to August 13, 2018, because of inadequate nutrition while incarcerated in the custody of the South Dakota Department of Corrections. Doc. 26 ¶ 36. He contends that his meals provided approximately 1750 calories per day and that the recommended calorie total for a man of his height, weight, age, and activity level is approximately 3000 calories per day. *Id.* ¶ 40. The Court denied the Defendants' motion for summary judgment on Christians' Eighth Amendment inadequate nutrition claim "[b]ecause genuine questions of material fact remain regarding Christians' caloric intake, the cause of his weight loss and other adverse health effects[.]" Doc. 147 at 43.

During the time that he was housed in the SHU from March 2021 to May 2021, Christians alleges that he was provided meal trays with missing food items and portions smaller than indicated on the menu. Doc. 83 ¶¶ 127(N)–(WW). Christians alleges that he lost weight and muscle while in the SHU. Doc. 274 at 1. According to Christians, he made Defendants aware that he was losing weight and muscle because he was provided trays with missing food items and small portions, but Defendants did not address his concerns. Doc. 83 ¶¶ 127(Q), 127(W), 127(X), 127(Y), 127(Z), 127(BB); Doc. 274 at 1. When denying the Newly Added Defendants' motion for summary judgment on the Eighth Amendment inadequate nutrition claims alleged against them in the Second Amended Complaint, the Court explained:

> Giving Christians the benefit of all favorable inferences, which this Court must do, there is evidence that the meals the Newly Added Defendants delivered to Christians when he was housed in the SHU were nutritionally inadequate because of missing food items or slight portions. There is evidence that the Newly Added Defendants acknowledged the meals they served "were incorrect, missing items or were short on proper serving size." Doc. 83 ¶ 127(Y). According to Christians, the Newly Added Defendants were aware that Christians lost weight during the relevant time and that Christians attributed his weight loss to the

> inadequate trays the Newly Added Defendants were delivering to him. Thus, there are genuine issues of material fact whether the Newly Added Defendants "could have reasonably believed that there was not a 'problem' which needed fixing." Doc. 240 at 4.

Doc. 345 at 22–23.

A failure to provide a medically ordered cardiac diet is much different than Christians' claim that he consistently was provided meals with fewer than the recommended caloric total for a man of his height, weight, age, and activity level and his claim that he received trays with missing food items and small portions. Christians' motion for preliminary injunctive relief does not allege that any of the individual defendants in this action refused to provide him a cardiac diet or a diet that complied with a medical order. Instead, Christians generally alleges that "they are refusing to follow [Dr. Rector's] prior orders of a specific diet to treat this ongoing condition that will most certainly progress to an early demise of Plaintiff or minimum debilitating physical issues." Doc. 323 at 2 (capitalization in original omitted). But Christians does not identify or define who "they" is. *See id.*

Christians asserts that in his motion for preliminary injunction (Doc. 323) and his reply brief in support of his motion for preliminary injunction (Doc. 352), he did not request that the Court order that he be provided a cardiac diet. Doc. 394 at 3. Instead, Christians claims that "it is clear in those records that [he] requests to be [provided] a diet based in the USDA's Dietary Guidelines for Americans 2020-2025[.]" *Id.* Christians' mischaracterizes his filings. Each of these filings clearly request a cardiac diet consistent with Dr. Rector's March 13, 2024 order Doc. 324 at 2 ("the injunctive relief requested is at <u>minimum</u> the doctor[']s orders on March 13, 2024 for a specific diet"); Doc. 352 at 2 ("the relief requested was for a temporary reason – to prevent irreversible cardiac disease or worse cardiovascular disease"). Christians' motion for preliminary injunction, which was filed on August 19, 2024,and is based on medical orders

11

entered years after the incidents alleged in his amended complaint and second amended complaint, appears to be an attempt to supplement his complaint to assert a new Eighth Amendment claim well after expiration of the motion deadline. See Doc. 250 ¶ 3 (setting February 9, 2024 as the motion deadline). If Christians chooses to pursue a claim arising out of the alleged failure to provide a medically ordered cardiac diet, he will have to do so in a separate lawsuit.[3] He has not properly pleaded such a claim in this lawsuit, and the Court declines to reconsider its order denying his motion for a preliminary injunction directing that he be provided a cardiac diet. For these reasons, Christians' objections to the order denying his motion for preliminary injunctive relief (Doc. 371) are overruled, and his motion for clarification on order scheduling status conference or, in the alternative, Rule 60(b) motion (Doc. 394), is denied.

### III. Conclusion

Thus, it is ORDERED:

1. That Christians' motion for extension of time to file a reply brief, Doc. 416, is granted.

2. That Christians' motion for immediate judgment on prior objections and relief under Rules 59 and 60, Doc. 379, is denied as moot.

3. That Christians' motion for clarification on order scheduling status conference or, in the alternative, Rule 60(b) motion, Doc. 394, is denied.

4. That Christians' motion for expedited ruling/order on hearing request, Doc. 393,

---

[3] Christians has commenced another lawsuit that includes claims arising out of the alleged failure to provide a medically ordered cardiac diet. *Christians v. Hanvey*, 4:23-CV-04137, Doc. 15 at 13–16 (D.S.D.) These claims survived screening. *Id.*, Doc. 24 at 40–41, 43.

is denied as moot.

DATED this \_\_\_7th\_\_\_ day of July, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge