UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; CODY HANSON, Unit Manager Jameson, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEREK EKEREN, Unit Coordinator Jameson, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; JEANNIE BIRCH, Program Manager, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; DAWN ALUMBAUGH, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual | 4:20-CV-04083-LLP<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

| capacity; JAROD HETTICH, Lieutenant, individual capacity; BRAD SORENSON, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity, Defendants. | |
|---|---|

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. This Court scheduled a jury trial to begin on July 15, 2025, *see* Doc. 376, on the issues remaining for trial, *see* Doc. 382. A pretrial conference was held on July 8, 2025. This Order sets out the Court's rulings during the pretrial conference.

**I.     Defendants' Motion for Party Management (Doc. 428)**

Defendant Timothy Mullins requested that he be dismissed because Christians intended to sue Paige Mullins, but Timothy Mullins was served. Doc. 428 at 2. Christians advised Defendants' counsel in writing that Timothy Mullins is not the correct defendant. Doc. 428-1. Although Christians opposes the dismissal of Timothy Mullins, Christians does not argue that he has pleaded a valid claim against Timothy Mullins. *See* Doc. 458. Christians was granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" Because Christians, by his own admission, fails to state a claim against Timothy Mullins, Defendants' Motion for Party Management (Doc. 428) is granted in part. Christians' claims against Timothy Mullins are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendants request that one of their witnesses, Barbra Wakeen, be permitted to testify remotely because she is scheduled to be traveling for her consulting work during the time she is expected to testify. Doc. 428 at 3. Federal Rule of Civil Procedure 43(a) provides

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). Christians contends that there is not good cause to permit Wakeen to testify remotely. Doc. 458. "[A]rguments that the witness' work schedules, and the inconvenience caused by the need for them to travel . . . do not rise to the level of 'good cause' justifying" the need for the witness to testify remotely. *Henry v. Celebrity Cruises, Inc.*, 2022 WL 1211401, at *3 (S.D. Fla. Jan. 26, 2022). The trial date was set by Court order on February 3, 2025. Doc. 376. Thus, Wakeen should have had ample time to arrange her schedule to appear live during the trial. Defendants' Motion for Party Management, Doc. 428, is denied in part. Wakeen will not be permitted to testify remotely. If Defendants intend to present testimony from Wakeen, her testimony must be presented live.

## II.     Dismissal of Official Capacity Claims

Christians sues two defendants, Dan Sullivan, a former Warden at the SDSP, and Kellie Wasko, the Secretary of Corrections, in their official capacities only. The other defendants are sued in both their individual and official capacity. When a plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm," *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000), a requirement Christians cannot meet. While Christians has alleged that there are ongoing issues related to food, he has not alleged in this case any Eighth Amendment inadequate nutrition

3

claims beyond the time periods discussed in this Order and the Court's previous orders. Because Christians, as a matter of law, cannot demonstrate the likelihood of ongoing, imminent harm based on the challenged conduct during the relevant time periods, the official capacity claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Plaintiff's Motions in Limine (Doc. 431)

#### A. Prohibiting Evidence or Argument Regarding the Reason Plaintiff is in Prison

Federal Rule of Evidence 609(a)(1)(A) provides that "[e]vidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case" to attack a witness's character for truthfulness. Christians argues that admission of specifics regarding his conviction poses a danger of unfair prejudice and has little probative value. Doc. 432 at 4 (citing *Stanbridge v. Mitchell*, 2012 WL 1853483 (C.D. Ill. May 21, 2012)). Christians contends that this motion in limine should apply to any inmate witness who testifies. There is no record evidence that Christians or any of the inmate witnesses on his witness list have been convicted of a crime whose elements include proving a dishonest act or false statement. *See* Fed. R. Evid. 609(a)(2). Christians' motion in limine # 1 is granted. Defendants may ask Christians and any inmate witness whether he has been convicted of a crime that is punishable by imprisonment of more than one year but cannot go into any further details about the title, nature, or date of the conviction without leave of court.

### B. Prohibiting Reference to Settlement Offers

Christians' motion in limine # 2 is granted in accordance with Federal Rule of Evidence 408. All parties, witnesses, and counsel are prohibited from offering testimony, evidence or argument concerning settlement discussions or lack of settlement discussions.

### C. Prohibiting Any Argument or Reference that There are No Longer Concerns with the Amount of Food and Nutrition Being Received by Plaintiff and Other Inmates Within the Custody of the SDDOC

Christians' motion in limine # 3 is granted and it is reciprocal. Defendants cannot introduce evidence or argument that there are no longer concerns about the amount of food and nutrition being received by Plaintiff, and Plaintiff cannot introduce evidence or argument that there are ongoing concerns. The only evidence that will be permitted is evidence that is relevant to the time periods in issue. Further, the Plaintiff may not present evidence or argument regarding the amount, quality, or nutritional value of the food provided to other inmates.

### D. Judicial Notice of the USDA Dietary Guidelines for Adults and the Nutritive Value of Foods

Christians' request that the Court take judicial notice of the USDA Dietary Guidelines for Adults and the Nutritive Value of Foods, Docs. 433-1, 433-2, is granted. *Porter v. Cape Girardeau Cnty.*, 2022 WL 990676, at *2 n.5 (E.D. Mo. Mar. 31, 2022); *Maloney v. Ryan*, 2013 WL 3945921, at *6 n.10 (D. Ariz. July 31, 2013), *aff'd*, 711 F. App'x 372 (9th Cir. 2017). Failure to follow the USDA Dietary Guidelines, in and of itself, does not constitute deliberate indifference, but the USDA Guidelines are relevant. Defendants may introduce evidence of other relevant standards.

### E. Allowing Presentation of Pictures of Food Taken at Mike Durfee State Prison in 2022

Christians' motion in limine # 5 is denied. Without the comments, the photos provide little probative evidence. Doc. 433-5. The hearsay comments by unknown individuals relate

5

primarily to the quality not the quantity nor the nutritional value of the food. Doc. 433-4. Finally, none of the photos were taken during the time periods of the Christians' pending claims. Counsel for the parties should not reference the photographs or the comments during opening statement, and neither the photos nor the comments will be admissible during trial unless the proffering party can demonstrate the relevancy in a hearing outside of the presence of the jury.

      F.    **Allowing Presentation of the Agreement for Food Services Between Summit and the SDDOC executed on July 24, 2019**

During the pretrial conference, counsel for the parties informed the Court that there may be an earlier agreement that was in effect during the relevant time periods. The Court takes this motion in limine under advisement to permit the parties to provide the Court with the proper agreement.

      G.    **Allowing Plaintiff to be Present in the Courtroom without Visible Shackles on his Hands or Feet**

Christians' motion in limine # 7 is granted. Unless there is a showing of good cause or the Court orders otherwise, Christians will not have visible restraints on his hands or feet while in the courtroom with the jury present. Unless there is a showing of good cause or the Court orders otherwise, inmate witnesses will not have visible restraints on their hands or feet while in the courtroom with the jury present, but inmate witnesses will wear standard prison attire while testifying.

      H.    **Allowing the Court to Reconsider the Issue of Injunctive Relief Following Presentation of Evidence at Trial**

Christians' motion in limine # 8 is denied. The Court has dismissed the claims for injunctive relief, and Christians will not be permitted to present evidence during the trial that is not relevant to the pending claims solely for the purpose of reasserting a request for injunctive relief.

6

IV. **Defendants' Motions in Limine (Doc. 427)**

    A. **Excluding Evidence or Testimony on Matters that Fall Outside of the Date Ranges of Christians' Claims**

Defendants' motion in limine # 1 is denied as overly broad, but Christians must demonstrate the relevancy of any testimony or exhibit he seeks to introduce outside of the date ranges in issue.

    B. **Excluding Evidence or Testimony of Alleged Incidents at DOC Facilities other than Where Christians Was Incarcerated During the Corresponding Claims Dates**

Defendants' motion in limine # 2 is granted. As the Court stated during the pretrial conference, Christians cannot pursue claims on behalf of other inmates, and he will not be permitted to introduce evidence of incidents or concerns involving other inmates.

    C. **Excluding Evidence or Testimony on Matters Dismissed**

Defendants' Motion in Limine # 3 is granted. Christians may not present evidence or testimony that he is at risk of developing diabetes, at risk of high blood pressure, at risk of decreased thyroid function, or has experienced fainting spells and dizziness, fatigue, insomnia, and high cholesterol because of his extreme weight loss and poor nutrition. Doc. 147 at 31-38. Christians may present evidence and testimony that he has lost muscle tone and strength because of extreme weight loss and poor nutrition. Christians seeks to testify about instances of retaliation "to demonstrate that the SDDOC and its agents maliciously acted against Plaintiff, such to rise to the level of punitive damages." Doc. 457 at 4. The Court is not aware of any specifics regarding the instances of retaliation about which Christians intends to testify. Thus, the Court cannot determine whether the testimony will be admissible. "Punitive damages must be assessed to punish and deter conduct that bears a relationship to the plaintiff's harm--a defendant's dissimilar acts, independent from the acts upon which liability was premised, may

not serve as the basis for punitive damages." *Hirsh v. Lecuona*, 2008 WL 2795859, at *6 (D. Neb. July 18, 2008) (citing *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003)). Defendants' Motion in Limine to preclude evidence or testimony regarding retaliation is granted. Before Christians may introduce evidence of retaliation as a basis for punitive damages, he must present to the Court, outside the presence of the jury, specific details of the alleged retaliation (who, what, when) and obtain permission from the Court to present the testimony.

### D.   Excluding Evidence or Testimony that the SDDOC Subsequently Changed Food Vendors

The Court defers ruling on this Motion in Limine until the Court hears some evidence and can consider the purpose for which the evidence is being offered. The parties may not mention or reference in opening statements that the SDDOC subsequently changed food vendors or introduce evidence or testimony that the SDDOC subsequently changed food vendors unless the Court grants permission to do so in a hearing outside the presence of the jury.

### E.   Evidence or Testimony Regarding Compromise Offers

Defendants' Motion in Limine # 5 is granted in accordance with Federal Rule of Evidence 408, and it is reciprocal.

### F.   Evidence or Testimony Regarding Liability Insurance

Defendants' Motion in Limine # 6 is granted in accordance with Federal Rule of Evidence 411, and it is reciprocal.

## V.   Defendants' Motion to Offer Impeachment Evidence (Doc. 429)

Defendants' Motion to Offer Impeachment Evidence, Doc. 429, is granted in part and denied in part. Defendants may ask Christians and any inmate witness whether he has been convicted of a crime that is punishable by imprisonment of more than one year but cannot go into any further details about the title, nature, or date of the conviction without leave of court.

### VI. Defendants' Motion to Appear through Counsel at Trial (Doc. 459)

Defendant Pechous's motion to appear through counsel is denied because Pechous did not comply with the Court's order to provide a supporting affidavit. Doc. 474 at 3. With respect to Defendants Cook, Alumbaugh, Marjama, Padilla, Dreiske, Becker, Sorenson, and Perret, the motion to appear through counsel at trial is granted. During the pretrial conference, the Court stated that Christians could subpoena the Defendants who are appearing at trial though counsel if he wants to call them as witnesses during the Plaintiff's case-in-chief. However, the Court recognizes that time is short and that some of the Defendants who are appearing at trial through counsel may not be available at all times during the Plaintiff's case-in-chief. Accordingly, the Court directs that Defendants' counsel cooperate with Christians' counsel to make any Defendant appearing at trial through counsel available to testify at a reasonably convenient time during the Plaintiff's case-in-chief if Plaintiff wants to call them as witnesses. The Court also directs Plaintiff's counsel to use reasonable efforts to accommodate any scheduling conflicts of the Defendants who are appearing at trial through counsel.

### VII. Expert Testimony

The Court previously denied a motion to extend the expert disclosure deadline to permit the parties to disclose experts. Doc. 413. The parties have identified witnesses whose testimony may include "facts" that the witness perceived and include scientific, technical or specialized knowledge, but none of these witnesses appear to be retained experts required to provide a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The Court will permit "fact" testimony by non-retained witnesses, but the scope of their testimony will be limited to "facts" set forth in contemporaneous documents or otherwise known or available to the opposing

party. Because there were no expert disclosures, the Court will not permit undisclosed expert opinions from non-retained "fact" witnesses.

## VIII. Conclusion

Accordingly, IT IS ORDERED

1. That Defendants' Motion for Party Management, Doc. 428, is granted in part and denied in part. Defendants' request that Wakeen be permitted to testify remotely is denied. If Defendants intend to present testimony from Wakeen, her testimony must be presented live. Defendant Timothy Mullins' request that he be dismissed because Christians intended to sue Paige Mullins is granted. Christians' claims against Timothy Mullins are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That Plaintiff's Motions in Limine, Doc. 431, are granted in part and denied in part.

3. That Defendants' Motions in Limine, Doc. 427, are granted in part and denied in part.

4. That Defendants' Motion to Offer Impeachment Evidence, Doc. 429, is granted in part and denied in part.

5. That Defendants' Motion to Appear at Trial through Counsel, Doc. 459, is granted in part and denied in part. Defendant Pechous's motion to appear through counsel is denied. Defendants Cook, Alumbaugh, Marjama, Padilla, Dreiske, Becker, Sorenson, and Perret may appear at trial through counsel but Defendants' counsel must cooperate with Plaintiff's counsel to make any Defendant appearing

at trial through counsel available to testify at a reasonably convenient time during the Plaintiff's case-in-chief.

6. That during jury selection and the trial Plaintiff and Plaintiff's counsel will sit at the counsel table nearest the windows, and Defendants' counsel will sit at the counsel table nearest the jury box. Seats in the gallery behind Defendants' counsel will be reserved for Defendants.

DATED this 8th day of July, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge