UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>      Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; CODY HANSON, Unit Manager Jameson, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEREK EKEREN, Unit Coordinator Jameson, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; JEANNIE BIRCH, Program Manager, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; DAWN ALUMBAUGH, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual | 4:20-CV-04083-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S *PRO SE* MOTION FOR RECONSIDERATION OF COURT ORDER AND OBJECTIONS (DOC. 495) AND SECOND *PRO SE* MOTION FOR STAY OF PROCEEDINGS (DOC. 496) |

Case 4:20-cv-04083-LLP   Document 503   Filed 07/09/25   Page 2 of 6 PageID #: 8030

| | |
|---|---|
| capacity; JAROD HETTICH, Lieutenant, individual capacity; BRAD SORENSON, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. A jury trial is scheduled to begin on July 15, 2025, on the issues remaining for trial. Docs. 376, 382. A pretrial conference was held on July 8, 2025. During the pretrial conference, Christians' court-appointed counsel informed the Court that *pro se* papers Christians had mailed to the Clerk of Court had been docketed during the pretrial conference. Specifically, Christians filed a "Motion for Reconsideration of Court Order and Objections" (Doc. 495), a "Motion for Stay of Proceedings (Trial)" (Doc. 498), a supporting declaration (Doc. 498), and declarations from two inmates, Chance Harruff (Doc. 499) and Quentin Brown (Doc. 497). After the pretrial conference, the Court reviewed Christians' *pro se* filings. For the reasons outlined below, Christians' motion for reconsideration, Doc. 495, and his motion for stay of proceedings, Doc. 496, are denied.

## PROCEDURAL BACKGROUND

Christians filed a *pro se* "Motion for Stay of the Proceedings," which is dated June 23, 2025, requesting that the July 15, 2025 trial be continued because Christians did not believe that his court-appointed counsel would have adequate time to prepare for the trial. Doc. 439. The Court denied Christians' *pro se* motion to continue the trial. Doc. 454. Christians now moves for reconsideration of the order denying his first *pro se* motion to continue, Doc. 495, and, again, moves for a continuance of the trial, Doc. 496. In his second motion to continue, Christians argues only that he does not have sufficient time to prepare for the trial. *See generally* Doc. 496.

2

At no time has Christians' court-appointed counsel advised the Court that he will not have sufficient time to prepare for trial.

## LEGAL ANALYSIS

As the Court explained fully in its previous Memorandum Opinion and Order denying Christians' *pro se* motion to continue the trial, the United States Court of Appeals for the Eighth Circuit has a long-standing "policy not to consider pro se filings when [the party] is represented by counsel." Doc. 454 (internal quotation omitted). The Court will not address *pro se* filings when a litigant is represented by counsel, as Christians is here. All motions should be brought through his attorneys of record. *United States v. Berrier*, 110 F.4th 1104, 1111 (8th Cir. 2024) ("A district court has no obligation to entertain pro se motions filed by a represented party."(citation modified)). A "district court has no obligation to entertain pro se motions filed by a represented party." *United States v. Haubrich*, 744 F.3d 554, 557 (8th Cir. 2014) (citation modified). Accordingly, Christians' *pro se* "Motion for Reconsideration of Court Order and Objections," Doc. 495, and *pro se* "Motion for Stay of Proceedings," Doc. 496, are denied.

When the Court denied Christians' first *pro se* motion to continue the trial, the Court explained why many of the categories of documents he contends he has requested his attorney obtain are likely not relevant to not relevant to whether any, some, or all the individual Defendants violated Christians' Eighth Amendment rights from March 2017 to August 13, 2018, and/or from March 2021 to May 2021. In his motion for reconsideration, Christians outlines why he believes some of the requested information should be admissible. *See* Doc. 495. Christians' arguments are difficult to reconcile with clear precedent from the Eighth Circuit of Appeals

discussing inadequate nutrition Eighth Amendment claims as well as the type of evidence that may serve as the basis for punitive damages.[1]

Christians' second *pro se* motion to continue the trial is based on many of the same facts as his first *pro se* motion to continue. *Compare* Doc. 454 *with* Doc. 496. But in his second motion, Christians contends argues that "his proposed Jury Instructions have not been submitted" and "his proposed Motions in Limine have also not been submitted." Doc. 496 at 2. Christians' court-appointed counsel filed proposed jury instructions as well as motions in limine. Docs. 431, 434, 482. Christians does not "have a constitutional right to hybrid representation or the right to act as 'co-counsel.' " *Yates v. Wachtendorf*, 418 F. Supp. 3d 376, 390 (N.D. Iowa 2019) (citing *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992) (discussing hybrid representation in a criminal case)).

According to Christians, "the single biggest reason for a reasonable request to stay the proceedings is direct interference by the Defendants themselves and SDDOC officials." Doc. 496 at 2. Even if, as Christians alleges, two small boxes of his property are missing, the record does not demonstrate how this allegedly missing property precludes Christians' court-appointed counsel from being prepared to try to case beginning on July 15. During the pretrial conference, Christians' court-appointed counsel demonstrated that he understands the claims that remain pending, the essential elements of those claims, and is preparing to present testimony, exhibits, and arguments relevant to the pending claims. Further, Defendants' counsel demonstrated that she intends to comply with the Court's orders and directives and exhibited the level of

---

[1] One of the inmate declarations Christians submitted states that "[p]roperty has also been taken from me for no apparent reason while I have been a roommate of Christians." Doc. 499 ¶ 6. The Court ruled during the pretrial conference that Christians will not be permitted to present evidence of other inmates' claims and concerns.

professionalism and cooperation with Christians' court-appointed counsel that the Court expects from attorneys admitted to practice in the District of South Dakota. Thus, the Court has no reason to believe that Defendants' counsel would permit Defendants to intentionally and directly interfere with Christians' or Christians' court-appointed counsel's trial preparation efforts.[2]

Finally, Christians indicates that he is undecided whether his court-appointed attorney can effectively present his case. *Id.* at 6. The Court does not appoint an attorney unless the Court believes that the attorney can effectively present his or client's case. To date, Christians' court-appointed counsel has advocated zealously for Christians, within the confines of the Rules of Professional Conduct and Federal Rule of Civil Procedure 11, and demonstrated that he can effectively present Christians' case. However, if Christians believes otherwise, the Court will issue an Order permitting Christians' court-appointed counsel to withdraw. But the Court is **not** going to appoint other counsel to represent Christians. If Christians decides to proceed to trial without counsel, the Court is **not** going to continue, delay, or change the trial date. The trial will begin on **Tuesday, July 15**. It is Christians' decision whether he appears at the trial *pro se* or represented by his court-appointed counsel.

Accordingly, it is

ORDERED that Christians' motion to reconsider, Doc. 495, and Christians' second *pro se* motion to continue the trial, Doc. 496, are denied. It is further

ORDERED that Defendants' counsel must provide an electronic copy of this Memorandum Opinion and Order to one of the Defendants and arrange for Christians to be provided a copy as soon as is reasonably practical. It is finally

---

[2] The pendency of the trial does not mean that Christians does not have to comply with the SDDOC's rules, regulations, and policies.

ORDERED the Clerk of Court shall mail a copy of this Memorandum Opinion and Order to Christians consistent with the Clerk of Court's standard practice.

DATED this 9th day of July, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge