UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, | 4:20-CV-04083-LLP |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL PRETRIAL ORDER** |
| DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; CODY HANSON, Unit Manager Jameson, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEREK EKEREN, Unit Coordinator Jameson, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; JEANNIE BIRCH, Program Manager, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; DAWN ALUMBAUGH, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual | |

| | |
|---|---|
| capacity; JAROD HETTICH, Lieutenant, individual capacity; BRAD SORENSON, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                     Defendants. | |

Eight of the Defendants, Jessica Cook, Dawn Alumbaugh, Bryan Marjama, Angel Padilla, Jennifer Dreiske, Jordan Becker, Brad Sorenson, and Preston Perret waived their right to personally appear at the trial and will appear only through their defense counsel. The Court acknowledged these waivers and granted these Defendants permission to appear at trial through their defense counsel. Another Defendant, Angela Pechous, attempted to waive her right to personally appear at the trial and requested permission to appear only through her defense counsel, but the Court denied Ms. Pechous' request because she did not submit a supporting affidavit, as ordered by the Court.

The fact that some Defendants waived their right to personally appear at trial and will be appearing only through their counsel may not be commented on before the jury at any time. The fact that Defendant Pechous requested, but was not permitted, to appear at trial only through her counsel may not be commented on before the jury at any time.

That the Court is permitting some of the Defendants to appear at trial only through their counsel does not mean that in an appropriate situation the Court would not consider an adverse inference instruction. *See Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 844 (8th Cir. 1997); *Tyler v. White*, 811 F.2d 1204, 1207 (8th Cir. 1987).

In addition, the parties and their counsel may not comment, argue, or suggest to the jury during voir dire, opening statement, or otherwise, that the jury should draw any inference, one way or the other, based on the fact that some of the Defendants are appearing only through their counsel

during the trial. If no adverse inference instruction is given and counsel wishes to argue an adverse inference due to a missing witness during closing, counsel must obtain permission from the Court in a hearing outside the presence of the jury before closing arguments.

IT IS SO ORDERED.

DATED this ___ day of July, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge