UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; CODY HANSON, Unit Manager Jameson, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEREK EKEREN, Unit Coordinator Jameson, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; JEANNIE BIRCH, Program Manager, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; DAWN ALUMBAUGH, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual | 4:20-CV-04083-LLP<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RULE 60 – RELIEF FROM A FINAL JUDGMENT<br><br>(DOC. 385) |

| | |
|---|---|
| capacity; JAROD HETTICH, Lieutenant, individual capacity; BRAD SORENSON, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                        Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Christians' amended complaint alleged claims against Jarred Anderson, Kelly Buchholz, John Trierweiler, Pamela Thomas, Justin Barthel, Unnamed Summit Licensed Dieticians, Unnamed Summit Dietary Assistants, Unnamed Summit Directors of Operations, Unnamed Summit District Manages, Unnamed Summit Food Service Directors, Unnamed Summit Assistant Food Service Directors, and Unnamed Summit Food Service Workers (the "Summit Defendants"). Doc. 26 ¶¶ 18–28. In his second amended complaint, Christians asserted claims against Summit Food Services. Doc. 83 ¶ 32(J). By order dated March 29, 2023, the Court granted the Summit Defendants' motion for summary judgment, Doc. 185 at 5–23, and entered judgment in favor of the Summit Defendants and against Christians, Doc. 186. Now pending before the Court is Christians' "Motion for Rule 60 - Relief from a Final Judgment[.]" Doc. 385. Christians contends that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(2), (3), and (6), as well as 60(d)(1) and (3) based on the Summit Defendants' alleged misrepresentations and fabrication of documents. Doc. 385. The Court order the Summit Defendants to respond to Christians' motion. Doc. 417. The Court has considered the Summit Defendants' response. Docs. 449, 449-1, 449-2, and Christians' reply brief, Doc. 509.

**PROCEDURAL BACKGROUND**

Christians requested that the Summit Defendants "[p]roduce CBM/Summit nutrient analysis reports for all diets including regular diets, special diets, medical diets, religious diets,

2

and any other diets not mentioned for the same time frame as in number one (1)." Doc. 448-2 at 2 (capitalization in original omitted). The Summit Defendants responded: "for all diets (Example: Regular, Heart Healthy, Religious Diets – Kosher etc., Vegetarian and Medical Diets etc.)." Doc. 221-2 at 2. The Summit Defendants responded:

> Objection. Request for Production of Documents No. 3 is vague and ambiguous as to the terms "nutrient analysis reports" and "all diets." Summit Defendants further object that Request for Production of Documents No. 3 seeks information that is irrelevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Summit Defendants state that it is not in the possession of any materials relating to a "nutrient analysis," and therefore, no responsive document exists. Summit Defendants reserve the right to supplement this response as more information becomes available.

Doc. 448-3 at 3. There is nothing in the record to indicate that Christians followed up with the Summit Defendants to resolve their objections, and Christians did not file a motion to compel a more complete response.

After the Court granted the Summit Defendants' motion for summary judgment, Christians filed a motion to compel the SDDOC Defendants to respond to discovery requests. Doc. 220. When Christians filed his motion to compel, the SDDOC Defendants had not served any response to Christians' discovery requests. Christians' motion to compel included a request that the SDDOC Defendants produce "all menus and nutrient analysis reports for all diets, including regular, special, medical and religious for the same time frame as referred to in number 1 (one)." Doc. 220-1 at 2 (capitalization in original omitted). When they responded to Christians' motion to compel, the SDDOC Defendants argued:

> [T]o the extent that Christians is seeking to obtain copies of "all menus and nutrient analysis reports for all diets, including regular, special, medical and religious from October 2013 to present" his Motion to Compel must be denied. Said request is not only unduly burdensome and oppressive but Christians is seeking information that Defendants do not possess and which appears to have already been provided to Christians by Summit Food Service.

3

Doc. 221 at 8. The SDDOC Defendants argued that a party cannot be compelled to produce what it does not have. *Id* at 9. The SDDOC Defendants quoted from and attached as Exhibits the Summit Defendants' discovery responses. *Id*; Docs. 221-1, 221-2.

The Court granted Christians' motion to compel (Doc. 220). Doc. 227. After the SDDOC Defendants responded to Christians' discovery requests, Christians moved to compel more complete responses. Doc. 295. Specifically, Christians argued that the SDDOC's consultant had relied on nutritional analyses that had not been produced. The Court ruled:

> To the extent that the DOC's experts conducted or relied on nutritional analyses that have not been produced, the Court finds that while such documents may not be in the actual possession of the DOC, they are under the DOC's control because they were generate or relied upon by the DOC's experts. Thus, Christians' motion to compel is granted in part, and Defendants must produce, within 30 days of the date of this order, any nutritional analyses conducted or relied upon by the DOC's expert dieticians, Barbara Wakeen and Jennifer Jackson.

Doc. 368 at 4. The 745 pages of documents that are in issue in Christians' notice of perjury and related filings (Docs. 396, 397, 398, 400) as well as his Motion for Rule 60 – Relief from a Final Judgment (Doc. 385) are the documents that the SDDOC produced in response to the Court's Order directing them to produce any nutritional analyses conducted or relied upon by the DOC's expert dieticians.

## LEGAL AUTHORITIES AND ANALYSIS

Christians contends that he is entitled to relief under Rule 60(b)(2), (3), and (6) as well as Rule 60(d)(1) and (3). Doc. 385. Federal Rule of Civil Procedure 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the

opposing party[.]" Fed. R. Civ. P. 60(b)(2, 3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(c)(1). "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." *Id.* at 6(b)(2). Christians' Rule 60 motion was filed on April 24, 2025. Doc. 385. The judgment against the Summit Defendants he seeks to vacate was entered on March 29, 2023. Doc. 186. Thus, Christians' motion for relief under Rule 60(b)(2) and (3) is untimely.

Christians also seeks relief under Rule 60(b)(6), which is a catchall for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Kemp v United States*, 596 U.S. 528, 533 (2022). Motions seeking relief under Rule 60(b)(6) are not subject to a strict one-year time constraint and must only be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). But relief under 60(b)(6) is available only when Rules 60(b)(1) through 60(b)(5) are inapplicable. *Liljeberg v Health Servs Acquisition Corp*, 486 U.S. 847, 863 n.11 (1988). Because Christians seeks relief under Rule 60(b)(2) and (3), as matter of law, he cannot seek relief under Rule 60(b)(6).

Federal Rule of Civil Procedure Rule 60(d) provides in relevant part that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).[1] "The 'fraud on the court' standard is distinct from the more general fraud standard of Rule 60(b)(3)." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). Fraud on the court is narrow and limited to "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v*

---

[1] In his motion, Christians references Rule 60(d)(1), which provides that "[t]his rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order or proceeding[.]" Fed. R. Civ. P. 60(d)(1). Because Christians has not commenced an independent action, he is not entitled to relief under Rule 60(d)(1).

5

*Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) (citation omitted). "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence of counsel." *Greiner*, 152 F.3d at 789 (citation modified)  Such conduct must be demonstrated by "clear, unequivocal and convincing evidence." *Landscape Props , Inc v Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995) (citation omitted).

The Court has reviewed Christians' discovery requests directed to the Summit Defendants, Docs. 448-2, 448-4, and the Summit Defendants' objections and responses, Docs. 448-3, 448-5. The Court has also reviewed the Declaration of Justin Barthel, Doc. 449-2. Barthel verified the Summit Defendants' interrogatory responses. Doc. 448-3 at 8. Barthel's affidavit establishes that he did not intentionally mislead or conceal discoverable evidence when responding to Christians' interrogatories, which were vague and ambiguous and not precisely worded. Doc. 448-1 ¶¶ 26–28. The Court agrees that any misstatement or error in the interrogatory response was not intentional and, instead, attributable to understandable confusion or mistake about the nature and breadth of Christians' discovery requests. Christians has not demonstrated the level of egregious misconduct required to obtain relief for fraud on the court.

Christians alleges that the Summit Defendants withheld nutritional analyses "in an effort to survive Summary Judgment[.]" Doc. 385 at 2. But the Court granted the Summit Defendants' motion for summary judgment because "[t]here is no evidence in the record that the Summit Defendants were alerted to any of the harms that Christians alleges he suffered or was at risk of suffering. The Summit Defendants were not aware that Christians was losing weight or that he was losing muscle and strength." Doc. 185 at 22–23; *see also id* at 23 (stating that Christians failed to make them aware of a substantial risk of serious harm as required by *Ingrassıa*). Even if

Christians had the nutritional documents when he responded to the Summit Defendants' motion for summary judgment, the documents would not have provided any record evidence that the Summit Defendants were aware that Christians was at a substantial risk of serious harm because of nutritional content of the meals provided by the Summit Defendants. Indeed, the documents support the Summit Defendants' position that the menus were designed to provide sufficient calories and nutrients for an average, sedentary male. Simply put, Christians cannot demonstrate that he was not able to fully present his case or was unfairly prejudiced by the timing of the document production.

Christians contends that the nutrition documents are "falsified, inaccurate, untrustworthy and deceitful." Doc. 385 at 19. To support his argument that the documents are "falsified," Christians attempted to calculate the caloric value of the meals he was served using information he gathered from food labels, USDA data, data from fast food restaurants, and other sources. Because Christians' calculations did not match the caloric value stated in the nutritional documents that were produced, Christians asserts that the documents are falsified and deceitful. *See* Doc. 449 at 17–19; Doc. 449-2 ¶¶ 32-42 (explaining that Christians' comparisons contain flawed assumptions and fail to compare like products). Contrary to Christians' assertion, the nutritional documents do not "prove beyond a preponderance of the evidence that CMB/Summit falsified these reports[.]" *See* Doc. 385 at 2 (citation modified).

Accordingly, it is

ORDERED that Christians' Motion for Rule 60 - Relief from Final Judgment, Doc. 385, is denied.

DATED this 14th day of July, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge