UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, | 4:20-CV-04083-LLP |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION REQUESTING A HEARING TO SHOW CAUSE, MOTION TO REQUEST ISSUANCE OF A SUBPOENA, AND MOTION FOR SANCTIONS |
| DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; CODY HANSON, Unit Manager Jameson, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEREK EKEREN, Unit Coordinator Jameson, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; JEANNIE BIRCH, Program Manager, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; DAWN ALUMBAUGH, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual | (DOCS. 397, 398, 400) |

| capacity; JAROD HETTICH, Lieutenant, individual capacity; BRAD SORENSON, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>Defendants. | |

Plaintiff, Mark Christians, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Christians[1] filed a "Notice of Perjury", "Motion to Request Hearing to Show Cause", "Motion to Request Issuance of a Subpoena", and "Motion to Request Sanctions and/or Hearing to Show Cause" on May 14, 2025. Docs. 396, 397, 398, 400. Christians alleges that the during the course of discovery the Summit Defendants[2] and the SDDOC Defendants falsely represented that documents Christians had requested did not exist. *See generally* Docs. 396, 400. The Court directed the Summit Defendants and the SDDOC Defendants to respond to Christians' *pro se* filings. Doc. 417. The Court has considered the Summit Defendants' and the SDDOC Defendants' responses, Docs. 422, 448, as well as Christians' reply brief, Doc. 510.

## PROCEDURAL BACKGROUND

Christians requested that the Summit Defendants "[p]roduce CBM/Summit nutrient analysis reports for all diets including regular diets, special diets, medical diets, religious diets,

---

[1] The Court granted Christians' motion to appoint counsel and appointed counsel to represent Christians for the purpose of submitting pre-trial submissions ordered by the Court and preparing for and trying the claims that survived summary judgment. Doc. 368 at 11–12; Doc. 375. The pending motions addressed in this Memorandum Opinion and Order are *pro se* motions, but the Court considers the merits of the motions because the motions are outside the scope of Christians' court-appointed counsel's representation.

[2] The "Summit Defendants" are identified in Christians' amended complaint and second amended complaint Jarred Anderson, Kelly Buchholz, John Trierweiler, Pamela Thomas, Justin Barthel, Unnamed Summit Licensed Dieticians, Unnamed Summit Dietary Assistants, Unnamed Summit Directors of Operations, Unnamed Summit District Manages, Unnamed Summit Food Service Directors, Unnamed Summit Assistant Food Service Directors, Unnamed Summit Food Service Workers, and Summit Food Services. Doc. 26 ¶¶ 18–28; Doc. 83 ¶ 32(J).

and any other diets not mentioned for the same time frame as in number one (1)." Doc. 448-2 at

2 (capitalization in original omitted). The Summit Defendants responded:

> Objection.  Request for Production of Documents No. 3 is vague and ambiguous
> as to the terms "nutrient analysis reports" and "all diets." Summit Defendants
> further object that Request for Production of Documents No. 3 seeks information
> that is irrelevant to this litigation nor reasonably calculated to lead to the
> discovery of admissible evidence. Subject to and without waiving these
> objections, Summit Defendants state that it is not in the possession of any
> materials relating to a "nutrient analysis," and therefore, no responsive document
> exists. Summit Defendants reserve the right to supplement this response as more
> information becomes available.

Doc. 448-3 at 3. There is nothing in the record to indicate that Christians followed up with the

Summit Defendants to resolve their objections, and Christians did not file a motion to compel a

more complete response.

After the Court granted the Summit Defendants' motion for summary judgment,

Christians filed a motion to compel the SDDOC Defendants to respond to discovery requests.

Doc. 220. When Christians filed his motion to compel, the SDDOC Defendants had not served

any response to Christians' discovery requests. Christians' motion to compel included a request

that the SDDOC Defendants produce "all menus and nutrient analysis reports for all diets,

including regular, special, medical and religious for the same time frame as referred to in number

1 (one)." Doc. 220-1 at 2 (capitalization in original omitted). When they responded to Christians'

motion to compel, the SDDOC Defendants argued:

> [T]o the extent that Christians is seeking to obtain copies of "all menus and
> nutrient analysis reports for all diets, including regular, special, medical and
> religious from October 2013 to present" his Motion to Compel must be denied.
> Said request is not only unduly burdensome and oppressive but Christians is
> seeking information that Defendants do not possess and which appears to have
> already been provided to Christians by Summit Food Service.

Doc. 221 at 8. The SDDOC Defendants argued that a party cannot be compelled to produce what it does not have. *Id* at 9. The SDDOC Defendants quoted from and attached as Exhibits the Summit Defendants' discovery responses. *Id*; Docs. 221-1, 221-2.

The Court granted Christians' motion to compel (Doc. 220). Doc. 227. After the SDDOC Defendants responded to Christians' discovery requests, Christians moved to compel more complete responses. Doc. 295. Specifically, Christians argued that the SDDOC's consultant had relied on nutritional analyses that had not been produced. The Court ruled:

> To the extent that the DOC's experts conducted or relied on nutritional analyses that have not been produced, the Court finds that while such documents may not be in the actual possession of the DOC, they are under the DOC's control because they were generated or relied upon by the DOC's experts. Thus, Christians' motion to compel is granted in part, and Defendants must produce, within 30 days of the date of this order, any nutritional analyses conducted or relied upon by the DOC's expert dieticians, Barbara Wakeen and Jennifer Jackson.

Doc. 368 at 4. The 745 pages of documents that are in issue in Christians' notice of perjury and related filings (Docs. 396, 397, 398, 400) are the documents that the SDDOC produced in response to the Court's Order directing them to produce any nutritional analyses conducted or relied upon by the DOC's expert dieticians.

## LEGAL AUTHORITIES AND ANALYSIS

### I.    Perjury

Christians requests that the Court "take notice of perjured statements by Justin Barthel and submitted by his attorney of record Patrick Q. Hustead and those supported and reiterated by the SDDOC defendants." Doc. 396 at 3. He also requests that the Court schedule a hearing requiring "the defendants to show cause why such statements were sworn to falsely." Doc. 397 at

1. Perjury[3] is defined as giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp*, 419 F.3d 794, 804 (8th Cir. 2005) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Contradictory statements alone do not prove that a witness willfully provided false testimony. *Hower v. Excel Indus., Inc.*, 2015 WL 5308096, at *2 (W.D. Mo. Sept. 10, 2015); *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992); *Adkisson v. Jacobs Eng'g Grp., Inc*, 2018 WL 5268741, at *3 (E.D. Tenn. Oct. 1, 2018) (noting that a factual disagreement does not amount to perjury). The Northern District of Illinois held that even though records were produced that blatantly contradict the witness's testimony, the opposing party failed to show that the testimony was willfully false rather than as a result of confusion, mistake, or faulty memory. *Kinsella v. Am. Airlines, Inc*, 685 F.Supp.2d 891, 904 (N.D. Ill. 2010). "[W]hen a witness commits perjury within the context of a civil case, a District Court has inherent authority to levy sanctions[.]" *Cenveo Corp. v. Southern Graphic Sys, Inc*, 2010 WL 3893680, at *6 (D. Minn. June 18, 2020).

As to the Summit Defendants, Christians claims that Barthel committed perjury because he signed under penalty of perjury Summit's response to his requests for production of documents, which included that "Summit Defendants state that they are not in the possession of any material relating to a 'nutrient analysis,' and therefore, no responsive document exists." Doc. 396 at 1 (quoting Doc. 221-1 at 3). Christians also argues that the allegedly falsified statement was allowed or possibly encouraged by Summit Defendants' counsel. *Id.* at 2. This Court has

---

[3] In accordance with 18 U.S.C. § 1621(2), perjury is a federal crime that can result in a fine and/or imprisonment. But Christians, a civil litigant, does not have standing to prosecute or enforce criminal statutes, *Linda R.S v. Richard D*, 410 U.S. 614, 619 (1973), and this Court does not have authority to institute criminal proceedings, *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

reviewed Christians' discovery requests directed to Summit Defendants, Docs. 448-2 and 448-4, Summit Defendants' objections and responses, Docs. 448-3 and 448-5. This Court also reviewed the Declaration of Justin Barthel, Doc. 448-1. Barthel verified the Summit Defendants' interrogatory responses. Doc. 448-3 at 8. Barthel's affidavit establishes that he did not willfully intend to provide false testimony or conceal discoverable information. Doc. 448-1 ¶¶ 26–28. Barthel's affidavit instead establishes that Barthel was confused about the material that Christians was requesting because Christians' requests were broad, vague, and not precisely worded. *Id* This Court finds that Christians has not shown that any statement, if false, was made with the willful intent to provide false testimony. Barthel's affidavit demonstrates that any misstatement or error in the interrogatory response was not intentional and, instead, attributable to understandable confusion or mistake about the nature and breadth of Christians' discovery requests. Further, Christians has not provided any proof for his belief that any misstatement was allowed or possibly encouraged by Summit Defendants' counsel. *See* Doc. 396 at 2. Thus, Christians has failed to show perjury by Barthel and Summit Defendants' counsel.

As to the SDDOC Defendants, Christians claims that SDDOC General Counsel Addyson Aguirre committed perjury when she signed responses to his requests for production, which stated that "Defendants are not aware of any [photos taken of food items and trays] that currently exist" and that information from site visits are the only nutrient analysis reports in the possession of the DOC. Doc. 369-1 at 5; Doc. 396. Christians claims that SDDOC's former attorney Frank Geaghan repeated Aguirre's and Summits' sentiments that reports "never existed" and were "impossible to produce." Doc. 396 at 2 (citation modified). But in response to this Court's order granting in part Christians' motion to compel more complete answers (Doc. 368), the SDDOC provided Christians with the ordered material, which totaled 745 pages. Doc. 396. This Court has

reviewed Christians' motion to compel and discovery requests (Docs. 220 and 220-1), the

SDDOC's responses and exhibits (Docs. 221, 221-1, and 221-2), this Court's order granting the

motion to compel (Doc. 227), Christians' motion to compel more complete responses (Doc.

295), this Court's order granting in part Christians' motion to compel more complete responses

(Doc. 368), Aguirre's affidavit (Doc. 304), Christians' notice of perjury (Doc. 396), SDDOC's

response (Doc. 422), and Christians' reply (Doc. 510).

   In Aguirre's affidavit, she indicated that she and her paralegal reached out to the SDDOC

office in Pierre, South Dakota, requesting information pertaining to reports of meal evaluations,

photos of food, menus, and nutrient analysis reports. Doc. 304 ¶ 3. Aguirre did not receive any

photos in response and concluded that photos did not exist. *Id* ¶ 4. Aguirre was later informed

that photos did exist and were taken as part of an informal practice that former SDDOC

Secretary Mike Leidholt had implemented to have staff take pictures of meal trays in response to

issues raised at the SDSP beginning in summer of 2021. *Id.* ¶ 7. At that time, Aguirre provided

copies of the photos to Geaghan to provide to Christians. *Id* ¶ 13. Although Aguirre later

contradicted her statement about the photos' existence, this Court agrees that her original

statement was based on a misunderstanding, not willful intent to provide false testimony.

   Christians also claims that Aguirre and Geaghan committed perjury because they later

provided him with nutritional reports, that were not initially provided to him because they were

not in the possession of the SDDOC. Doc. 396 at 2–3. This Court ordered the SDDOC to provide

nutritional analyses conducted or relied on by the SDDOC's experts because although the

information may not be within the SDDOC's actual possession, they are in the SDDOC's

control. Doc. 368 at 4. Christians has not shown any intent by Aguirre or Geaghan to provide

false testimony, and SDDOC Defendants provided Christians with the additional documents in accordance with this Court's Order.

Thus, Christians has not shown that any Summit or SDDOC Defendant committed perjury. His motion to request a hearing to show cause, Doc. 397, is denied as moot. Christians also requests a court order subpoenaing Aguirre's emails related to her conversation with the SDDOC central office on January 18, 2024. Doc. 398. SDDOC opposes this request because the information is protected by attorney-client privilege and contains protected work product. Doc. 422 at 7. "The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client." *United States v Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (citing *United States v Horvath*, 731 F.2d 557, 561 (8th Cir. 1984)). Thus, Christians' request for a subpoena is denied because it is protected attorney-client work product and, even if it was not work product, his request is moot because he has not shown that SDDOC Defendants engaged in perjury.

## II.    Sanctions

This Court has inherent power to sanction a party for perjury. *Cenveo Corp.*, 2010 WL 3893680, at *6. However, this Court found that Christians has not shown that any Defendant engaged in perjury.

Christians does not specify under what rule of civil procedure he seeks sanctions. The Summit Defendants liberally construed Christians' filing as a motion for sanctions under Federal Rules of Civil Procedure 37(c) and 26(g)(3). *See* Doc. 448. Under Rule 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard·

8

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi).

Fed. R. Civ. P. 37(c). When considering whether a late disclosure or lack of disclosure is harmless, courts have considered whether the opposing party was prejudiced. *Vanderberg v Petco Animal Supplies Stores, Inc* , 906 F.3d 698, 704 (8th Cir. 2018). In *Steinfield v. Jones Lang Lasalle Ams* , 2024 WL 3757088, at *5 (N.D. Ill. Aug. 12, 2024), the court found that the plaintiff had not shown prejudice because plaintiff had not shown that the documents contained any new or contrary information. *Id* Rule 37 does not impose a time limit for filing a motion for sanctions, *id* at *4, but "[t]he timeliness of a motion for sanctions depends on such factors as when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed." *Premier Products, Inc v Orion Capital LLC*, 708 F.Supp.3d 1376, 1383 (N.D. Ill. 2023) (quoting *Long v Howard Univ.*, 561 F.Supp.2d 85, 91 (D.D.C. 2008)).

Rule 26(g) requires that

every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: . . .

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

This Court also liberally construes Christians' filing to seek sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(c) permits imposing sanctions on a party who violated Rule 11(b). Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "The issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *O'Connell v Champion Intern Corp.*, 812 F.2d 393, 395 (8th Cir. 1987).

This Court has reviewed Christians' discovery requests directed to Summit Defendants (Docs. 448-2 and 448-4) Summit Defendants' objections and responses (Docs. 448-3 and 448-5) the Declaration of Justin Barthel (Doc. 448-1), Christians' motion to compel and discovery requests (Docs. 220 and 220-1), the SDDOC's responses and exhibits (Docs. 221, 221-1, and

10

221-2), this Court's order granting the motion to compel (Doc. 227), Christians' motion to compel more complete responses (Doc. 295), this Court's order granting in part Christians' motion to compel more complete responses (Doc. 368), Aguirre's affidavit (Doc. 304), Christians' notice of perjury (Doc. 396), SDDOC's response (Doc. 422), and Christians' reply (Doc. 510). Based on these documents, Christians has failed to meet the standards to warrant sanctions. Christians has not alleged sufficient facts to show that he suffered any prejudice or to warrant sanctions under the Federal Rules of Civil Procedure.[4] Christians has not shown that discovery sanctions would be appropriate. The Court did not issue a motion to compel against the Summit Defendants. The SDDOC Defendants complied with this Court's order granting in part Christians' motion to compel. Christians has not demonstrated that the SDDOC Defendants had documents in their possession that they failed to provide to him, and when the Court ordered the SDDOC Defendants to obtain and produce the documents, the SDDOC Defendants complied with this Court's order. Thus, there is no prejudice to Christians.

Thus, Christians has not shown that defendants committed perjury, nor has he shown any basis for sanctions against Summit Defendants or SDDOC Defendants or their counsel under Rule 11 of the Federal Rules of Civil procedure, this Court's inherent power, or otherwise. For these reasons, Christians' Motion for a Hearing to Show Cause (Doc. 397), Motion for Issuance of a Subpoena (Doc. 398), and Motion for Sanctions (Doc. 400) are denied.

Accordingly, IT IS ORDERED:

1. That Christians' Motion for a Hearing to Show Cause, Doc. 397, is denied.

2. That Christians' Motion for Issuance of a Subpoena, Doc. 398, is denied.

---

[4] It also appears that Christians has not complied with the motion requirements of Rule 11(c)(2). *See McNeal v Calvin*, 2025 U.S. Dist. LEXIS 84058, at *3 n.2 (E.D. Mo. May 2, 2025).

3.  That Christians' Motion for Sanctions, Doc. 400, is denied.

DATED this _____ day of July, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge