UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, | 4:20-CV-04083-LLP |
| Plaintiff, | |
| vs. | **FINAL JURY INSTRUCTIONS** |
| DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity, | July 22, 2025 *[signature]* Lawrence Piersol Judge |
| Defendants. | |

INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 4

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. 5

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Parties have a right – and sometimes a duty - to object when they believe something should not be part of the trial. Do not be influenced one way or the other by objections.

If I sustain an objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise during the trial.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only

certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between the weight to be given to direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. 6

If you took notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 7

You have heard evidence that some witnesses have been convicted of a crime that is punishable by imprisonment of more than one year. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

INSTRUCTION NO. 8

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 9

Plaintiff's claims against some of the Defendants identified in the Court's Preliminary Instructions are no longer before you and will not be decided by you. You should not consider any claims against any Defendant that is no longer before you or speculate why any claim is no longer before you. The remaining Defendants are identified in the Verdict Form, and you should decide this case as to the remaining Defendants based on the Court's Final Jury Instructions, as well as the instructions the Court has previously given.

INSTRUCTION NO. 10

The plaintiff Mark Christians brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

INSTRUCTION NO. 11

In this case, the parties have stipulated that each of the Defendants acted "under color" of law at the time of the conduct in issue, and you must accept that fact as proved.

INSTRUCTION NO. 12

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. The Eighth Amendment requires prison officials to provide prisoners with humane conditions of confinement, including nutritionally adequate meals to maintain health. Merely because food is not prepared to a prisoner's taste or the fact that a prisoner would prefer other foods does not implicate the Eighth Amendment. To establish a violation of the Eighth Amendment due to inadequate nutrition, a prisoner must demonstrate significant weight loss or other adverse physical effects from lack of nutrition.

INSTRUCTION NO. 13

Plaintiff must demonstrate that each defendant was individually involved in violating his Eighth Amendment rights before that defendant can be held liable under § 1983. You must consider Plaintiff's claims against each individual defendant separately and individually assess each defendant's conduct to determine whether that defendant has violated Plaintiff's constitutional rights. Prison officials not involved in the allegedly unconstitutional acts of their fellow prison officials have not violated constitutional rights.

## INSTRUCTION NO. 14

Defendants cannot be held liable for the actions or inactions of other persons or entities who are not named in this lawsuit and whose actions or inactions may have constituted constitutional violations.

## INSTRUCTION NO. 15

You must consider the totality of the circumstances when you analyze whether Plaintiff proved the elements of his Eighth Amendment inadequate nutrition claim against each individual Defendant.

INSTRUCTION NO. 16

When considering plaintiff Mark Christians' claim against each individual defendant, your verdict must be for plaintiff Mark Christians and against an individual defendant on plaintiff's inadequate nutrition claim if all the following elements have been proved:

*First*, the meals plaintiff received were nutritionally inadequate and posed a substantial risk of serious harm to the plaintiff; and

*Second*, the defendant was aware of the substantial risk of serious harm to the plaintiff; and

*Third*, the defendant, with deliberate indifference to the plaintiff's health or safety, failed to provide nutritionally adequate meals or to remedy the nutritionally inadequate meals that posed a substantial risk of serious harm to the plaintiff; and

*Fourth*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the defendant.

INSTRUCTION NO. 17

A substantial risk of serious harm is present when a prisoner faces an objectively intolerable risk of harm such that each individual defendant cannot argue that he or she was subjectively blameless for the resulting harm to the prisoner.

INSTRUCTION NO. 18

Deliberate indifference is established only if the individual defendant has actual knowledge of the substantial risk of serious harm to the plaintiff and if the individual defendant disregards that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

INSTRUCTION NO. 19

A warden's general responsibility for supervising prison operations is insufficient to establish personal involvement giving rise to liability under 42 U.S.C.§ 1983.

For a supervisor to be held liable under 42 U.S.C. § 1983 for the acts of a subordinate, something more must be shown than merely the existence of a supervisor-subordinate relationship. A supervisor can be held liable under 42 U.S.C. § 1983 if the supervisor is personally involved in violating the plaintiff's constitutional rights. A supervisor can be held liable under 42 U.S.C. § 1983 if his or her failure to supervise caused a subordinate to violate the plaintiff's constitutional rights. The supervisor must know about the subordinate's violative conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he or she might see. In addition, negligence in failing to detect and prevent a subordinate's conduct is not enough to give rise to supervisor liability under 42 U.S.C. § 1983.

INSTRUCTION NO. 20

To recover for a § 1983 failure to supervise claim, a plaintiff must establish all of the following elements:

*First,* a subordinate acting under the supervisor's supervision violated the plaintiff's constitutional rights as specified in Instruction No. 16;

*Second,* the supervisor had notice of a pattern of unconstitutional acts by his or her subordinates;

*Third,* the supervisor's supervision was inadequate;

*Fourth,* the supervisor was deliberately indifferent in failing to supervise employees such that the failure to supervise reflects a deliberate or conscious choice by the supervisor; and

*Fifth,* as a direct result the plaintiff was injured.

If any of the elements has not been proved, then your verdict must be for the supervisor.

INSTRUCTION NO. 21

If you find in favor of the plaintiff under Instruction No. 16 or Instruction No. 20, then you must award the plaintiff an amount of money that will fairly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of the violation of the plaintiff's Eighth Amendment right to receive adequate nutrition to maintain health.

You must determine physical pain and mental suffering the plaintiff has experienced, the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

## INSTRUCTION NO. 22

If you find in favor of the plaintiff under Instruction No. 16 or Instruction No. 20, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

INSTRUCTION NO. 23

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff and against an individual defendant under Instruction No. 16 or Instruction No. 20 and if it has been proved that the conduct of that defendant was malicious or recklessly indifferent to the plaintiff's Eighth Amendment right to receive adequate nutrition to maintain health, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction No. 21 and Instruction No. 22.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff. You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may award punitive damages against any or all defendants or you may refuse to award punitive damages. If punitive damages are awarded against more than one defendant, the amounts awarded against those defendants may be the same or they may be different.

INSTRUCTION NO. 24

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations

because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

DATED this _22ⁿᵈ_ day of July, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge