UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                  Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                  Defendants. | 4:20-CV-04083-LLP<br><br>ORDER ON DEFENDANTS' RULE 50(a) MOTIONS FOR JUDGMENT AS A MATTER OF LAW |

This action came before the Court for a trial by jury. At the conclusion of Plaintiff Mark Christians' case, Defendants Darin Young, Troy Ponto, Jessica Cook, Rebecca Schieffer, Brent Fluke, Alex Reyes, Seth Hughes, Nancy Christiansen, Deb Eilers, Laurie Stratman, Julie Stevens, Angela Pechous, Greasman a/k/a Adam Sims, Bryan Marjama, Kendrick Winters, Angel Padilla, Matthew Hulscher, Jennifer Dreiske, Jordan Becker, and Preston Perret moved for judgment of a matter of law pursuant to Federal Rule of Civil 50(a). The Court took the motions for judgment as a matter of law under advisement.[1] At the close of all the evidence, Defendants Young, Ponto, Cook, Schieffer, Fluke, Reyes, Hughes, Christiansen, Eilers, Stratman, Stevens, Pechous, Sims, Marjama, Winters, Padilla, Hulscher, Dreiske, Becker, and Perret renewed their motions for judgment as a matter of law. The Court took these motions under advisement.

The jury returned its verdict in favor of Defendants Ponto, Cook, Schieffer, Reyes, Hughes, Christiansen, Eilers, Stratman, Stevens, Pechous, Sims, Marjama, Winters, Padilla, Hulscher, Dreiske, Becker, and Perret and against Defendants Fluke and Young. Doc. 519. Accordingly, it is

ORDERED that the Rule 50(a) motions for judgment as a matter of law made by Defendants Ponto, Cook, Schieffer, Reyes, Hughes, Christiansen, Eilers, Stratman, Stevens, Pechous, Sims, Marjama, Winters, Padilla, Hulscher, Dreiske, Becker, and Perret are denied as moot. It is further

ORDRED that the Rule 50(a) motions for judgment as a matter of law made by Defendants Fluke and Young are denied without prejudice to Defendants Fluke and Young filing a renewed motion for judgment as a matter of law in accordance with Federal Rule of Civil Procedure 50(b). Charles A. Wright & Arthur R. Miller, 9B FEDERAL PRACTICE AND PROCEDURE § 2533 (3d ed. 2008) ("appellate courts repeatedly

---

[1] At the close of Plaintiff Mark Christians' case, the Court granted the motions for judgment as a matter of law made by Defendants Cody Hanson, Derek Ekeren, Jeannie Birch, Dawn Alumbaugh, Jarod Hettich, and Brad Sorenson.

have said that it usually is desirable to take a verdict, and then pass on the sufficiency of the evidence on a post-verdict motion")`.; *id* § 2524 ("It equally is settled by a myriad of judicial decisions that the standard in passing on th[e] questions is the same whether it arises in the procedural context of a motion for judgment as a matter of law prior to the submission of the case to the jury under Rule 50(a) or in the context of a renewed motion for judgment as a matter of law after the jury has returned a verdict under Rule 50(b)"); *id.* § 2537 ("The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion under Rule 50(a)"); *Warkentien v. Vondracek*, 633 F.2d 1, 2 n.1 (6th Cir. 1980) ("Surprising though it may seem, the express reservation of a directed verdict [Rule 50(a)] motion does not authorize a district court to direct a verdict contrary to the jury's decision in the absence of a motion [Rule 50(b)] for a judgment n.o.v."); *Moreno v. City of Sacramento*, 2005 WL 2016910, at *1 (E.D. Cal. Aug. 19, 2005) (holding that a district court lacks authority to grant Rule 50 relief in the absence of a timely post-verdict motion even if the district court takes the pre-verdict Rule 50 motion under advisement). It is finally

ORDERED that if Defendants Fluke and/or Young renew their motions for judgment as a matter of law, the parties' written submissions must cite to relevant law and reference specific evidence presented at trial that they contend support their respective positions. Specifically, the Court requests that the parties address the relevant time period for consideration of whether the evidence shows more than a de minimis physical injury permitting recovery of more than nominal damages. Additionally, if Plaintiff is not permitted to recover more than nominal damages, the Court requests that the parties address the applicable standards the Court is to consider when assessing the

punitive damage award.

DATED this 24th day of July, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge