UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>v.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity; | 4:20-CV-04083-LLP<br><br>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES<br>(544) |

| | |
|---|---|
| PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity, | ) |
| Defendants. | ) |

Come now, the above-named Defendants, by and through their undersigned counsel, and hereby respectfully submits Defendants' Objections to Plaintiff's Motion for Attorney's Fees and Expenses.

**"Appointment" Using Attorney Admissions Fund**

Defendants object to the Court's "appointment" of an attorney for this civil in forma pauperis proceeding under 28 U.S.C. 1915 and buttressing that appointment with funds from the Attorney Admissions Fund. "No statute provides funds to pay counsel secured under 28 U.S.C. § 1915(d)." *United*

*States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). "Under the bedrock principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382, 133 S. Ct. 1166, 1175, 185 L. Ed. 2d 242 (2013) (citations omitted). "Congress has chosen to depart from the American rule" in limited circumstances by enacting certain "federal fee-shifting provisions." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684, 103 S. Ct. 3274, 3277, 77 L. Ed. 2d 938 (1983). These fee-shifting provisions were intended to level the playing field to provide for meritorious litigation. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 251, 95 S. Ct. 1612, 1618, 44 L. Ed. 2d 141 (1975). Under nearly every fee-shifting provision, and particularly 42 U.S.C. § 1988, reasonable attorney's fees may be awarded to the "prevailing party." 42 U.S.C. § 1988. Thus, while these fee-shifting provisions level the playing field, they are not meant to provide a complete insurance policy against loss regarding payment of attorney's fees. However, that is precisely what the "appointment" in this case did, and it provided an unfair advantage in terms of moving forward a risky claim that likely would have otherwise been settled. As a result, Defendants object to the payment of attorney's fees for Tyler Haigh. In the alternative, Defendants assert that Haigh's appointment should be paid, in full, from the Attorney Admissions Fund.

**Application of PRLA**

Defendants object to Plaintiff's motion for attorney's fees to the extent that neither attorney applied the limitations set forth in 42 U.S.C. 1997e to their fees. Initially, "[n]o award of attorney's fees in an action [brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 19881 of this title] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Moreover, "[w]henever a monetary judgment is awarded in an action [brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 19881 of this title], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). For clarity, the latter provision has been construed to mean "the court (1) must apply judgment funds toward the fee award (2) with the purpose of (3) fully discharging the fee award. And to meet that duty, a district court must apply as much of the judgment as necessary to satisfy the fee award, without of course exceeding the 25% cap." *Murphy v. Smith*, 583 U.S. 220, 223–24, 138 S. Ct. 784, 787, 200 L. Ed. 2d 75 (2018). Defendants respectfully request this Court to reduce Plaintiff's hourly rate of attorney's fees to comply with the PRLA and to deduct 25 percent of Plaintiff's award to satisfy these fees.

**Ex Parte Appointment of Counsel**

On July 3, 2025, without any notice or opportunity to be heard, the Court entered an Order Appointing Additional Counsel. Doc. 485. When asked how this came to be, Plaintiff's counsel explained that he had called around to other firms to see if anybody wanted trial experience. Affidavit of Miiller. Plaintiff's counsel stated that he contacted court staff to let them know that another attorney was interested in participating in the case. *Id.* He was unaware that the Court was going to issue an ex parte Order. *Id.*

In the Order, the Court's stated reasoning for appointing additional counsel was "because of the anticipated length of the trial." Doc. 485, at 2-3. Plaintiff represented to the Court that his case-in-chief would take six to seven days. *Id.* In reality, Plaintiff's case-in-chief took less than three days. Trial Transcript Volumes 1-3. Moreover, on June 30, 2025, just three days before appointing additional counsel, the Court entered an Order denying a similar pro se request from the Plaintiff. Doc. 454. In the Order, the Court acknowledged that counsel had "not advised the Court that he will not have sufficient time to prepare for trial." Doc. 454, at 1. In response to an allegation that counsel was "obviously overwhelmed and too inexperienced to present such a case" the Court responded that "[t]he Court would not have appointed Christian's' counsel if the Court did not believe he was capable of trying the case." Doc. 454, at 5.

Had the Defendants been given notice and opportunity to be heard on the ex parte motion, they would have argued that offering other attorneys trial experience is not an appropriate reason to appoint additional counsel.

Defendants would have further supported this argument with the fact that Plaintiff's case was not complex, as the Court pointed out in its Memorandum Opinion and Order Dening Plaintiff's Pro Se Motion to Continue the Trial. Doc. 454, at 3-4. Finally, the Defendants would have pointed to the entirety of the Court's Order entered on June 30, 2025, and offered that nothing had changed in the pending proceeding in the three days since the Court had issued its prior decision. For these reasons, the Defendants respectfully request the Court to deny Plaintiff's Motion for Attorney's Fees as it relates to additional appointed counsel.

Dated this 22nd day of August, 2025.

*/s/ Amanda Miiller*
Amanda Miiller
Deputy Attorney General
1302 East S.D. Highway 1889, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Email: Amanda.Miiller@state.sd.us

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically filed with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Mark Christians #35285
South Dakota State Penitentiary
P.O. Box 5911
Sioux Falls, SD 57117-5911

*/s/ Amanda Miiller*
Amanda Miiller
Deputy Attorney General