UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*****************************************************************************

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>v.<br><br>DARRIN YOUNG, in his individual capacity; DAN SULLIVAN, in his official capacity; TROY PONTO, Deputy Warden SDSP, individual and official capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual and official capacity; BRENT FLUKE, Warden MDSP, individual and official capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual and official capacity; ALEX REYES, Associate Warden MDSP, individual and official capacity; CODY HANSON, Unit Manager Jameson, individual and official capacity; SETH HUGHES, Unit Manager Jameson, individual and official capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual and official capacity; DEREK EKEREN, Unit Coordinator Jameson, individual and official capacity; DEB EILERS, Unit Coordinator MDSP, individual and official capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual and official capacity; JULIE STEVENS, Case Manager MDSP, individual and official capacity; CRAIG MOUSEL, Property Officer, SDSP, individual and official capacity; MIKE LEIDHOLT, individual capacity; KELLIE WASKO, official capacity; PECHOUS, Unit Coordinator, individual and official capacity; GENIE BIRCH, Program Manager, individual and | 4:20-CV-04083-LLP<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

official capacity; GREASMAN, Correctional Officer, individual and official capacity; DAWN ALUMBAUGH, Correctional Officer, individual and official capacity; MARJAMA, Correctional Officer, individual and official capacity; WINTERS, Correctional Officer, individual and official capacity; PADILLA, Correctional Officer, individual and official capacity; MULLINS, Correctional Officer, individual and official capacity; HULSCHER, Correctional Officer, individual and official capacity; DREISKE, Former Deputy Warden, individual capacity; BECKER, Lieutenant, individual and official capacity; HETTIG, Lieutenant, individual and official capacity; SORENSON, Lieutenant, individual and official capacity; PERRET, Lieutenant, individual and official capacity,

Defendants.

*****************************************************************************

Plaintiff Mark Christians ("Christians"), pursuant to 42 U.S.C. § 1988(b), requests that the Court include in the final judgment entered in this matter in favor of the Plaintiff on July 24, 2025, attorney's fees non-taxable expenses in the amount of **$110,990** against Defendants, as amended herein. Christians further requests that the Court retain limited jurisdiction of this matter in order for Christians to make further attorney's fee and cost applications as necessary to those fees and costs are incurred due to post-judgment enforcement and collection efforts by Christians against Defendants.

## INTRODUCTION

In a § 1983 action, the "prevailing party" may recover an award of reasonable attorneys' fees. 42 U.S.C. § 1988. And, because Christians was in state custody during the time of the violation, 42 U.S.C. § 1997e, also known as the Prison Litigation Reform Act (PLRA), contains additional limitations on Christians' ability to recover attorneys' fees. In such cases, the PLRA provides:

> (2) Whenever monetary judgment is awarded . . . , a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d)(2)–(3).

Here, Christians' $105,001 verdict reflects that he is the prevailing party and, as such, is entitled to a reasonable attorneys' fee award. Christians respectfully requests the Court apply the minimum amount possible to satisfy the amount of attorneys' fees in this case.

## ARGUMENT AND ANALYSIS

### 1. Correction to the Amount in Christians' Motion for Attorneys' Fees

In its Order Appointing Counsel, the Court instructed that counsel for Christians would be paid "at the rate the rate provided for Criminal Justice Act appointments." Docket 375 at 2–3. Section 230.16(a) of the Criminal Justice Act provides for a "maximum hourly rate" of $175 where, as here, "services were performed between . . . 01/01/2025 to present." *Chapter 2, § 230: Compensation and Expenses of Appointed Counsel ("CJA Hourly Rates")*, https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes-6#a230_53 (last visited September 2, 2025). And, as the prevailing

party, no award "shall be based on an hourly rate greater than 150 percent" of the statutory fee. 42 U.S.C. § 1997e(d)(3). Christians' counsel initially requested an hourly rate of $300 based upon the normal hourly rate that each attorney would ordinarily charge. *See* Doc. 544; Doc. 546. Upon reviewing Defendants' briefing, and further research, however, it became clear that the plain language of 18 U.S.C. § 3006A and the Court's Orders, allowed a maximum hourly rate of $262.50[1], which is set by the Judicial Conference pursuant to Section 230.16 of Chapter 2 of the guidelines for administering the CJA and related statutes. Accordingly, Christians' counsel each are entitled to an hourly rate of $262.50.

Given this rate, Attorney Haigh is entitled attorney's fees in the amount of $83,658.75. *See* Docket 546-1, Ex. A at 16. Likewise, counsel Erickson is entitled to $23,231.25. *See* Docket 546-2, Ex. B at 2.[2] After adding reasonable paralegal fees in the amount of $4,100,[3] the fee totals $110,990.

Notably, the Eighth Circuit Court of Appeals "hold[s] that the plain language of 42 U.S.C. § 1997e(d)(2) does not require the district court to automatically apply 25 percent of the judgment to pay attorney's fees." *Boesing v. Spiess*, 540 F.3d 886, 892 (8th Cir. 2008). Instead, per 42 U.S.C. § 1997e(d)(2), 25 percent is the maximum amount to be taken out of the judgment. Christians' counsel does not intend on taking any amount from the award to Christians, and

---

[1] This was calculated by applying the Non-Capital Hourly Rate in § 230.16(a) of Chapter 2 of the "guidelines for administering the CJA and related statutes" and multiplying it by 1.5 to get to 150 percent. This is the same approach that the South Dakota District Court used in *Kahle v. Leonard*, another civil rights case under 42 U.S.C § 1983 and the PLRA. *Compare Kahle v. Leonard*, No. CIV. 04-5024-KES, 2008 WL 2776494, at *4 (D.S.D. July 14, 2008), *aff'd in part, remanded on other grounds*, 563 F.3d 736 (8th Cir. 2009) ("A plain reading of the statute limits the hourly rate [of the prevailing party] to $150 per hour."); *with CJA Hourly Rates* (listing a maximum hourly rate of $100 when "services were performed between 01/01/2008 to 03/10/2009").

[2] In its Order Appointing Additional Counsel, the Court noted that counsel Erickson was "willing to accept th[e] appointment on a pro bono basis, subject only to her being entitled to fees under 42 U.S.C. § 1988 *in the event plaintiff is the prevailing party* in this action." Doc. 485 at 3 (emphasis added). Therefore, as the prevailing party, counsel Erickson, too, is entitled to reasonable attorney fees.

[3] *See* Doc. 546-1, Ex. A (41 hours at a rate of $100/hour).

accordingly, requests this Court to apply a minimal percentage of the judgment to satisfy attorneys' fees. Even if the Court applies the maximum amount of the judgment, 25 percent, towards attorneys' fees, Christians notes that the total award does not exceed 150 percent of the judgment. As a result, the PLRA requires that "the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2).

**2. Ex Parte Appointment of Counsel**

Defendants further take issue with the Court's sua sponte Order Appointing Additional Counsel.[4] In that Order, the Court noted that "[b]ecause of the anticipated length of the trial, there is good cause to appoint additional counsel to represent Christians during the trial." Doc. 485. The Court further noted that Attorney Erickson was willing to accept the appointment "on a pro bono basis, *subject only to her being entitled to fees under 42 U.S.C. § 1988 in the event plaintiff is the prevailing party in this action*." *Id.* (emphasis added). This Order was entered on July 3, 2025, about five days prior to the pretrial hearing set in this matter. *See* Doc. 501. On July 8, 2025, Defendants' counsel asked Christians' counsel at the pretrial hearing about what led to Attorney Erickson being appointed on the case. Christians' counsel explained the circumstances to Defendants' counsel. Defendants' counsel had ample opportunity to raise issue with the Court about Attorney Erickson being appointed on the case, but declined to do so. Had the issue been raised at that time, and the Court overturned its decision to appoint additional counsel, Attorney Haigh would have handled matters on his own going forward. Instead, by

---

[4] The Second Affidavit of Tyler W. Haigh in Support of Motion for Attorney's Fees and Expenses is attached hereto to clarify the discussion that Christians' counsel had with defense counsel, Amanda Miiller, regarding how Attorney Morgan Erickson came to be appointed in this case. While there was an ex parte discussion between Christians' counsel, Tyler Haigh, and a clerk for the Court, the Court opted to appoint Attorney Erickson without requiring a motion or hearing on the matter.

waiting, Defendants have attempted to preserve the issue as a fallback argument to make in the event that Christians prevailed on his claims.

Furthermore, Attorney Erickson's involvement in this case was crucial to a just verdict. While Defendants argue that offering attorneys' trial experience is not an appropriate reason to appoint additional counsel, Attorney Erickson was not appointed for the purpose of getting trial experience—rather, the Court determined that there was good cause to appoint her "[b]ecause of the anticipated length of the trial." Doc. 485. This trial did continue into the second week, and Attorney Erickson participated substantially at trial—including conducting voir dire, direct examining four inmate witnesses, cross-examining multiple defense witnesses, and preparing arguments made outside the presence of the jury. Without Attorney Erickson's assistance on the file, Attorney Haigh would have expended immensely more hours in preparing for trial, which would have increased his expenses. As such, Attorney Erickson is entitled to her attorneys' fees under 42 U.S.C. § 1988, and pursuant to the Court's Order Appointing Additional Counsel.

**CONCLUSION**

For the reasons set forth above, Christians respectfully requests this Court award reasonable attorneys' fees.

Dated at Sioux Falls, South Dakota, this 2nd day of September, 2025.

EVANS, HAIGH & ARNDT, L.L.P.

Tyler W. Haigh
225 East 11th Street, Suite 201
PO Box 2790
Sioux Falls, SD 57101
Telephone: (605) 275-9599
E-mail: thaigh@ehalawyers.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I electronically filed the following document with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system:

- **Reply Brief in Support of Plaintiff's Motion for Attorney's Fees and Expenses**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Tyler W. Haigh*
Tyler W. Haigh