UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>Defendants. | 4:20-CV-04083-LLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF FINANCIAL INFORMATION FOR PRISONER TRUST ACCOUNT REPORT AND DIRECTING PLAINTIFF TO FILE A CERTIFIED PRISONER TRUST ACCOUNT FORM |

Plaintiff, Mark Christians, filed a *pro se* notice of appeal to the United States Court of Appeals for the Eighth Circuit. Doc. 589. Christians appeals from the July 24, 2025 judgment,[1] Doc. 535, as well as a number of other orders entered prior to the judgment, *see* Doc. 589. Christians filed a motion for leave to proceed in forma pauperis on appeal, Doc. 590, but the Prisoner Trust Account Report he filed, Doc. 591, is not complete. Christians contends that he "is having difficulty working with staff to obtain the proper signatures with six months worth of statements." Doc. 592 at 1 (capitalization in original omitted). Christians moves for an order compelling the South Dakota Department of Corrections (SDDOC) to provide the necessary financial information to complete his Prisoner Trust Account. *Id.* In his motion, Christians notes that the Court has previously ordered the SDDOC to provide to him a certified prisoner trust account report form and copies of his last six months of financial statements or demonstrate good cause for their failure to do so. Doc. 405 at 3; *Christians v. Christensen*, 4:22-CV-04072-LLP, Doc. 121 at 2–3 (D.S.D. May 15, 2025). But Christians does not acknowledge that this Court ordered the SDDOC to provide a complete, certified prisoner trust account form and copies of the last six months of financial information because Christian had provided specific evidence detailing his unsuccessful efforts to obtain a certified prisoner trust account form and supporting financial statements without Court intervention. *See* Docs. 402, 402-1, 403; *Christians v. Christensen*, 4:22-CV-04072-LLP, at Docs. 117, 117-2, 118. In support of his pending motion, Christians provides no evidence that he has attempted without success to obtain a certified prisoner trust account form and supporting financial statements without Court intervention. *See* Docs. 592, 593. Christians alleges that he has been subjected to retaliation since 2018, which, if

---

[1] Defendants' Motion for Judgment as a Matter of Law under Rule 50(b), Doc. 551, and Motion to Amend/Correct Judgment to Set Aside Punitive Damage Award under Rule 59, Doc. 553, remain pending.

true, is a serious allegation. *See* Doc. 592. But because Christians has provided no supporting evidence that he has attempted without success to obtain a certified prisoner trust account form and supporting financial statements, Christians' motion to compel production of financial information for prisoner trust account report, Doc. 592, is denied. Christians' assertion that he is currently in the segregated housing unit due to attempts to have documents notarized and to submit a prisoner trust account report, in the absence of specific, detailed evidence like he provided in support of his previous motions, is speculative and insufficient to warrant Court intervention.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[T]he assessment of appellate filing fees occurs upon the filing of a notice of appeal . . . and fixes responsibility for payment sooner rather than later of the fees in full." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam). "Irrespective of the court's approach to the merits of the appeal, the prisoner's liability for the full payment of the appellate filing fees under the PLRA continues until full payment has been made which may be long after . . . dispos[al] of the appeal." *Id.* Pursuant to 28 U.S.C. § 1915(b)(2), a prisoner may pay the full amount of the filing fee in installments. If Christians seeks to pay the appellate filing fee in installments, he must submit a certified prisoner trust account report for the last six months on or before **December 12, 2025**. Accordingly, it is

ORDERED that Christians' motion to compel production of financial information for prisoner trust account report, Doc. 592, is denied. It is further

ORDERED that Christians must pay the full $605 appellate filing fee. It is finally

ORDERED that if Christians seeks to pay the appellate filing fee in installments, he must submit a certified prisoner trust account for the last six months on or before **December 12, 2025**. If Christians does not timely comply with this Order, the Court will calculate the initial appellate partial filing fee at $35 or such other reasonable amount warranted by available information. After calculating the initial appellate partial filing fee, the Court will order payment of the full appellate filing fee pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(2).

DATED this 17th day of November, 2025.

BY THE COURT:

_____
LAWRENCE L. PIERSOL
United States District Judge