UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                Defendants. | 4:20-CV-04083-LLP<br><br><br>ORDER DENYING PLAINTIFF'S *PRO SE* MOTION FOR EMERGENCY INJUNCTIVE RELIEF, MOTION TO STAY, AND MOTON FOR PRODUCTION OF ORIGINAL DOCUMENTS |

Now pending before the Court are Plaintiff Mark Anthony Christians' *pro se* Motion for Emergency Injunctive Relief, Doc. 569; Motion to Stay or, in the alternative, for Appointment of Counsel, Doc. 571; and Motion to Produce Original Documents or, in the alternative, a USB Flash Drive, Doc. 573. The Court ordered Defendants to respond to Christians' motions. Doc. 578.

**Procedural Background**

Christians commenced this *pro se* action under 42 U.S.C. § 1983 seeking to recover for the alleged denial of his constitutional rights. Doc. 1. Two of Christians' claims survived summary judgment: an Eighth Amendment inadequate nutrition claim from March 2017 to August 13, 2018, and an Eighth Amendment inadequate nutrition claim from March 2021 to May 2021. Doc. 382. This Court appointed counsel to represent Christians during trial and scheduled a jury trial on Christians' surviving claims beginning on July 15, 2025. Docs. 375, 376. A jury trial was held from July 15 to July 22, 2025. The jury returned a verdict in favor of Christians and against Defendant Brent Fluke and awarded nominal damages in the amount of $1.00. Doc. 519. The jury also returned a verdict in favor of Christians and against Defendant Darin Young and awarded $5,000.00 in actual damages and $100,000 in punitive damages. *Id.* The jury returned a verdict in favor of the remaining defendants. *Id.* The Court entered a judgment consistent with the jury verdict. Doc. 535.

After entry of judgment, Christians' appointed counsel filed a motion for attorneys' fees and expenses under 42 U.S.C. § 1988(b). Doc. 544. Defendants[1] filed a Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b). Doc. 551. Young filed a Motion to Amend

---

[1] Because judgment was entered in favor of all but two defendants, the Court intends to construe Docket 551 as a renewed motion for judgment as a matter of law filed by Fluke and Young, the two defendants against whom the jury returned a verdict.

2

Judgment to Set Aside or, in the alternative, to Reduce the Punitive Damage Award pursuant to Rule 59. Doc. 553. Christians' appointed counsel responded to Defendants' post-trial motions, Docs. 567, 568, as well as to Defendants' objections to the Motion for Attorneys' Fees and Expenses, Docs. 565, 566.

Recently, Christians filed a *pro se* Notice of Appeal appealing from the judgment in favor of all Defendants except Fluke and Young. Doc. 589. In his *pro* se Notice of Appeal, it appears that the Christians also seeks to appeal from every order denying any motion or request for relief Christians has filed since the commencement of this action. *Id.*

I.      **Christians'** *pro se* **Motion for Emergency Injunctive Relief (Doc. 569)**

Christians contends that "SDDOC Defendants and Officials" have confiscated footwear deemed unrestricted as well as footwear purchased through an approved catalogue. Doc. 569 at 1. The shoes provided by the SDDOC, according to Christians, are "inadequately sized for [his] feet and have caused blistering, painful callouses, bleeding, lacerations and increased pain/inflammation of existing arthritis." *Id.* at 1 (capitalization in original omitted). Because Christians will not wear the SDDOC provided shoes, he has been "denied access to the dining hall[,]" missed at least 35 consecutive meals, and lost an estimated ten to fifteen pounds. *Id.* at 2–3. Christians requests that the Court order the SDDOC to provide adequate footwear to permit Christians to attend meals in the dining halls or, in the alternative, to provide to him in his housing unit the same meals that are served in the dining hall. *Id.* at 3.

Defendants oppose Christians' Motion for Emergency Injunctive Relief and argue that the motion should be dismissed or denied for two independent reasons. Doc. 579. First, at no time during the pendency of this litigation has Christians asserted a claim for inadequate footwear. *Id.* at 4. Rather, Christians' claims in this case arise of inadequate nutrition during two

3

discrete time periods. *Id.* at 4–5. After the jury rendered its verdict and the Court entered a final judgment, Christians, for the first time, alleged that he cannot ambulate to the dining hall for meals because of inadequate footwear. *Id.* Defendants also argue that Christians has not exhausted available administrative remedies regarding his claim of inadequate footwear. *Id.* at 6–7. Because administrative exhaustion is mandatory, Defendants request that the Court dismiss Christians' emergency motion for injunctive relief. *Id.*

Notably, Christians' motion cites no caselaw or statute that gives this Court authority to grant post-verdict and post-judgment injunctive relief for a claimed injury unrelated factually or temporally to the allegations in the lawsuit. *See* Doc. 569. In essence, Christians seeks to file another amended complaint asserting claims he has not previously asserted and which appear not to have arisen until after entry of judgment. It is well established that a district court does not abuse its discretion in denying a motion to amend the complaint after dismissal of the action. *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1046 (8th Cir. 2014); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Brakeall v. Stanwick-Klemik*, 4:17-CV-04101-LLP, 2019 WL 3713721, at *2 (D.S.D. Aug. 7, 2019) ("A plaintiff may not obtain a preliminary injunction based on new assertions of mistreatment that are entirely different from claim[s] raised and the relief requested in his underlying complaint." (alteration in original) (internal quotation omitted)). Even before the trial, this Court denied Christians' requests for injunctive relief regarding access to mail and a cardiac diet because his claimed injuries were not related to the inadequate nutrition claims that survived summary judgment. *See* Doc. 368 at 6.

Because Christians did not raise any claim regarding allegedly inadequate or inappropriate footwear until after entry of final judgment, Christians' *pro se* post-judgment Motion for Emergency Injunctive Relief, Doc. 569, is denied, and Defendants' Motion to Dismiss Plaintiff's Motion for Emergency Injunctive Relief, Doc. 579, is granted.

**II.     Christians' *pro se* Motion to Stay or, in the alternative, Motion to Appoint Counsel (Doc. 571)**

Christians moves for a stay of these proceedings or, in the alterative, for appointment of counsel for three reasons. Doc. 571. First, Christians argues that he is being denied access to his legal materials contained on a USB flash drive. *Id.* at 1. Second, Christians argues that "SDDOC defendants and officials are now intentionally disallowing Christians access to food and meals served in the dinning [sic] hall[.]" *Id.* (capitalization in original omitted). Third, Christians contends that he "has not been able to receive adequate and original legal mail as produced by this Court, his attorney or the or the defendants' counsel or any other legal mail as of August 13, 2025." *Id.* at 2 (capitalization in original omitted).

Defendants oppose Christians' Motion to Stay because "[t]here is nothing currently pending before the Court that requires a response from Plaintiff[.]" Doc. 583 at 3. The Court agrees that a stay is not warranted given the procedural posture of this case. The post-trial motions are fully briefed and ripe.[2] Specifically, Christians' appointed counsel responded to Defendants' Rule 60(b) and Rule 59 motions. *See* Docs. 567, 568. Recently, Christians has filed a *pro se* Notice of Appeal from the judgment in favor of all Defendants except Fluke and Young as well as all the adverse orders this Court has entered during the pendency of the action. Doc.

---

[2] Defendants did not submit reply briefs in support of their Rule 59(e) and Rule 60(b) motions, and their time for doing so has expired. D.S.D. Civ. LR 7.1(B) (providing that a moving party may file a reply brief within 14 calendar days after service of a responsive brief).

5

589. Although the *pro se* Notice of Appeal is premature, it will become effective to appeal from the judgment in favor of all Defendants except Fluke and Young when the pending post-trial motions are disposed of. Fed. R. App. P. 4(a)(4).

Even if the procedural posture of this case might warrant a stay, the record does not seem to support the factual grounds Christians relies on to support his motion to stay. First, Christians was able to file a Notice of Appeal citing the docket number and date entered for approximately 30 orders. *See* Doc. 589. He would not have been able to do so if he is being denied access to his legal materials. Second, Christians' assertion that the SDDOC is intentionally denying him access to meals served in the dining hall is not supported by his own filings. According to Christians' Motion for Emergency Injunctive Relief, because the shoes provided by the SDDOC are "inadequately sized for [his] feet and have caused blistering, painful callouses, bleeding, lacerations and increased pain/inflammation of existing arthritis[,]" Christians apparently refuses to go to the dining hall for meals.[3] Doc. 569 at 1–3 (capitalization in original omitted). Christians' refusal to go to the dining hall because of allegedly ill-fitting shoes is not fairly characterized as "intentionally starving him through forced starvation." Doc. 571 at 1 (capitalization in original omitted). Finally, the record does not support Christians' assertion that he has been denied legal mail. Rather, the record establishes that Christians has refused to respond when called to a designated location where his legal mail can be screened, photocopied, and distributed to him. Doc. 581 at 5 (citing Doc. 580 ¶ 10 and Doc. 580-2). Christians disagrees with the policy requiring that legal mail be photocopied and that prisoners be provided a photocopy instead of the original. *See* Doc. 573. As discussed below, given the procedural

---

[3] Two of Christians' recent filings, Docs. 596 and 597, which are dated October 28, 2025, are typed. At MDSP, where Christians is currently housed, it is the Court's understanding that inmates must leave their housing unit to type legal documents.

posture of this case and the claims that were tried, this Court is not going to consider Christians' post-verdict and post-judgment attempt to challenge the lawfulness of the SDDOC's legal mail policy.

For these reasons, Christians' *pro se* Motion for Stay of Proceedings or, in the alternative, for Appointment of Counsel (Doc. 571), is denied.

### III.     Christians' *pro se* Motion to Produce Original Documents or, in the alternative, a USB Flash Drive (Doc. 573)

Christians requests that the Court order that he be provided "the original documents as mailed by any officer of the Court . . . without photocopying or scanning the materials." Doc. 573 at 3. Throughout his recent filings, Christians alleges that the is being denied access to his legal mail. *See, e.g.*, Doc. 571 at 2; Doc. 573 at 3; Doc. 584. However, the record demonstrates that Christians is being provided an opportunity to access legal mail in accordance with the SDDOC's Offender Correspondence Policy. Doc. 581; Doc. 582-2. To the extent Christians is not receiving legal mail, it is because he has refused legal mail and not because the SDDOC is not complying with the Offender Correspondence Policy.

The effective date of the Offender Correspondence Policy is July 1, 2025. Doc. 582-3 at 1. The Policy provides that "privileged/legal mail shall be photocopied by staff and the copy provided to the offender." *Id.* at 7. After the photocopy is provided to the offender, "[t]he original documents will be shredded immediately by the staff in the presence of the offender." *Id.* Although neither party expressly so states, the Court understands that the provision providing for photocopying of legal mail was added recently when the Offender Correspondence Policy was revised. *See id.* at 14 (noting that the policy was reviewed and revised in July 2025). Tellingly, Christians does not claim that the SDDOC is denying him the opportunity to receive and possess *photocopies* of legal mail; he claims only that he is not receiving *original*

7

documents. *See Bray v. Mazza*, 4:21-CV-00119-JHM, 2022 WL 17836601, at *1 (W.D. Ky. Dec. 21, 2022) (upholding policy requiring "that all privileged mail, including blank or pre-paid envelopes, be photocopied" and "the inmate [be] provided the photocopy while the original is destroyed"); *Levine v. Bradshaw*, 22-80321-CIV, 2023 WL 11885182, at *1 (S.D. Fla. July 6, 2023) (upholding policy where staff "in the inmate's presence, make[s] a photocopy of the original legal correspondence," and after providing a photocopy to the inmate, "shred[s] the original documents while the inmate is present"); *Strebe v. Kanode*, 7:17cv00321, 2018 WL 4473117, at *2 (W.D. Va. Sept. 18, 2018), *aff'd*, 783 F. App'x 285 (4th Cir. 2019) (per curiam) (upholding policy providing for photocopying incoming mail and then shredding the original). Christians speculates that he "cannot verify accuracy, completeness or legitimacy." Doc. 584 at 1. But the Offender Correspondence Policy provides that legal mail will be opened and photocopied in the presence of the offender. Doc. 582-3 at 7. Further, Christians has not provided any evidence that he has received a photocopy of legal mail that is incomplete, inaccurate, or illegitimate.

      Given the procedural posture of this case, it is not appropriate for this Court to consider Christians' post-judgment, thinly veiled attempt to challenge the validity of the SDDOC's recently revised Offender Correspondence Policy. *Quinn v. Nix*, 983 F.2d 115, 118 (8th Cir. 1993) ("[F]ederal courts must defer to the judgment of those officials responsible for the inordinately difficult task of operating a prison.") (citation omitted). If Christians wants to raise such a challenge, he must file new lawsuit. Christians' *pro se* Motion for Production of Original Documents or, in the Alternative a USB Flash Drive, Doc. 573, is denied.

**IV.**    **Conclusion**

      For the reasons set forth above, it is ORDERED:

1. That Christians' *pro se* Motion for Emergency Injunctive Relief, Doc. 569, is denied, and Defendants' Motion to Dismiss Plaintiff's Motion for Emergency Injunctive Relief, Doc. 579, is granted.

2. That Christians' *pro se* Motion for Stay of Proceedings or, in the alternative, for Appointment of Counsel, Doc. 571, is denied.

3. That Christians' *pro se* Renewed Motion for Stay, Doc. 584,[4] is denied for the same reasons that Christians' initial Motion for Stay of Proceedings, Doc. 571, is denied.

4. That Christians' *pro se* Motion for Production of Original Documents or, in the alternative a USB Flash Drive, Doc. 573, is denied.

5. That Christians' *pro se* Renewed Motion for Production of Documents, Doc. 585, is denied for the same reasons that Christians' initial Motion for Production of Documents, Doc. 573, is denied.

6. That Christians' *pro se* Motions to Accept Photocopy Reproductions of Previously Submitted Documents, Docs. 576, 587, and 599, are denied as moot.

7. That Christians' *pro se* Motion to Accept Documents Previously Mailed, Doc. 597, is denied as moot.

DATED this 2nd day of December, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge

---

[4] Christians' Renewed Motion for Stay, Doc. 584, references an identical request filed with the United States Court of Appeals for the Eighth Circuit. It appears that Christians may have this case confused with another case from the District of South Dakota that is on appeal to the Eighth Circuit. *See Christians v. Christensen*, 4:22-04072-ECS (D.S.D.); *appeal docketed* No. 25-1709 (8th Cir. Apr. 10, 2025).