## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| Mark Christians,<br>Plaintiff, | 4:20-cv-04083-LLP |
| v. | Motion for Reconsideration of Order<br>Under Rules 59 and/or 60 |
| Darrin Young, et al.,<br>Defendants | |

COMES NOW, Plaintiff, pro se prisoner, respectfully requests this Honorable Court to reconsider its Order/Opinion filed on January 23, 2026 modifying the Jury's judgment amount and note objections to denials of Plaintiffs motions.

## **FACTS**

The Court makes plain error and abused its discretion in reducing the punitive damages  The order is in opposite of well settled Eighth Circuit and Supreme Court findings. This in turn reduced granted attorneys' fees.

## **LEGAL STANDARD**

"Nominal damages, *punitive* damages, and injunctive and declaratory relief are available under Prison Litigation Reform Act (PLRA) to a *prisoner* who does not sustain a physical injury. Civil Rights of Institutionalized Persons Act, § 7(e), 42 U.S.C.A. § 1997e(e)." Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir  2004) at HN 2 (emphasis added)

Just a logical reading by a reasonable unbiased person would determine that there is no limit for a punitive award based on a compensatory damage finding of actual injury. That is, with Judge Piersol's logic, when a prisoner proves his claim of a

1

*Constitutional* violation by prison officials *and* is awarded nominal damages of $1 00, the most he could then be awarded would be between $2 00 and $9.00 (using single a digit multiplier as is argued by the defense and incorrectly applied by the Court).

This was reaffirmed by the Eighth Circuit in Haynes v Stephenson, 588 F 3d 1152 (8th Cir. 2009) showing a ratio of 2500:1 punitive damages awarded versus compensatory/nominal damages did not offend due process Haynes was awarded $1.00 nominal damages for mosquito bites and $2500.00 in punitive damages. It is curious why the Court didn't use this ratio or leave it as the jury decided. Had the court used this ratio, Christians' punitive damages award would be $12.5 million dollars. Christians is not proposing this but it would be more logical to raise the compensatory damages to $25,000 00 to support a punitive award of $100,000.00 (using single a digit [divider] as is argued by the defense and incorrectly applied by the Court). Notably, Haynes was decided by a bench trial and decision of the Honorable Judge J Thomas Ray (adopted by Judge William R Wilson, Jr ) affirmed by the Eighth Circuit. In Christians" instant case Judge Piersol is now taking it out of the Jury's hands and applying his own societal standard after the people of South Dakota have made their decision. The hypothetical question is "Why have a jury trial if the judge will abuse the Jury's decision."

Defendants' own settlement offer was $50,000 in cash (Ex. A) They continued to raise it to $60,000 and added perks in way of diet and supplement offerings (Declaration Mark Christians) The Court reduced the award to less than the Defendants were prepared to give (not including the perks). It is suspect that Christians' trial attorney did not include both this information as well as leaving out a number of higher judgment and

2

settlement amount in similar cases. The Court in its supreme power opted not to give Christians an adequate diet by way of an injunction although the evidence was undisputable and a jury agreed.

It baffles Christians why his attorney appointed by the Court without Christians' request nor approval, did not make these arguments as it was laid out to him by Christians himself. Of course the Court will incorrectly claim Christians filed a motion for an attorney, however, that motion that was granted by the Court to specifically limit Tyler Haigh to only matters preparation for trial and trial itself, not post-trial motions. Importantly, Christians' numerous pleadings while represented were ignored by the Court as it stated it would not consider motions by a represented Plaintiff, *while* limiting the attorney's roll in the proceedings  Additionally, the Court would not allow a pro se representation with stand-by counsel or "hybrid" representation at any point, though Christians adamantly proposed this  Christians prepared to try this case alone provided no counsel was appointed. The SDDOC official stole two boxes specifically marked as "Trial Preparations" on May 19/20, 2025 (Doc. ____ and Declarations of Chance Harruff, Quentin Brown and Christians) belonging to Christians. Haigh was reassigned after the fact and without another motion or request by Christians  Now that Christians is appealing a number of the Courts' Orders and Judgments, it will be curious as to see if the *current* Motion for attorney will be granted to assist Christians as the SDDOC has continued and escalated their retaliatory actions  This is especially true as the Court refused a hybrid representation  Christians wonders if the Court now expects the Plaintiff to appeal, as a pro se Claimant, the strategy and performance of an attorney he was appointed after being forbidden to present the case in the way Christians' strategy

3

intended it to be presented to a jury. Notably, the majority of Defendants were given a favorable verdict (granted that is also largely attributed to the prior rulings of the Court not allowing a majority of evidence against those defendants by inappropriately limiting time frames).

The Court cites BMW of North America, Inc v Gore, 517 U S  559, 116 S CCt. 1589, 134 L Ed.2d 809 (1996) and State Farm Mut. Auto. Ins. Co. v  Campbell, 538 U S. 408, 123 S.Ct. 1513, 155 L Ed.2d 585 (2003)  but neither of those cases  are relevant to a *prisoners' Constitutional* violation awards as is cited by Christians in this instant motion (see Royal and Haynes above)  Gore and Campbell seem to have originated as *state tort* law violations and only in Federal court for due process claims or diversity jurisdiction. Importantly, the judge reduced Christians' award to a factor of eight (x8) (i.e. $5000 x 8 = $40,000) where as those case reduced those ultimately reduced awards to x9 and x12.5 of original compensatory awards  The award of compensatory damages in Campbell was $1,000,000 00, a substantial award on its own. Thus, the reasoning to reduce the ratio to a single digit factor still yielded Campbell over $10,000,000 in total awards. Gore had an original ratio of 500:1. In addition to the other inapplicability (above) of those cases to Christians, those awards and ratios do not present an adequate picture of this instant scenario.

While a $5,000 award is not a $1 nominal award, it can be argued it was too small to compensate for Christians' irreversible bodily injury with extreme emotional distress and mental anguish caused by the Defendants' acts. A more appropriate method of correction would be too raise the compensatory damages to more appropriately reflect the damages, something Christians repeatedly requested his

4

attorney to present in addition to the case law presented here Further, if $40,000 is enough to deter and punish the Defendants, the Court needs to address why the escalating retaliatory acts by the SDDOC subsequent to the July 2025 trial are not deterred by the $105,000 verdict. The court is aware of these acts as it stated "if true, is a serious allegation" (November 17, 2025) Plainly the $5000 award is small in comparison to other cases not before Christians at the present moment As can be reasonably assumed, they could not decide a proper amount due to their own lack of experience or knowledge of how to award for injuries of such magnitude. Something Haigh also failed to present to paint the picture of an appropriate compensatory award. Thus, the Jury awarded a larger punitive award to punish and deter At $100,000 the punitive award still has not created a change in Christians' diet nor has it deterred the reprehensible behavior by the SDDOC officials as Christians is experiencing harsher and more severe retaliation since the verdict

## OBJECTIONS

For the denials of Motions for Declaratory Relief, Motion for a New Trial or in the alternative Motion to Extend, Christians would object under equitable fairness, plain error and abuse of discretion.

## DISCLAIMER

As the Court has been made aware on several occasions, the SDDOC Defendants have engaged in a severe and harmful collateral attack in retaliation of Christians' pursuits of Constitutional and Civil Rights for himself and his fellow South Dakota prisoners This involves a number of cruel and punitive acts including but not limited to forced starvation (SDDOC officials not allowing Christians to obtain provided

5

meals), withholding prescribed medications and treatments resulting in severe pain and trauma, withhold reasonable accommodations requests under the Americans with Disabilities Act (ADA) and the theft of legal materials (Court filings, prepared pleadings sworn statements, and evidence not yet in Court recorded or docketed, legal research and notes, trial preparations and the like). Currently the have yet to provide an entire large box (#4) of legal materials directly regarding this case and others filed in both the Federal and State Court systems Over the past three months all of Christians' electronic files located on attorney (Plaintiff and Defendants) provided USB flash drives were withheld without reason in the sole custody of the SDDOC officials and mail has often gone missing, lost, stolen and unreasonably delayed. Also, Christians has no ability to properly receive incoming privileged communications from any legal source as defined by the Courts and SDDOC policy Thus, Christians is able to cite exact documents as docketed by the Court or pleadings in record by number, page or statements or prior research and legal analysis he recorded Christians prays for Court understanding and leniency under these conditions when reviewing this and all subsequent pleadings.

WHEREFORE, Plaintiff respectfully request that this Motion be granted for plain error, abuse of discretion and equitable fairness.

Dated this 29TH day of January, 2026.

Mark A. Christians
Jameson Annex (S.D.S P.)
PO Box 5911
Sioux Falls, SD 57117

6

## CERTIFICATE OF SERVICE

On the 30ᵗʰ day of ___JANUARY___, 2026, the undersigned party served

the following document or documents·

*   Motion for Reconsideration of Order Under Rules 59 and/or 60
*   Declaration of Deposit

on (list names and addresses of parties or attorneys):

United States District Court
Office of the Clerk
400 S. Phillips Ave., Room 128
Sioux Falls, SD  57104

delivering a copy by:

the institution's internal legal mail system  First-class postage was prepaid either by me

or by the institution on my behalf to the U.S. Mail (United States Postal Service).


_____
(Signature)

MARK A. CHRISTIANS
_____
(Print or Type Name)