UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>                           Plaintiff,<br><br>                vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>                           Defendants. | 4:20-CV-04083-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND OTHER MISCELLAENOUS MOTIONS |

Now pending before the Court are Christians' motion to reconsider, Doc. 616; motion to appoint counsel, Doc. 618; motion for costs, Doc. 619; and motion for prejudgment interest, Doc. 621. The Court now considers these motions.

I.  **Plaintiff's Motion to Reconsider (Doc. 616)**

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Needham v. White Laboratories Inc.*, 454 U.S. 927, 930 n.1 (1981) (Rehnquist, J., dissenting). Courts typically construe a motion to reconsider as a motion under Rule 59(e) or Rule 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). "[A]ny motion that draws into question the correctness of the judgment is functionally a motion under [Fed. R. Civ. P.] 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (internal quotation omitted). Because Christians' motion to reconsider challenges the correctness of the Amended Judgment, the Court will construe his motion to reconsider as a Rule 59(e) motion. Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). Defendants oppose Christians' motion to reconsider. Doc. 627.

Christians contends that the Court erred in reducing the punitive damage to comport with due process. *See generally* Doc. 616. Specifically, Christians argues that the Court erred in applying the guideposts outlined in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), to a prisoner's claim for violation of his constitutional rights. *Id.* But *Haynes v. Stephenson*, the

case on which Christians relies to argue that a 2500:1 ratio of punitive to economic damages is constitutional, applied the very factors that this Court applied when considering whether the punitive damage award violated due process. *Compare* Doc. 610 at 21–28, *with Haynes*, 588 F.3d 1152, 1157 (8th Cir. 2009). Further, *Haynes* is distinguishable because the plaintiff received only $1 in nominal damages; the jury awarded Christians $5,000 in compensatory damages. *Haynes*, 588 F.3d at 1155.

      Christians argues that the compensatory damage award was, as a matter of law, insufficient because it was less the amount of the defendants' pre-trial settlement offer. Doc. 616 at 2–3. Christians' reference to the defendants' pre-trial settlement offer is improper and misplaced for multiple reasons. First, bringing this litigation to final conclusion without the necessity of numerous current and former DOC employees attending a lengthy trial, the possibility of trial publicity, or a prolonged, expensive appeal process may have led defendants' counsel to offer to settle the case for an amount in excess of what defendants' counsel anticipated the jury may award in damages. Second, the Federal Rules of Evidence generally prohibit a party from relying on a settlement offer to prove the amount of a disputed claim. Fed. R. Evid. 408. Third, if Christians wanted to challenge the sufficiency of the compensatory damage award, he should have filed a motion for new trial and argued that the compensatory damage award was inadequate. He did not do so. Christians has not demonstrated any legal or factual error that warrants reconsideration of this Court's order reducing the punitive damage award to comport with due process. Christians' motion to reconsider, Doc. 616, is denied.

**II.**     **Plaintiff's Motion for Appointment of Counsel (Doc. 618)**

      Christians filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. Doc. 589. He appealed from the July 24, 2025 judgment, Doc. 535, as well as a number

of other orders entered prior to the judgment, *see* Doc. 589. When Christians filed this notice of appeal, Defendants' motion for judgment as a matter of law under Rule 50(b), Doc. 551, and motion to amend/correct judgment to set aside punitive damage award under Rule 59, Doc. 553, were pending. After this Court issued a Memorandum Opinion and Order ruling on Defendants' post-trial motions, Doc. 610, and Amended Judgment, Doc. 611, the Eighth Circuit notified Christians of the case number that had been assigned to his appeal, Doc. 614. However, the Eighth Circuit informed Christians that the briefing schedule would be held in abeyance to permit him to file an amended notice of appeal if he wanted to appeal the amended judgment. Doc. 614. On the same date that Christians filed an amended notice of appeal, Doc. 615, he also filed a motion for appointment of counsel, Doc. 618. Christians requests that this Court "appoint an attorney for the remainder of this action to include that of the Appeal." Doc. 618 at 1. Defendants object to Christians' motion for appointment of counsel and contend that he "understands the factual and legal issues that he has presented to the Court and is capable of continuing to represent himself without assistance." Doc. 628 at 4–5. In their objection, Defendants did not address Christians' allegations that the South Dakota Department of Corrections has retaliated against him by taking action to deprive him of access to attorneys and his legal materials.

      Because Christians has filed a notice of appeal and amended notice of appeal, this Court lacks jurisdiction to rule on Christians' motion for appointment of counsel on appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

appeal.").[1] Christians' motion for appointment of counsel, Doc. 618, is denied without prejudice to Christians filing the motion with the Eighth Circuit.

### III.  Plaintiff's Motion for Costs (Doc. 619)

Christians seeks costs for telephone calls, photocopying, postage, computerized legal research, and outsourced legal research.[2] Doc. 619. Christians submitted an "itemized bills of costs" in support of his motion. Doc. 619-1 (capitalization and emphasis in original omitted). In total, Christians seeks $44,650.00 for out-of-pocket charges he contends he incurred. *Id.*

"As provided in Rule 54(d), costs shall be awarded to the prevailing party unless the court directs otherwise." 10 *Wright & Miller's Federal Practice & Procedure* § 2667 (4th ed. 2025). Costs recoverable include (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000) (citation omitted). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs[.]" *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (citation omitted). This Court has substantial discretion in awarding costs. *Computrol*, 203 F.3d at 1072 (citation omitted). But only the categories of costs set forth in § 1920 may be taxed. *See Jet*

---

[1] This Court retains jurisdiction to adjudicate matters collateral or tangential to the appeal. *See, e.g.*, *Knudson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1031 (N.D. Iowa 2024). Thus, this Court has jurisdiction to consider Christians' motion for costs and motion for prejudgment interest.

[2] This is the second motion for costs Christians has filed. Christians does not explain why he did not include the costs he seeks in this motion in his initial motion for costs. *See* Doc. 602 (seeking compensation for the time Christians estimates he has spent prosecuting this case, USMS service fees, a district court filing fee, and appellate filing fees); *see also* Doc. 610 at 30–33 (granting in part and denying in part Christians' initial motion for costs).

*Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 416 (8th Cir. 2024) (collecting cases). Defendants object to Christians' motion for costs and contend that the costs he requests are not permissible under § 1920. Doc. 629.

### A. Computerized Legal Research, Postage, Telephone Charges, and Outsourced Legal Research

Defendants are correct that § 1920 does not authorize recovery of costs incurred for computerized legal research, postage, telephone charges, or outsourced legal research. *See, e.g.*, *Alexander Mfg. Employee Stock Ownership & Trust v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176–77 (D. Or. 2010) (recognizing that mail, telephone, and computerized legal research charges are outside the scope of § 1920). Moreover, Christians has failed to provide any documentation to establish that he, in fact, actually incurred the charges for which he seeks to recover in connection with this case.

### B. Photocopies

Although § 1920 allows recovery for photocopies, the photocopies must be "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. Christians seeks $3,500 in photocopying charges based on his estimate that 7,000 pages were copied at a charge of $0.50 per page. Doc. 619-1. But Christians does not provide any information regarding what documents were photocopied, when, why, or any other explanation to assist the Court in assessing whether the copies were necessarily obtained for use in the case. "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 779 (W.D. Ark. 2018) (internal quotation omitted). Because Christians provided no information regarding what the photocopied documents are or how they were used, the Court cannot determine whether the approximately 7,000 photocopied pages were necessarily obtained for use in this case. Thus, the Court declines

to award Christians $3,500 in photocopy costs. *See Bayes v. Biomet, Inc.*, No. 4:13-CV-008000, 2021 WL 3327633, at *7 (E.D. Mo. Aug. 2, 2021) (declining to award inadequately documented photocopy costs).

For these reasons, Christians' Motion for Costs, Doc. 619, is denied.

### IV.   Plaintiff's Motion for Prejudgment Interest (Doc. 621)

Christians moves for prejudgment interest in the amount of $7,971.00. Doc. 621. Christians contends that he is entitled to prejudgment interest under SDCL § 21-1-13.1. *Id.* Defendants did not respond to Christians' motion for prejudgment interest. In his complaint and amended complaint, Christians did not request prejudgment interest. *See* Doc. 26 at 45–47; Doc. 83 at 64–66.

"The question of whether interest is to be allowed, and also the rate of computation, is a question of federal law where the cause of action arises from a federal statute." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995) (internal quotation omitted). Generally, prejudgment interest is awarded if the amount is reasonably ascertainable in order to make the claimant whole because the claimant has been denied the use of the money. *Winter v. Cerro Gordo Cnty. Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991) (citation omitted). Here, Christians was awarded compensatory damages for physical pain and mental suffering, *see* Doc. 520 at 23, but the amount of those damages as well as the amount of the punitive damages he received were not reasonably ascertainable until the jury returned its verdict. Further, Christians did not recover any special damages and was not denied the use of any money. Thus, he is not entitled to prejudgment interest. *See Stafford v. State*, 835 F. Supp. 1136, 1148 (W.D. Mo. 1993) (holding that prejudgment interest could not be recovered on damages awarded for embarrassment and humiliation in an action under § 1983); *Barrella v. Vill. of Freeport*, 43 F.

Supp. 3d 136, 194 (E.D.N.Y. 2014) ("as a matter of federal law, the Plaintiff cannot recover prejudgment interest on the punitive damages award because punitive damages are penalties."). Christians' motion for prejudgment interest, Doc. 621, is denied.

## V. Conclusion

For the reasons set forth above, it is ORDERED:

1. That Christians' motion to reconsider, Doc. 616, is denied.

2. That Christians' motion for appointment of counsel, Doc. 618, is denied without prejudice to Christians filing the motion with the Eighth Circuit.

3. That Christians' motion for costs, Doc. 619, is denied.

4. That Christians' motion for prejudgment interest, Doc. 621, is denied.

DATED this 5th day of March, 2026.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge