UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS,<br><br>       Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity,<br><br>       Defendants. | 4:20-CV-04083-LLP<br><br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF JUDGMENT PENDING APPEAL |

Defendants Darrin Young and Brent Fluke move for a stay of the amended judgment pending appeal. Doc. 625. They also request that the Court waive a supersedeas bond or other security. Doc. 626 at 9–11.

## LEGAL AUTHORITIES AND ANALYSIS

Federal Rule of Civil Procedure 62 provides in relevant part:

(a) **Automatic Stay**. . . . [E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

(b) **Stay by Bond or Other Security**. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(a), (b).

Although Young and Fluke have filed a notice of appeal, Doc. 624, Christians can now enforce the amended judgment unless Young and Fluke obtain a stay by providing a bond or other security. Fed. R. Civ. P. 62. As Young and Fluke state in their supporting memorandum, they are entitled to a stay of the amended judgment as a matter of right upon posting a bond or security. Doc. 626 at 9; *see also Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). A bond or security protects the prevailing party "from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam); *see also Poplar Grove Planting & Refin. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). A court generally sets this discretionary bond, known as a supersedeas bond, "in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Comm'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (citation modified). One purpose of the supersedeas bond is to "protect[] the appellee against the risk that the appellant could satisfy the

judgment prior to the appeal but is unable to satisfy the judgment after the appeal[.]" *Regions Bank v. Lamb*, No. 4:16-CV-00078-SWW, 2017 WL 5736371, at *2 (E.D. Ark. Mar. 15, 2017).

In appropriate cases, a district court has discretion to waive the supersedeas bond. *Skrovig v. BNSF Ry. Co.*, No. 4:10-CV-04022, 2012 WL 2505749, at *2 (D.S.D. June 28, 2012) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760–61 (D.C. Cir. 1980)). Criteria the court may examine when considering whether to waive a supersedeas bond in the context of a civil money judgment include (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that requiring the defendant to post a bond would place other creditors in an insecure position. *Id.* at *3 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1989)).

In the Brief in Support of Motion for Stay of Judgment Pending Appeal, a Deputy Attorney General argues on behalf of Young and Fluke that there will be no difficulty satisfying the amended judgment, as well as post judgment interest in accordance with 28 U.S.C. § 1961, if the amended judgment is affirmed. *See* Doc. 626. According to the supporting brief, the PEPL Fund (public entity pool for liability) is a "readily existing payment source[.]" *Id.* at 10. Thus, collecting the judgment, if affirmed, will not be a complex process. Before the jury rendered its verdict, the same Deputy Attorney General had argued that the PEPL fund does not cover punitive damages and that a claim for punitive damages is therefore barred by sovereign immunity. *See* Doc. 488 at 8–9. The Court rejected this argument, and it appears that the South Dakota Attorney General's Office has abandoned this argument by representing the PEPL fund

as a "readily existing payment source." Additionally, the South Dakota Attorney General's Office has also represented to the Court that the "State of South is solvent, and the State's ability to pay is so plain that a bond would be a waste." Doc. 626 at 10. This Court agrees that no bond is necessary if the State of South Dakota and/or the PEPL fund will make available funds to satisfy the judgment against a former and current employee and accepts the statements in the supporting brief as a binding admission that they will do so. According to the representations in the supporting brief, there is no risk that either Fluke or Young will be unable to satisfy the amended judgment after the appeal process. Thus, because the Court has a strong degree of confidence that the State of South Dakota and/or the PEPL Fund has adequate funds available and is willing to make those funds available to pay the amended judgment if affirmed, the Court will stay[1] execution of the amended judgment pending resolution of the appeal and will waive the requirement of a supersedeas bond.

Accordingly, it is ORDERED that Defendants' Motion to Stay Judgment, Doc. 626, is granted and no supersedeas bond or other security will be required.

DATED this 9th day of March, 2026.

BY THE COURT:

_____
LAWRENCE L. PIERSOL
United States District Judge

---

[1] Young and Fluke argue that they are likely to succeed in arguing on appeal that they are entitled to qualified immunity. Doc. 626 at 4–6. The Court rejected the qualified immunity arguments when denying Defendants' Renewed Motion for Judgment as a Matter of Law. *See* Doc. 610 at 12–19. But the Court is well aware of the policy arguments underlying the doctrine of qualified immunity and finds a stay appropriate in this case notwithstanding the fact that the Court does not agree Young and Fluke are likely to successfully argue that they are entitled to qualified immunity. However, since they raise a colorable argument, a stay is appropriate to permit them to present that argument to the Eighth Circuit.