UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK CHRISTIANS, | 4:20-CV-04083-LLP |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER DENYING MOTION TO INTERVENE |
| DARIN YOUNG, in his individual capacity; TROY PONTO, Deputy Warden SDSP, individual capacity; JESSICA COOK, Associate Warden SDSP/Jameson, individual capacity; BRENT FLUKE, Former Warden MDSP, individual capacity; REBECCA SCHIEFFER, Associate Warden MDSP, individual capacity; ALEX REYES, Associate Warden MDSP, individual capacity; SETH HUGHES, Unit Manager Jameson, individual capacity; NANCY CHRISTENSEN, Unit Manager MDSP, individual capacity; DEB EILERS, Unit Coordinator MDSP, individual capacity; LAURIE STRATMAN, Unit Coordinator MDSP, individual capacity; JULIE STEVENS, Case Manager MDSP, individual capacity; ANGELA PECHOUS, Unit Coordinator, individual capacity; GREASMAN, a/k/a ADAM SIMS, Correctional Officer, individual capacity; BRYAN MARJAMA, Correctional Officer, individual capacity; KENDRICK WINTERS, Correctional Officer, individual capacity; ANGEL PADILLA, Correctional Officer, individual capacity; MATTHEW HULSCHER, Correctional Officer, individual capacity; JENNIFER DREISKE, Former Deputy Warden, individual capacity; JORDAN BECKER, Lieutenant, individual capacity; PRESTON PERRET, Lieutenant, individual capacity, | |
| Defendants. | |

Mark Anthony Christians commenced this *pro se* action under 42 U.S.C. § 1983 seeking to recover for the alleged denial of his constitutional rights. Doc. 1. Two of Christians' claims survived summary judgment: an Eighth Amendment inadequate nutrition claim from March 2017 to August 13, 2018, and an Eighth Amendment inadequate nutrition claim from March 2021 to May 2021. Doc. 382. This Court appointed counsel to represent Christians during trial and scheduled a jury trial on Christians' surviving claims beginning on July 15, 2025. Docs. 375, 376. A jury trial was held from July 15 to July 22, 2025. The Court entered a judgment consistent with the jury verdict. Doc. 535. After entry of judgment, Christians' court-appointed counsel and the defendants the jury found liable, Darrin Young and Brent Fluke, filed post-trial motions. Docs. 544, 551, 553.  By Order dated January 23, 2026, this Court ruled on the parties' post-trial motions, as well Christians' pending *pro se* motions. Doc. 610. The Court entered an Amended Judgment consistent with its Memorandum Opinion and Order on Post-Trial Motions. Doc. 611.

Christians and Defendants Young and Fluke have filed notices of appeals. Docs. 589, 615, 624. On March 10, 2026, the United States Court of Appeals for the Eighth Circuit issued a Cross-Appeal Briefing Schedule Order. Doc. 634. Approximately three weeks later, on March 30, 2026, the South Dakota Public Entity Pool for Liability moved to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) or 24(b)(1). Doc. 635. According to the supporting Memorandum, the South Dakota Public Entity Pool for Liability (PEPL) seeks to intervene "to preserve its rights regarding coverage as it relates to punitive damages and to timely inform the Court of its position that PEPL does cover punitive damages." Doc. 636 at 5.[1]

---

[1] The Court assumes that this sentence from the supporting Memorandum contains a typographical error as it is clear from reviewing the entirety of the supporting Memorandum that PEPL, a state-created liability pool providing defense and liability coverage for state employees,

This Court has entered a final judgment, Doc. 611, and there are no issues, including any coverage issues, pending before this Court. Neither PEPL's Motion to Intervene nor its supporting Memorandum addresses this Court's jurisdiction to consider the motion given that cross-appeals from this Court's final judgment are now pending in the Eighth Circuit. *See generally* Docs. 635, 636. Because Christians has filed a notice of appeal, Doc. 586; an amended notice of appeal, Doc. 615; and Young and Fluke have also filed a notice of appeal, Doc.624; this Court does not have jurisdiction to consider the pending motion to intervene. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("[W]e join the majority of our sister circuits and hold than an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion."); *Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012) (holding that once a notice of appeal is filed, a district court is without jurisdiction to address a motion to intervene); *Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) (holding that the district court did not err in denying motion to intervene after a notice of appeal divested the district court of jurisdiction); *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983) (collecting cases holding that filing of notice of appeal divests district court of jurisdiction to rule on motion to intervene); *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 443

---

contends that it has no obligation to provide liability coverage for punitive damages. *See generally* Doc. 636.

(D.D.C. 2015); *Apple Inc. v. Samsung Electrs. Co., Inc.*, 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014).  Accordingly, it is

ORDERED that the South Dakota Public Entity Pool for Liability's Motion to Intervene, Doc. 635, is denied for lack of jurisdiction.

DATED this 23rd day of April, 2026.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge